# EXHIBIT B

## Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025

**NOTE:** These instructions are based on laws currently in effect at the time of issuance. As is always the case, Congress may enact legislation that changes existing statutory provisions. Any future change in law would supersede these instructions.

In the event an agency and its employees are affected by a lapse in appropriations by Wednesday, October 1, 2025, the following special instructions apply. This information supplements (and should be read with) general guidance issued by the Office of Management and Budget (OMB) and the Office of Personnel Management (OPM) for administering an agency shutdown of operations due to a lapse in appropriations, consistent with the Antideficiency Act (ADA) (31 U.S.C. 1341-1342) and the pay, leave, and other relevant statutory authorities that apply to lapse-affected employees. It highlights certain matters of particular relevance to the current situation.

For the purpose of these instructions, lapse-affected employees include "furloughed employees" and "excepted employees." "Excepted employees" may perform activities legally permitted as an exception to the ADA's prohibitions on performing work during a lapse in appropriations, but may not be paid for that work until after the lapse is over. Specific guidance regarding lapse-affected employees under the Deferred Resignation Program, Reduction-in-Force, and other similar workforce realignment situations is provided at the end of this document.

Employees designated as "exempt" from furlough—which is distinct from "excepted employees"—are not affected by a lapse in appropriations because there is an other-than-annual source of funds (e.g., supplemental appropriation, carryover) that can be used for those functions in the absence of annually appropriated funds. "Exempt" employees will generally continue to be governed by the normal pay and leave rules during a lapse in appropriations and are not covered by these special instructions. (Note: "Exempt" employees may be placed on "administrative furlough" necessitated by downsizing, reduced funding, lack of work, or a budget situation other than a lapse in appropriations. See OPM's administrative furlough guidance for additional information.)

**General**

- Agencies should review OPM's Guidance for Shutdown Furloughs and any addendums to this guidance posted on OPM's shutdown furlough webpage, as well as guidance provided by OMB.

- In preparation for a shutdown due to a lapse in appropriations, each agency should update its database of employee contact information to facilitate communications with employees when in furlough status and ensure employee contact information is current.

**Payroll implications**

- In the event of a lapse commencing on Wednesday, October 1, the Federal civilian paychecks for the September 7 – September 20 pay period would not be delayed, as Federal payroll providers will have already completed processing for this pay period. Paychecks for this pay period should be issued at the normal time (generally, in the September 26 – October 2 time range).

- To minimize potential delays if a lapse lingers, agencies should coordinate with their Chief Human Capital Officer (CHCO) office and payroll provider to submit employee timekeeping data for the September 21 – October 4 pay period as part of orderly shutdown activities. Assuming the lapse is in effect during the time that timekeeping is being finalized, the paychecks may not include pay for any work performed during the period from Wednesday, October 1, through Saturday, October 4. Agencies should document work performed during the September 21 – September 30 period, as well as any other later excepted work performed during the lapse, following any special instructions from their time and attendance and payroll provider.

- Lapse-affected employees may not receive any pay for periods of time during a lapse in appropriations (beginning on October 1, 2025), including when excepted work is performed. The appropriate retroactive pay for periods of furlough and excepted work will be provided after the lapse ends, as required by law.

- If the lapse in appropriations continues during the October 5 – October 18 pay period, any excepted work performed during the lapse should continue to be documented following any special instructions from the agency's time and attendance and payroll provider. No pay may be provided for excepted work performed during the October 5 – October 18 pay period until the lapse in appropriations has ended. Under 31 U.S.C. 1341(c), after the lapse in appropriations has ended, both excepted and furloughed employees will receive retroactive pay at the employee's standard rate of pay.

**Leave**

- During the lapse, agencies must cancel all previously scheduled paid leave and other paid time off (including paid holiday time off) for lapse-affected employees.

- Intermittent absences are permitted for excepted employees, subject to supervisory approval. An agency may allow an excepted employee to be absent from duty on days the employee was previously scheduled to take leave or be in holiday time off status. An agency may also use work schedule flexibilities (for example, flexible starting and stopping times under a flexible work schedule) to accommodate an employee's personal needs without requiring an absence from duty or furloughing the employee.

- If an excepted employee is excused from duty during the lapse, the employee must either be placed in (1) furlough status or (2) paid leave status under 31 U.S.C. 1341(c)(3) (with leave payments deferred until after the lapse has ended), if requested by the employee. Generally, we anticipate that excepted employees will use the available work schedule flexibilities described above or be furloughed when excused from duty. Because excepted employees are entitled to retroactive pay for furlough periods without charge to leave, we do not anticipate that excepted employees will request to use paid leave. (See more information in the "Excepted employees" section below.)

**Holidays**

- Lapse-affected employees—whether excepted or furloughed—will not be paid for a holiday until after the lapse in appropriations has ended.

- Holiday premium pay rules apply to excepted work performed on a holiday during a lapse in appropriations. Thus, if the lapse is in effect on a holiday, an excepted employee who is required to perform work on the holiday during the employee's regular hours may earn holiday premium pay; however, payment cannot be made until after the lapse has ended (31 U.S.C. 1341(c)(2)). Excepted employees who are not otherwise scheduled to work on a holiday are not required to work. If an excepted employee does not perform work on a holiday, the employee must be placed in a furlough status for the holiday. See the section on "Excepted employees" below for additional information.

3

**Orderly shutdown**

- Agencies should provide clear instructions to employees who will be furloughed due to a lapse in appropriations regarding when they are expected to report to work to perform any necessary orderly shutdown activities.

- With respect to the issuance of furlough notices, agencies should follow OPM's Guidance for Shutdown Furloughs and any addendums to this guidance posted on OPM's [shutdown furlough webpage](#), including the sample furlough notices for excepted employees who are furloughed on a holiday or for other intermittent absences.

- As a general rule, agencies may allow an employee whose work is not otherwise excepted to perform up to 4 hours of orderly shutdown activities, as necessary, which may include the time required to receive a furlough notice (in person, electronically, or otherwise, as determined by an agency). Unless the agency directs otherwise, employees are expected to perform any necessary orderly shutdown activities (including receipt of a furlough notice) on the first workday the employee was scheduled to work after the lapse commences. Employees generally should not be allowed to perform orderly shutdown work on a day off (for example on a weekend day for employees with a Monday-Friday schedule, an alternative work schedule (AWS) day off, or a holiday). OMB's general guidance addresses orderly shutdown activities. OMB expects agencies to minimize orderly shutdown activities.

- An agency generally should not direct an employee to perform orderly shutdown work on a day on which the employee had been scheduled to be on leave. If an employee was scheduled to be on leave on the workdays immediately after the lapse commences, the employee is not required to report to duty to perform orderly shutdown activities on a scheduled leave day, even though the leave has been canceled. An agency may allow such an employee to perform any necessary orderly shutdown activities (including receipt of a furlough notice) on the first workday on which the employee had been scheduled to return to duty. Employees may not, however, perform any non-excepted agency work prior to conducting an orderly shutdown. For example, if an employee with a Monday-Friday schedule was scheduled to take leave on Wednesday, October 1, and return to work on Thursday, October 2, an agency could require the employee to report to duty to perform any necessary orderly shutdown activities on October 2. (Note: The employee may have performed certain shutdown activities prior to going on leave,

which would limit the need to perform orderly shutdown activities after the commencement of the lapse. Additionally, agencies should make every effort to ensure that employees who will not be conducting orderly shutdown activities for several days following the commencement of the lapse are aware of their furlough status during that period.)

- If the employee described in the previous paragraph has a flexible work schedule and a scheduled AWS day off on Wednesday, October 1, the employee could be allowed to perform orderly shutdown activities on their next workday, Thursday, October 2, or to move the AWS day off, so that the employee performs any required orderly shutdown activities on Wednesday, October 1.

- An agency should avoid directing an employee to perform orderly shutdown activities outside of their "regular" work schedule. If an agency directs an employee to perform orderly shutdown activities on a non-workday, a holiday, or the employee's AWS day off, any hours performing orderly shutdown activities would count as hours in applying applicable premium pay rules (for example for holiday premium pay or overtime pay). (Since retroactive pay will be provided for furlough hours, furlough hours will count as hours of work in applying overtime rules.)

**Excepted employees**

- A lapse-affected employee is allowed to perform work only to perform orderly shutdown of agency operations related to non-excepted activities or other work that has been identified as excepted under guidance issued by OMB. Agencies must apply OMB guidance to determine what work activities and employees are "excepted" during the lapse.

- If an agency authorizes an excepted employee's absence from duty, the agency should place the employee in furlough status. For example, if an excepted employee is excused from duty on a holiday, the agency should place the employee in furlough status on that day. After the shutdown has ended, excepted employees are entitled to retroactive pay at the employee's standard rate of pay for furlough periods—without charge to leave, as provided in 31 U.S.C. 1341(c)(2).

- Pursuant to 31 U.S.C. 1341(c)(3), an excepted employee has the option of requesting leave under 5 U.S.C. chapter 63 (or other applicable law) to cover an authorized absence during a lapse in appropriations, but even then, the payment for that leave will not be made until after the lapse has ended.

- However, excepted employees are still entitled to retroactive pay for furlough periods without charge to leave, so we do not anticipate that excepted employees will request to use their leave during a lapse. If an excepted employee receives paid leave to cover a period of absence during a lapse, the employee may not also receive retroactive pay under 31 U.S.C. 1341(c)(2) for that period. (Note: An excepted employee cannot request to use paid leave for an authorized absence on a holiday. An excepted employee must be placed in a furlough status when absent on a holiday.)

- If an excepted employee is directed to perform excepted work during a lapse in appropriations but fails to report for duty, the agency may place the employee in absent-without-leave (AWOL) status for missed work hours, in accordance with agency policy and procedures—instead of placing the employee in furlough status. No retroactive pay will be provided for AWOL hours, since the standard rate of pay for AWOL hours is zero.

- The sample furlough notices for excepted employees in OPM's shutdown furlough guidance may be modified so that a single notice can be provided to cover any holidays or other approved absences on a regular workday during the lapse in appropriations. Unless the employee's agency specifically directs otherwise, excepted employees should generally report for duty on the next day on which they are scheduled to work.

- Agencies should take into consideration an excepted employee's previously scheduled leave or scheduled holiday time off that takes place during the lapse in appropriations and allow the employee to be furloughed (or approve paid time off under 31 U.S.C. 1341(c)(3), if requested by the employee) during the period the employee had been scheduled to be excused from duty—unless the agency determines there is a need for the employee to report to work to perform excepted activities.

- If an agency directs an excepted employee to work on a holiday or the employee's AWS day off, any hours performing work would count as hours in applying applicable premium pay rules (for example, for overtime pay or holiday premium pay). Excepted employees will be paid for any earned overtime pay or other premium pay when Congress restores appropriations.

**Deferred Resignation Program (DRP), Reduction-in-Force (RIF), and similar workforce realignment situations**

**NOTE:** Some employees under DRP, RIF, or other similar workforce realignment situations may be designated as "exempt" from furlough because their functions

are not funded by annual appropriated funds. Such employees will generally continue to be governed by the normal pay and leave rules during a lapse in appropriations and are not covered by the following shutdown furlough guidance.

- If lapse-affected employees were scheduled to be in an administrative leave status for DRP, RIF, or similar workforce realignment purposes on or after October 1, 2025, the employing agency must cancel that administrative leave and place those employees in a furlough status during the lapse of appropriations.  Such employees do not need to perform any orderly shutdown activities as they should have already transitioned their work to other agency staff and should not have access to Federal Government equipment or systems.  To the extent any agency employees have not already transitioned their work to other agency staff, they should follow their agency's determination as to their excepted or furloughed status during the lapse. Agencies should coordinate with their CHCO office to provide furlough notices to such employees using their personal contact information on record.

- Lapse-affected employees whose administrative leave for DRP, RIF, and similar workforce realignment purposes is canceled and who are furloughed may not receive any pay during the lapse (beginning on October 1, 2025). The timekeeping and paycheck processing guidance in the "Payroll implications" section above applies to such employees. The appropriate retroactive pay for periods of furlough will be provided after the lapse ends, as required by 31 U.S.C. 1341(c). Agencies should coordinate with their CHCO office and their payroll provider for any special time-keeping instructions for such employees during and after the lapse in appropriations.

- After the shutdown has ended, furloughed employees who would otherwise be on DRP, RIF, or similar workforce realignment administrative leave will receive retroactive pay at the employee's standard rate of pay under 31 U.S.C. 1341(c).  The standard rate of pay for such employees is the pay the employee would have received had he or she remained on administrative leave and not been furloughed.  Should such an employee leave Federal employment due to voluntary resignation, involuntary separation, or retirement during the lapse of appropriations, the employee will receive retroactive pay only through the effective date of separation from Federal service.  Service credit and retirement and insurance benefit provisions that apply to other lapse-affected employees (as discussed in OPM's Guidance for Shutdown Furloughs and any addendums to this guidance posted on OPM's [shutdown furlough webpage](#))

generally apply in the same manner to such lapse-affected employees.

- Employees under a DRP agreement with a voluntary resignation or retirement date of September 30, 2025, are not affected by a lapse in appropriations commencing on October 1. Such employees will no longer be employed in the Federal Government after September 30, should not be continued on administrative leave, furloughed, or placed in an excepted status upon a lapse in appropriations, and will not be entitled to any retroactive pay under 31 U.S.C. 1341(c) after the lapse ends. OMB has advised that agency human resources and payroll provider staff affected by a lapse in appropriations may be placed in an excepted status to perform work necessary to off-board DRP employees resigning or retiring on September 30 as orderly shutdown activities, including to submit retirement applications to OPM.

- Lump-sum annual leave and severance payments for eligible employees who separate from Federal service under a DRP, RIF, or other workforce realignment initiative may be delayed or paused during a lapse. Affected employees will receive any delayed or paused payments (including any retroactive severance payments that should have been paid during the lapse) once appropriated funds are restored. For additional information, see OPM's Guidance for Shutdown Furloughs and any addendums to this guidance posted on OPM's shutdown furlough webpage.

**Probationary Employees**

Some employees affected by a lapse in appropriations may be near the end of their probationary period (for competitive service employees) or trial period (for excepted service employees). Such employees are subject to the requirements of Executive Order 14284, Civil Service Rule 11, and OPM guidance of August 7, 2025, as summarized below:

- Agencies are required to certify that finalizing a probationary employee's appointment advances the public interest. To prevent automatic termination, such certification must be made during the 30-day period prior to the date on which the probationary or trial period ends.

- If an agency fails to make a certification under Civil Service Rule 11 due to administrative error, the agency head may petition the Director of OPM within 30 days from the date of termination to reinstate the employee. If the petition is approved, the employee will be reinstated retroactively and receive retroactive pay. The deadlines for issuing a certification, effecting a termination, or submitting a petition as described above are not affected by a lapse in appropriations. To the extent possible, agencies should issue

8

- certifications, process terminations, and submit petitions no later than September 30, 2025.  OMB has determined that, during a lapse in appropriations, agencies may direct employees to process certifications, terminations, and petitions within the applicable timeframes as excepted activities. If necessary, employees who would otherwise be furloughed may be put in excepted duty status to process certifications, terminations, or petitions to ensure the applicable deadline is met. For example, if October 31, 2025, is the end of a probationary/trial period, the 30-day period before that date would be October 1-30. Thus, an agency may decide to process the certification on October 1 (the first day of the lapse) because of the uncertainty regarding the length of the lapse. If the 30-day window to issue a certification starts during the lapse in appropriations, an agency may place employees in excepted duty status as necessary to ensure timely processing of the certification.
- If an agency fails to issue a timely certification due to administrative error, and the 30-day window to submit a petition to OPM overlaps with a lapse in appropriations (e.g., the window begins on October 4, 2025), an agency may place employees in excepted duty status as necessary to ensure timely processing of the petition. A timely certification ensures that the employee remains in employment status and will be paid for periods of furlough or excepted work after the lapse ends in accordance with 31 U.S.C. 1341(c). Petitions should be submitted to probationaryappeal@opm.gov. If OPM approves an agency petition to reinstate an employee who was terminated at the end of a probationary/trial period for lack of a timely certification, the employee would be retroactively placed in employment status. To the extent periods of a lapse are implicated by that retroactive action, the employee would be placed retroactively in furlough status and would be paid for the furlough time in accordance with 31 U.S.C. 1341(c).

**Simultaneous Reduction in Force in Process**

Some employees affected by a lapse in appropriations may have also received a notice of reduction in force (RIF) with a future effective date. In connection with a possible October 1, 2025, lapse in appropriations, OMB has directed agencies to consider issuing RIF notices to all employees in programs, projects, or activities (PPAs) that satisfy the following conditions (1) discretionary funding lapses on October 1, 2025; (2) another source of funding, such as H.R. 1 (Public Law 119-21) is not currently available; and (3) the PPA is not consistent with the President's priorities.

A RIF process is conducted separately from the process for administering a shutdown due to a lapse in appropriations, as separate notices must be issued and each process is subject to applicable rules and procedures. This is so even where the RIF process may occur simultaneously with a lapse in appropriations.

Agencies are encouraged to prepare a decisional memorandum that documents and supports RIF-related decision-making. OPM recommends consultation with your agency's legal staff regarding such decisional memoranda.

If a RIF notice is issued for employees in a competitive area, the notice is issued to all impacted employees in the competitive area. This may include both employees who are excepted from the furlough and furloughed employees. Once fiscal year 2026 appropriations are enacted, agencies may consider revising their RIFs as needed to retain the minimal number of employees necessary to carry out statutory functions. Any proposed RIF plan must be submitted to OMB.

Any RIF notice issued shortly before or after the lapse in appropriations that commences on October 1, 2025, will generally provide for a full 60-day notice period during which employees will retain employment status. Thus, if the lapse in appropriations ends during the RIF notice period, the employee will be entitled to any retroactive pay payable to furloughed and excepted employees under 31 U.S.C. 1341(c).

OMB has determined that agencies are authorized to direct employees to perform work necessary to administer the RIF process during the lapse in appropriations as excepted activities.

An agency that is conducting a RIF that will separate 50 or more employees from a competitive area has additional notice requirements to the bargaining unit representative, the State program authorized by the Workforce Investment Act (dislocated worker program), the chief elected government official of the local government(s), and OPM.