1
2
3
4
5
6
7
8

9     UNITED STATES DISTRICT COURT
10    FOR THE NORTHERN DISTRICT OF CALIFORNIA
11    SAN FRANCISCO DIVISION

| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.; <br><br> Defendants. | Case No. 3:25-cv-08302 <br><br> **[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
|---|---|

[PROPOSED] ORDER GRANTING TRO AND ORDER TO SHOW CAUSE, No. 3:25-cv-08302

1     Plaintiffs' application for a temporary restraining order ("TRO") and order to show cause why
2  a preliminary injunction should not issue came before this Court for consideration and upon
3  consideration, and for good cause shown, IT IS HEREBY ORDERED that the TRO application is
4  GRANTED.

5     The Court finds that Plaintiffs have demonstrated a likelihood of success on the merits of their
6  claims, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities
7  tips in their favor, and that a temporary restraining order is in the public interest.  In support of this
8  Order, the Court makes the following findings:

- Plaintiffs are likely to prevail on their claims that OMB and OPM have exceeded statutory authority, acted contrary to law, and acted in an arbitrary and capricious manner in issuing the OMB Lapse Memorandum and associated OPM Guidance and Instructions directing federal agencies to engage in RIFs during a federal government shutdown;
- OMB, OPM, and Federal Agency Defendants have or will imminently exceed statutory authority, act contrary to law, and act in an arbitrary and capricious manner by requiring staff to prepare RIFs and administering RIFs during shutdown of the federal government;
- The actions of Defendants are *ultra vires* and violate the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A), (C);
- Plaintiffs will suffer irreparable injury unless the relief requested is granted; and
- The balance of equities and public interest favor injunctive relief.

   Accordingly, pursuant to this Court's authority including but not limited to authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights" (5 U.S.C. §705), IT IS HEREBY ORDERED that, pending an order by this Court as to whether a further injunctive relief should issue, OMB, OPM, and Federal Defendant Agencies identified above; their officers, agents, servants, employees, and attorneys; and all persons acting by,

[PROPOSED] ORDER GRANTING TRO AND ORDER TO SHOW CAUSE, No. 3:25-cv-08302

through, under, or in concert with these Defendants are hereby enjoined and/or stayed from taking any action to issue or administer any Reduction in Force ("RIF") notices to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff during or because of the federal government shutdown, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), or the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025) that purport to authorize administration of RIFs during a shutdown.

      IT IS FURTHER ORDERED that, within two (2) business days, Defendants shall serve and file an accounting of all RIFs enjoined by this TRO, including but not limited to a description of the agency planning to impose the enjoined RIF, the number of employees intended to be included in the enjoined RIF, and description of the PPAs that Defendants included in the enjoined RIF.

      IT IS FURTHER ORDERED that, within two (2) business days, Defendants shall file a declaration(s) verifying that they have complied with this Order and the steps they have taken to do so.

      IT IS FURTHER ORDERED that Defendants shall show cause why the temporary restraining order should not be continued for a period of fourteen days no later than _____, 2025, and a hearing on that issue will be held on _____, 2025 at _____.

      IT IS SO ORDERED.

Dated: _____, 2025        _____
                                                          The Honorable Vince Chhabria
                                                           United States District Court Judge

[PROPOSED] ORDER GRANTING TRO AND ORDER TO SHOW CAUSE, No. 3:25-cv-08302