STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

EMILY M. HALL
TIBERIUS DAVIS
ELIZABETH HEDGES (DC No. 1657707)
Counsel to the Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT
Senior Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 616-0929
E-mail: elizabeth.t.hedges@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF STEPHEN BILLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** <br><br> Hearing Date: October 16, 2025 <br> Time: 10:30 a.m. <br> Judge: Hon. Susan Illston <br> Place: San Francisco Courthouse <br> Courtroom 01 |

Declaration of Stephen Billy in Support of Defendants' Opposition to
Plaintiffs' Motion for a Temporary Restraining Order
3:25-cv-08302-SI

I, Stephen Billy, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a Senior Advisor at the Office of Management and Budget ("OMB"), Executive Office of the President, headquartered in Washington, D.C. I have served in this position since January 24, 2025. This declaration is based on my personal knowledge and information provided to me in my official capacity by others.

2. At the end of the day on September 30, 2025, the funding for many Executive Branch agencies expired, leaving those agencies without appropriated funding. As a result, those agencies began an orderly shutdown of certain activities, consistent with the Anti-Deficiency Act.

3. In advance of this lapse in appropriations, OMB sent an email to senior agency officials on September 24, 2025, providing that, "consistent with applicable law, including the requirements of 5 C.F.R. part 351, agencies are directed to use this opportunity to consider Reduction in Force (RIF) notices for all employees in programs, projects, or activities (PPAs) that satisfy all three of the following conditions: (1) discretionary funding lapses on October 1, 2025; (2) another source of funding, such as H.R. 1 (Public Law 119-21) is not currently available; and (3) the PPA is not consistent with the President's priorities." ECF No. 15-1 at 1 ("OMB Lapse Email").

4. On September 28, 2025, the U.S. Office of Personnel Management ("OPM") issued instructions to agencies regarding the impending lapse in appropriations which explained among other things that "OMB has determined that agencies are authorized to direct employees to perform work necessary to administer the RIF process during the lapse in appropriations as excepted activities." ECF No. 15-2 ("OPM Special Instructions").

5. Both the OMB Lapse Email and the OPM Special Instructions provided that "[a]ny proposed RIF plan must be submitted to OMB." OMB Lapse Email at 1; OPM Special Instructions at 10. Agencies submitted varied responses to OMB, including before the lapse in appropriations, describing plans based on their considerations, and identifying whether they found the criteria in the OMB Lapse Email were met as to any offices or employees within their agencies.

Declaration of Stephen Billy in Support of Defendants' Opposition to
Plaintiffs' Motion for a Temporary Restraining Order
3:25-cv-08302-SI

1

6. I have been informed that, on October 7, 2025, the Court in the above-captioned matter ordered Defendants to address a number of issues in its Order setting a briefing schedule on Plaintiffs' motion for a temporary restraining order, including:

- the status of any currently planned or in-progress RIF notices to be issued during/because of the government shutdown, including the earliest date that those RIF notices will go out;

- which of the defendant agencies anticipate issuing RIF notices during/because of the government shutdown and the estimated number of employees at the defendant agency who will receive such RIF notices; and

- whether any employees at the defendant agencies have been ordered back to work during the government shutdown in order to effectuate the issuance of RIF notices.

7. Based on information provided by agencies to OMB to date in response to the OMB Lapse Email, and to me in my official capacity in response to the Court's Order, it is my understanding that several Defendant agencies began issuing RIF notices related to the lapse in appropriations today, October 10, 2025. The names of those agencies, along with estimated numbers of employees at the agencies who may receive such notices and dates for those notices, are contained in the following table. The situation involving the lapse in appropriations is fluid and rapidly evolving. As such, these numbers reflect the most current information made available to me at this time and are subject to change. I understand in consultation with their agency general counsels, employees at each of those agencies are treating work on RIF notices and implementation as excepted work and/or completing RIF-related work during periodic lapses between otherwise excepted activity.

| AGENCY | ESTIMATED EMPLOYEES | RIF NOTICE DATE | EMPLOYEES RECALLED TO PERFORM RIF WORK? |
|---|---|---|---|
| Commerce[1] | 315 | 10/10/2025 | YES |

---

[1] The United States Patent and Trademark Office, which is a component agency of the Department of Commerce, separately issued RIF notices to 126 employees on October 1, 2025.

Declaration of Stephen Billy in Support of Defendants' Opposition to
Plaintiffs' Motion for a Temporary Restraining Order
3:25-cv-08302-SI

2

| | | | |
|---|---|---|---|
| Education | 466 | 10/10/2025 | NO[2] |
| Energy | 187 | 10/10/2025 | NO[3] |
| EPA | 20-30 | 10/10/2025 | NO[4] |
| HHS | 1100-1200 | 10/10/2025 | YES |
| HUD | 442 | 10/10/2025 | YES |
| DHS | 176 | 10/10/2025 | NO[5] |
| Treasury | 1446 | 10/10/2025 | YES |

8. There are preexisting RIFs which are currently in progress at federal agencies; those RIFs were undertaken prior to the October 1 lapse in appropriations; are in addition to those described above, which are related to the OMB Lapse Email; and are not addressed in this declaration. I understand that as to these agencies, OPM has informed agencies that continuing to plan for RIFs, or implementing previously-announced RIFs, may, as agencies deem, be treated as excepted activity.

9. According to information provided by agencies to OMB to date in response to the OMB Lapse Email, and provided to me in my official capacity in response to the Court's Order, other Defendant agencies (in addition to some of those agencies identified in Paragraphs 7 and 8)

---

[2] I understand that Department of Education employees who were performing other excepted work during the lapse in appropriations are also working on RIF activities. The Department of Education has not called anyone back to work at this time but may do so to assist with implementation of the RIF in the future.

[3] I have been informed that the Department of Energy is not currently experiencing a lapse in appropriations, and accordingly has not excepted employees to work on the issuance of RIF notices.

[4] EPA issued a general "intent to RIF" notice to approximately 20-30 employees today (October 10, 2025) notifying them that they may be affected by a RIF in the future. EPA has not made a final decision as to whether or when to issue RIF notices to some or all of those employees at some point going forward and is currently deliberating regarding those potential plans. The Environmental Protection Agency has not excepted employees to work on RIF-related activities.

[5] I understand that DHS employees who were performing other excepted work during the lapse in appropriations are also working on RIF activities. DHS has not called anyone back to work at this time but may do so to assist with implementation of the RIF in the future.

Declaration of Stephen Billy in Support of Defendants' Opposition to
Plaintiffs' Motion for a Temporary Restraining Order
3:25-cv-08302-SI

3

may actively be considering whether to conduct additional RIFs, including RIFs related to the ongoing lapse in appropriations. Other Defendant agencies are making predecisional assessments regarding offices and subdivisions that may be considered for potential RIFs based on the criteria outlined in the OMB Lapse Email. But those assessments remain under deliberation and are not final. And I am not aware of any Defendant agencies other than those identified in Paragraph 7 that have made a final decision to issue RIF notices during or because of the ongoing lapse in appropriations. Consequently, to date, while some agency employees are conducting these predecisional assessments and RIF planning (including the activity described in Paragraph 9) as excepted activities, I am not aware of employees of the remaining Defendant agencies having issued RIF notices as an excepted activity during or because of the ongoing lapse in appropriations.

10. Further, given that to my knowledge no agency head at a Defendant agency other than those identified in Paragraph 7 has made a final decision to issue RIF notices during or because of the ongoing lapse in appropriations, and agencies are instead actively deliberating about and continually revising potential RIF plans in which they have identified offices or subdivisions that meet the criteria in the OMB Lapse Email, I am unaware of any agency other than those identified in Paragraph 7 having a concrete estimate of how many employees will receive RIF notices. As part of this preliminary work, some agencies have offered preliminary estimates of how many employees might receive RIF notices, but those estimates are subject to change as agencies that are considering potential RIFs actively consider the scope of such potential RIFs. Likewise, to my knowledge no agency other than those identified in Paragraph 7 has reached a final decision regarding the earliest date that it might issue RIF notices, if any.

11. The situation involving the lapse in appropriations is fluid and rapidly evolving. The statements herein reflect the most current information made available to me at this time.

Declaration of Stephen Billy in Support of Defendants' Opposition to
Plaintiffs' Motion for a Temporary Restraining Order
3:25-cv-08302-SI

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 10, 2025

          \_\_\_\_s/\_\_\_\_Stephen Billy_____
                 Stephen Billy

Declaration of Stephen Billy in Support of Defendants' Opposition to
Plaintiffs' Motion for a Temporary Restraining Order
3:25-cv-08302-SI

5