UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.;<br><br>　　　Defendants. | Case No. 3:25-cv-08302<br><br>**[REVISED PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

      Plaintiffs' Motion for a Temporary Restraining Order ("TRO") and Order to Show Cause why a preliminary injunction should not issue (ECF 17) and Supplemental Motion for Immediate Temporary Restraining Order (ECF 38) came before this Court and upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the TRO is GRANTED.

      The Court finds that Plaintiffs have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities tips in their favor, and that a temporary restraining order is in the public interest. In support of this Order, the Court makes the following findings:

- Plaintiffs are likely to prevail on their claims that Defendants have exceeded statutory authority, acted contrary to law, and acted in an arbitrary and capricious manner in issuing the OMB Lapse Memorandum and associated OPM Guidance and Instructions and otherwise directing federal agencies to engage in RIFs during a federal government shutdown;
- OMB, OPM, and Federal Agency Defendants have exceeded and will imminently continue to exceed statutory authority, act contrary to law, and act in an arbitrary and capricious manner by requiring staff to prepare RIFs and administering RIFs during the shutdown of the federal government;
- The actions of Defendants are *ultra vires* and violate the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A), (C);
- Plaintiffs will suffer irreparable injury unless the relief requested is granted; and
- The balance of equities and public interest favor injunctive relief.

      Accordingly, pursuant to this Court's authority including but not limited to authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights" (5 U.S.C. §705), IT IS HEREBY ORDERED that, pending an order by this Court as to whether a further injunctive relief should issue, OMB, OPM, and Federal Defendant Agencies identified above; their officers, agents, servants, employees, and attorneys; and all persons acting by,

[REVISED PROPOSED] ORDER GRANTING TRO AND ORDER TO SHOW CAUSE, No. 3:25-cv-08302

through, under, or in concert with these Defendants are hereby enjoined and/or stayed, until further order of the Court from:

   1)  taking any action to issue any Reduction in Force ("RIF") notices to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff during or because of the federal government shutdown, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

   2)  taking any further action to administer or implement any RIF notices already issued beginning on October 10, 2025 to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by requiring federal employees to perform work to further administer or implement RIF notices and by enforcing or counting any days towards any period of notice with respect to those notices (i.e., the effective date of the RIF shall be stayed and Defendants shall therefore toll the running of all RIF notice periods).

   IT IS FURTHER ORDERED that, within two (2) business days, Defendants shall serve and file an accounting of all RIFs, actual or imminent, that are enjoined by this TRO, including but not limited to a description of the agency that imposed or is planning to impose the enjoined RIF, the number of employees included in the enjoined RIF, and description of the PPAs that Defendants included in the enjoined RIF.

   IT IS FURTHER ORDERED that, within two (2) business days, each Defendant shall file a declaration(s) verifying that they have complied with this Order and the steps they have taken to do so.

[REVISED PROPOSED] ORDER GRANTING TRO AND ORDER TO SHOW CAUSE, No. 3:25-cv-08302

1   IT IS FURTHER ORDERED that the Court GRANTS the order to show cause why a
2   preliminary injunction shall not issue.  Plaintiffs may file a further support for any Motion for
3   Preliminary Injunction by no later than _____, 2025; Defendants may file any response
4   by no later than _____, 2025; Plaintiffs may file any reply by no later than _____,
5   2025.  A hearing will be held on Plaintiffs' Motion for Preliminary Injunction on
6   _____, 2025 at _____.

7   IT IS SO ORDERED.

Dated: _____, 2025        _____
                                        The Honorable Susan Illston
                                        United States District Court Judge

[REVISED PROPOSED] ORDER GRANTING TRO AND ORDER TO SHOW CAUSE, No. 3:25-cv-08302

3