STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
EMILY M. HALL
TIBERIUS DAVIS
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT (VA Bar No. 89400)
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF CRYSTAL TAYLOR** <br><br> Hearing Date: October 28, 2025 <br> Time: 10:30 a.m. <br> Judge: Hon. Susan Illston <br> Place: San Francisco Courthouse <br> Courtroom 01 |

Pursuant to 28 U.S.C. § 1746, I, Crystal Taylor, declare as follows:

1. I am the Acting Chief Human Capital Officer and Director, Office of Human Resources Management at the Department of Commerce (Commerce), headquartered in Washington, D.C. I have served in this position since September 25, 2025.

2. In my role at Commerce, I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. I understand that Plaintiffs in this lawsuit include two national unions, AFGE and AFSCME, and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 15, 2025, temporary restraining order (TRO) issued by the Court in this action.

5. I make this declaration in response to the Court's Order of October 15, 2025, which granted Plaintiffs temporary injunctive relief and restrained Defendants from taking certain actions related to RIFs.

6. The Court's TRO provides that Defendants are restrained from:

    1) taking any action to issue any Reduction in Force ("RIF") notices to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff during or because of the federal government shutdown, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

    2) taking any further action to administer or implement any RIF notices already issued beginning on October 10, 2025 to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by requiring federal employees to perform work to further administer or implement RIF notices and by enforcing or counting any days towards any period of notice with respect to those notices (i.e., the effective date of the RIF shall be stayed and Defendants shall therefore toll the running of all RIF notice periods).

7. The Court's Order also requires Defendants to report certain information by 11:00 A.M. PDT on October 17, 2025.

    a. Defendants shall serve and file an accounting of all RIFs, actual or imminent, that are enjoined by this TRO, including but not limited to a description of the agency that imposed or is planning to impose the enjoined RIF, the number of employees included in the enjoined RIF, and description of the PPAs that Defendants included in the enjoined RIF.

    b. Each Defendant shall file a declaration(s) verifying that they have complied with this Order and the steps they have taken to do so.

8. Between October 1 and October 14, 2025, Commerce issued specific 60-day RIF notices to 282 people informing them that their positions would be abolished and they would be separated at the conclusion of the 60-day period. Between October 1 and 15, 2025, Commerce issued general RIF notices to 159 people informing them that Commerce was conducting a RIF, there was a possibility of separation as a result of the RIF, and that they would be provided specific notice in the future if it was determined that they would be separated as part of a RIF. I have noted below the specific number of RIF notices the agency sent out, and the relevant projects, programs, and activities (PPAs) involved, for offices in which Plaintiffs represent agency employees.

9. The U.S. Census Bureau, which has employees represented by AFGE, issued 108 RIF notices. The actual number of impacted employees is 102, as the U.S. Census

Bureau erroneously sent out notices to six individuals who had recently separated from the agency. The PPAs involved are Census Bureau PPAs: (a) Current Surveys and Programs and (b) Periodic Censuses and Programs.

10. Commerce has taken the following actions to comply with the TRO.

    a. On October 15, 2025, we informed leadership at the Census Bureau of the TRO, and we sent notice of the TRO to Commerce human resources offices on October 17, 2025.

    b. We posted information about the issuance of the TRO on our main agency website, commerce.gov, on October 17, 2025. That information included notice that the TRO stayed the effective date of the RIF.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 17, 2025

/s/ CRYSTAL TAYLOR

Digitally signed by CRYSTAL TAYLOR
Date: 2025.10.17 13:30:19 -04'00'