STANLEY WOODWARD
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

EMILY M. HALL
TIBERIUS DAVIS
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT (VA Bar No. 89400)
Senior Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 616-0929
E-mail: elizabeth.t.hedges@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF THOMAS J. NAGY JR.** <br><br> Hearing Date: October 28, 2025 <br> Time: 10:30 a.m. <br> Judge: Hon. Susan Illston <br> Place: San Francisco Courthouse <br> Courtroom 01 |

Declaration of Thomas J. Nagy Jr.
3:25-cv-08302-SI

I, Thomas J. Nagy Jr., declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the Deputy Assistant Secretary for Human Resources/Chief Human Capital Officer at the U.S. Department of Health and Human Services (HHS), headquartered in Washington, DC. I have served in this position since 3/27/2025.

2. In my role at HHS, I am responsible for personnel management. I have the responsibility for overseeing the tracking and recording of personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include two national unions, AFGE and AFSCME, and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 15, 2025, temporary restraining order (TRO) issued by the Court in this action.

5. I make this declaration in response to the Court's Order of October 15, 2025, which granted Plaintiffs temporary injunctive relief and restrained Defendants from taking certain actions related to RIFs.

6. The Court's TRO provides that Defendants are restrained from:

   a. taking any action to issue any Reduction in Force ("RIF") notices to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff during or because of the federal government shutdown, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

   b. taking any further action to administer or implement any RIF notices already issued beginning on October 10, 2025 to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by requiring federal employees to perform work to further administer or implement RIF notices and by enforcing or counting any days towards any period of notice with respect to those notices (i.e., the effective date of the RIF shall be stayed and Defendants shall therefore toll the running of all RIF notice periods).

Declaration of Thomas J. Nagy Jr.
3:25-cv-08302-SI

7. The Court's Order also requires Defendants to report certain information by 11:00 A.M. PDT on October 17, 2025:

    a. Defendants shall serve and file an accounting of all RIFs, actual or imminent, that are enjoined by this TRO, including but not limited to a description of the agency that imposed or is planning to impose the enjoined RIF, the number of employees included in the enjoined RIF, and description of the PPAs that Defendants included in the enjoined RIF.

    b. each Defendant shall file a declaration(s) verifying that they have complied with this Order and the steps they have taken to do so.

8. On October 10, 2025, HHS issued 982 RIF notices to employees.[1] HHS did not issue RIF notices according to "programs, projects, or activities" (PPAs). Instead, it issued RIF notices to certain competitive areas within certain HHS Operating and Staff Divisions. The Operating and Staff Divisions involved are the Administration for Children and Families, the Administration for Strategic Preparedness and Response, the Assistant Secretary for Administration, the Assistant Secretary for Public Affairs, the Centers for Disease Control and Prevention (CDC), the Health Resources & Services Administration, the Office of the Assistant Secretary for Health, and the Substance Abuse and Mental Health Services Administration.

9. HHS and its Operating and Staff Divisions have no AFSCME representation. Although CDC did previously have AFGE bargaining units, HHS terminated the relevant Collective Bargaining Agreements on August 26, 2025, pursuant to Executive Order 14251, *Exclusions from Federal Labor-Management Relations Programs*. CDC no longer has (and did not have, at the time of the RIF notices referenced in this paragraph) any bargaining unit employees represented by Plaintiffs.[2] The remaining Operating and Staff Divisions also do not have bargaining unit employees represented by Plaintiffs. Thus, HHS has not issued any RIF

---

[1] As noted in my declaration of October 14, 2025, HHS initially issued approximately 1,760 RIF notices on October 10, 2025, but it only intended to issue 982. The notices that were issued in error have been rescinded.

[2] AFGE challenged Executive Order 14,251 and sought a preliminary injunction barring the defendants in that action, including HHS, from implementing the Executive Order, including by terminating CBAs with AFGE. *See AFGE v. Trump*, No. 3:25-cv—03070 (N.D. Cal.). The district court entered a preliminary injunction in that case, but the injunction was stayed by the Ninth Circuit, allowing HHS to terminate CBAs. *See AFGE v. Trump*, 148 F.4th 648 (9th Cir. 2025). Plaintiffs filed a petition for rehearing en banc of that stay decision; the petition has not been granted.

notices implicated by the Court's TRO. HHS will not proceed with any RIFs prohibited by the TRO for as long as the TRO remains in force, absent an order from a higher court providing relief.

10. HHS has taken the following actions to comply with the TRO. On October 15, 2025, notice of the TRO was provided to the HHS human resources office. On October 17, 2025, a copy of the TRO was provided to the heads of all HHS Operating Divisions, as well as to the human resources offices of all HHS Operating Divisions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 17, 2025

THOMAS J. NAGY JR -S
Digitally signed by THOMAS J. NAGY JR -S
Date: 2025.10.17 13:44:30 -04'00'

Thomas J. Nagy Jr.
Deputy Assistant Secretary for Human Resources/Chief Human Capital Officer
U.S. Department of Health and Human Services