STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
EMILY M. HALL
TIBERIUS DAVIS
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT (VA Bar No. 89400)
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF KRYSTI WELLS** <br><br> Hearing Date: October 28, 2025 <br> Time: 10:30 a.m. <br> Judge: Hon. Susan Illston <br> Place: San Francisco Courthouse <br> Courtroom 01 |

Declaration of Krysti Wells
3:25-cv-08302-SI

Pursuant to 28 U.S.C. § 1746, I, Krysti Wells, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Acting Chief Human Capital Officer at the Environmental Protection Agency (EPA), headquartered in Washington, D.C. I have served in this position since September 27, 2025.

2. In my role at the EPA, I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include two national unions, AFGE and AFSCME, and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. On March 27, 2025, President Trump issued Executive Order 14,251, "Exclusions from Federal-Labor Management Relations Programs," ("E.O. 14,251"). In part, E.O. 14,251 reads that the President "determined that Chapter 71 of title 5, United States Code, cannot be applied to [the EPA] in a manner consistent with national security requirements and considerations."

5. On August 8, 2025, EPA notified AFGE, Council 238 that their collective bargaining agreement with EPA was terminated pursuant to E.O. 14,251.

6. I am aware of and have reviewed the October 15, 2025, temporary restraining order (TRO) issued by the Court in this action.

7. I make this declaration in response to the Court's Order of October 15, 2025, which granted Plaintiffs temporary injunctive relief and restrained Defendants from taking certain actions related to RIFs.

8. The Court's TRO provides that Defendants are restrained from:

1) taking any action to issue any Reduction in Force ("RIF") notices to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff during or because of the federal government shutdown, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

2) taking any further action to administer or implement any RIF notices already issued beginning on October 10, 2025 to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by requiring federal employees to perform work to further administer or implement RIF notices and by enforcing or counting any days towards any period of notice with respect to those notices (i.e., the effective date of the RIF shall be stayed and Defendants shall therefore toll the running of all RIF notice periods).

9. The Court's Order also requires Defendants to report certain information by 11:00 A.M. PDT on October 17, 2025.

   a. Defendants shall serve and file an accounting of all RIFs, actual or imminent, that are enjoined by this TRO, including but not limited to a description of the agency that imposed or is planning to impose the enjoined RIF, the number of employees included in the enjoined RIF, and description of the PPAs that Defendants included in the enjoined RIF.

   b. each Defendant shall file a declaration(s) verifying that they have complied with this Order and the steps they have taken to do so.

10. On October 10, 2025, the Agency issued preliminary Notices of Intent to Conduct a RIF that advised employees that formal RIF notices, if any, would be issued at least 60 days prior to the effective date, as required under Title 5 C.F.R., Part 351. I have noted below the specific number of Notices of Intent to Conduct a RIF the Agency sent out, and the

relevant projects, programs, and activities (PPAs) involved, for offices in which Plaintiffs may represent[1] Agency employees.

    a. Office of Chemical Safety and Pollution Prevention, Office of Pollution Prevention and Toxics, Sustainability, Prevention, and Right to Know Division, P2 (Pollution Prevention) Grants Branch: 6 employees.

    b. Office of Land and Emergency Management, Office of Resource Conservation and Recovery, Resource Conservation and Sustainability Division: 21 employees.

11. The Agency has taken the following actions to comply with the TRO.

    a. The Agency sent notice of the TRO to Agency human resources leaders on October 16, 2025.

    b. The Agency posted a copy of the TRO on our Agency website on October 17, 2025.

    c. The Agency will not proceed with any RIFs prohibited by the TRO for as long as the TRO remains in force, including the proposed RIFs identified in Paragraph 10, above, absent an order from a higher court providing relief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 17, 2025

/s/ KRYSTI WELLS
Krysti Wells

---

[1] While EPA no longer recognizes AFGE as the sole legal representative of former bargaining unit employees, upon information and belief, individual EPA employees may still be members of AFGE. EPA is complying with the TRO.