STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
EMILY M. HALL
TIBERIUS DAVIS
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT (VA Bar No. 89400)
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF JOHN SERPA** <br><br> Hearing Date: October 28, 2025 <br> Time: 10:30 a.m. <br> Judge: Hon. Susan Illston <br> Place: San Francisco Courthouse <br> Courtroom 01 |

Pursuant to 28 U.S.C. § 1746, I, John Serpa, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Chief Human Capital Officer at the Small Business Administration, headquartered in Washington, D.C. I have served in this position since March of this year.

2. In my role at the Small Business Administration, I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include two national unions, AFGE and AFSME, and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I make this declaration in response to the Court's Order of October 15, 2025, which granted Plaintiffs temporary injunctive relief and restrained certain Defendants from taking specified actions related to RIFs.

5. On October 15, 2025 I received the Court's temporary restraining order (TRO) issued in this action. I have reviewed the TRO.

6. The Court's TRO provides that Defendants are restrained from:

    1) taking any action to issue any Reduction in Force ("RIF") notices to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff during or because of the federal government shutdown, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

Declaration of John Serpa
3:25-cv-08302-SI

1

2) taking any further action to administer or implement any RIF notices already issued beginning on October 10, 2025 to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by requiring federal employees to perform work to further administer or implement RIF notices and by enforcing or counting any days towards any period of notice with respect to those notices (i.e., the effective date of the RIF shall be stayed and Defendants shall therefore toll the running of all RIF notice periods).

7. The Court's Order also requires Defendants to report certain information by 11:00 A.M. PDT on October 17, 2025.

   a. Defendants shall serve and file an accounting of all RIFs, actual or imminent, that are enjoined by this TRO, including but not limited to a description of the agency that imposed or is planning to impose the enjoined RIF, the number of employees included in the enjoined RIF, and description of the PPAs that Defendants included in the enjoined RIF.

   b. each Defendant shall file a declaration(s) verifying that they have complied with this Order and the steps they have taken to do so.

8. The Small Business Administration has not issued any RIF notices implicated by the Court's TRO. The agency will not proceed with any RIFs prohibited by the TRO for as long as the TRO remains in force, absent an order from a higher court providing relief.

9. On September 29, the Small Business Administration initiated a RIF with a waiver from OPM to provide a 30-day notice period instead of 60-days. The RIF impacts 73 employees who will be terminated on October 29th. A RIF for a majority of the 73 employees was originally issued on various dates between April 3, 2025 and April 29, 2025 but was later rescinded. The September 29th RIF was initiated before the lapse in appropriations and was not because of the lapse in appropriations. Specifically, the RIF was not initiated or enforced based on, or in reliance on, the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown

Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a lapse in appropriations. The Small Business Administration therefore understands the RIF to not be affected by the Court's injunction.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

        Dated: October 17, 2025

        */s/ John Serpa*
        Chief Human Capital Officer
        Small Business Administration