Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Complaint Filed: September 30, 2025 <br> Hearing Date: November 21, 2025 <br> Hearing Time: 10:30am <br> Courtroom: 1, 17th Floor |

Motion For Leave to Amend Complaint, No. 3:25-cv-08302-SI

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that as soon as the parties may be heard, in Courtroom 1, 17th floor, of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA, Plaintiffs will and hereby do move for leave to file their proposed Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

Plaintiffs are separately moving to shorten time so that this motion may be resolved expeditiously in light of the accompanying Motion to Modify the Temporary Restraining Order to apply to the Plaintiffs added in this complaint.

Leave to file the Second Amended Complaint should be granted because the amendment is not sought in bad faith; Plaintiffs have not unduly delayed seeking leave to amend; the proposed amendment does not unduly prejudice any other party; and the amendment is not futile. Plaintiffs' motion is supported by the following Memorandum of Points and Authorities; all pleadings and papers on file with the Court; and such oral argument as may be heard by the Court.

**MEMORANDUM IN SUPPORT**

Plaintiffs move the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the proposed Second Amended Complaint filed herewith as Exhibit A to (1) add three additional Plaintiff unions harmed by Defendants' actions and (2) conform factual allegations to events that have transpired since the filing of the First Amended Complaint.

**BACKGROUND**

As the Court is aware, this case has progressed rapidly in light of factual developments that have included threats to issue Reduction-in-Force ("RIF") notices, actual issuance of RIF notices, and this Court's issuance of a Temporary Restraining Order (ECF 56).

Briefly, as relevant here, during the last week of September 2025, as a federal government shutdown imminently approached, Defendants began threatening mass RIFs and issued guidance from the Office of Management and Budget ("OMB") and the Office of Personnel Management ("OMP") directing agencies to prepare to fire federal employees

through mass RIFs.  On September 30, 2025, Plaintiffs filed a Complaint challenging the OMB and OMP directives and plans to implement them.  ECF 1.

The shutdown commenced on October 1, 2025, and Defendants escalated their threats and began to implement the decision to conduct RIFs.  During that first week of October, Defendants neither revealed the scope of the RIFs they were preparing nor identified the agencies at which they would occur or the employees who would be terminated.  On October 4, 2025, Plaintiffs filed an Amended Complaint naming additional defendants (ECF 16) and a TRO Motion (ECF 17) seeking relief temporarily enjoining the implementation of RIFs at the Federal Agency Defendants during or arising out of the federal government shutdown.[1]

The Court issued a briefing schedule and on Tuesday, October 7, ordered Defendants to disclose "which of the defendant agencies anticipate issuing RIF notices during/because of the government shutdown and the estimated number of employees at the defendant agency who will receive such RIF notices."  ECF 27.  On October 10, Defendants issued RIF notices to thousands of federal employees, notifying them that they would be fired effective 60 days later. Defendants' response to Plaintiffs' TRO motion, filed October 10, identified only those eight agencies.  ECF 40.  Defendants' filing admitted additional RIFs were being prepared, but failed to identify those agencies at which RIFs were being prepared.  ECF 40.

Also on October 10, the Court issued an order offering Defendants a second opportunity to provide information about further RIF plans, inviting Defendants to "update[e] as needed the information provided in the [October 10] Billy Declaration."  ECF 43.  Again, however, in their

---

[1] Defendant Federal Agencies are those at which the Plaintiff unions represent employees, including th departments of Agriculture, Commerce, Defense, Education, Energy, Health and Human Services, Homeland Security, Housing and Urban Development, Justice, Interior, Labor, State, Treasury, Transportation, and Veterans Affairs, as well as the Consumer Product Safety Commission, Environmental Protection Agency, Equal Employment Opportunity Commission, Federal Trade Commission, General Services Administration, Institute of Museum and Library Services, National Aeronautics and Space Administration, National Archives and Records Administration, National Endowment for the Arts, National Endowment for the Humanities, National Gallery of Art, National Science Foundation, National Transportation Safety Board, Nuclear Regulatory Commission, Small Business Administration, Smithsonian Institute, Social Security Administration, and the International Development Finance Corporation.

October 14 filing in response, Defendants again failed to disclose any additional agencies at which RIFs are or were being prepared and planned.  ECF 49-2.

On October 15, 2025, this Court entered a TRO enjoining Defendants from taking any action to issue any RIF notices, or from taking any further action to administer or implement any RIF notices already issued, to federal employees in any program, project, or activity that includes any bargaining unit or member represented by any Plaintiff during or because of the federal government shutdown.  ECF 56.[2]  The next day, Plaintiffs received credible information that Defendant Department of Interior ("DOI") was preparing RIF Notices to issue as early as Monday, October 20.  ECF 59-1.  Plaintiffs' counsel requested confirmation as to whether these RIFs were planned and information about their scope and compliance with the TRO.  *Id.* Defendants' counsel, again, refused to provide that information.  *Id.*, Ex. A.  In response to this information, and the Defendants' refusal to confirm or deny DOI's plans, Plaintiffs filed an urgent request for a status conference (ECF 59), which the Court granted.  ECF 60. The Court also advanced the deadline for Defendants' disclosure of planned RIFs.  *Id.*

Thus, throughout the brief history of this case, Plaintiffs have been forced to rely on press reports, investigation, and judicial relief in order to uncover Defendants' planned and implemented actions.  Plaintiffs are now aware of an imminent threat to the interests of not only the existing Plaintiffs but those of other unions that represent employees at the Department of the Interior.  These additional unions seek to join this litigation as plaintiffs in order to bring the exact same claims as the existing Plaintiffs, to protect the interests of the employees at DOI and other agencies who are represented by these new Plaintiffs.  Good cause exists to grant leave to file this amended complaint, and Plaintiffs respectfully request that the Court grant this Motion.

---

[2] Existing Plaintiffs, which are named in the TRO, are the American Federation of Government Employees, AFL-CIO ("AFGE"); American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"); AFGE Local 1236; and AFGE Local 3172.

3

Motion For Leave to Amend Complaint, No. 3:25-cv-08302-SI

**DISCUSSION**

**I      Legal Standard**

A "court should freely give leave [to file an amended complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This policy is to be applied with "'extreme liberality,'" *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)), even when "the amendment will add causes of action or parties," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Given this generous rule, "there exists a presumption under Rule 15(a) in favor of granting leave to amend," *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original), and all inferences should generally be drawn in favor of amendment, *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999).  The burden is on the party opposing amendment to show that amendment is inappropriate, *DCD Programs*, 833 F.2d at 187, based on an affirmative showing that: 1) the request for amendment is made in bad faith; 2) there has been undue delay in requesting amendment; 3) amendment would cause undue prejudice to the opposing party; and/or 4) amendment would be futile, *Griggs*, 170 F.3d at 880.  "Absent prejudice, or a strong showing of any of the remaining . . . factors," the presumption applies and amendment should be permitted.  *Id*.  In the absence of such proof meeting this burden, "the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**II.     Good Cause Exists to Add Plaintiff Organizations**

Plaintiffs seek leave to amend their complaint to add additional Plaintiff unions that have come forward and wish to participate in this action, including to prevent harm that is imminent to those unions and their members.  Good cause exists to permit amendment of the complaint to add proposed Plaintiffs National Federation of Federal Employees, IAM, AFL-CIO ("NFFE"), the Service Employees International Union, AFL-CIO ("SEIU"), and the National Association

Motion For Leave to Amend Complaint, No. 3:25-cv-08302-SI

of Government Employees, Inc. ("NAGE").  The request is made in good faith and without undue delay, will serve the value of judicial efficiency, and will not prejudice Defendants.

NFFE, SEIU, and NAGE represent employees at DOI as well as other Defendant Federal Agencies, and seek to provide this Court with important evidence regarding the effect of existing and imminent RIFs upon them and their members.  Judicial economy is best served by allowing these proposed Plaintiffs to join this case so that their legal claims (which are the same claims brought by existing Plaintiffs) may be resolved and so that remedies for those legal violations may be extended to them, and to allow these issues to be resolved in a single case.

The proposed Second Amended Complaint describes these additional organizations:

National Federation of Federal Employees, IAM, AFL-CIO ("NFFE").  NFFE is the nation's first federal union, representing approximately 110,000 professional and non-professional federal government workers across the United States.  As discussed in the accompanying Motion to Modify the TRO and supporting evidence (filed herewith), NFFE represents more than 1,000 employees at DOI and employees at the Department of Commerce and the Department of Housing and Urban Development who received RIF notices on October 10, 2025.

Service Employees International Union, AFL-CIO ("SEIU").  SEIU is a labor organization of approximately two million working people with over 150 affiliates across the United States, Canada, and Puerto Rico.  SEIU, together with its affiliates (including NAGE), represent approximately 80,000 federal sector employees in the United States, including nurses, doctors, other healthcare workers, police officers, first responders, office workers, scientists, engineers, analysts, maintenance workers, and more.  As discussed in the accompanying Motion to Modify the TRO and supporting evidence, SEIU and its affiliates represent employees at federal agencies including DOI.

National Association of Government Employees, Inc. ("NAGE").  NAGE is a national labor organization and is affiliated with SEIU.  NAGE and its local units are the certified exclusive bargaining representative of nearly 75,000 federal employees in 43 states, including

Motion For Leave to Amend Complaint, No. 3:25-cv-08302-SI

California. As discussed in the accompanying Motion to Modify the TRO and supporting evidence, NAGE members also include employees at DOI.

Proposed Plaintiffs have come forward less than three weeks after this case was initially filed; within days of this Court's entry of a TRO order; and the day after Plaintiffs obtained credible information that Defendant DOI plans to imminently issue RIFs resulting in termination of thousands of employees.  Public notice of Defendants' actions would have alerted the proposed Plaintiffs earlier to the impact of Defendants' unlawful actions and the need for them to become involved with this case, but Defendants declined to provide such notice. Plaintiffs meet the standard for leave to amend.

Plaintiffs also make a small number of conforming amendments to the facts in the Second Amended Complaint in light of the passage of time.

Plaintiffs requested Defendants' position on this Motion and have not received a response.

**CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request leave to file the proposed Second Amended Complaint filed herewith as Exhibit A (with an accompanying redline from the Amended Complaint as Exhibit B).


Dated: October 17, 2025

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Alice X. Wang
Robin S. Tholin
Talia Stender
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
awang@altshulerberzon.com
rtholin@altshulerberzon.com

6
Motion For Leave to Amend Complaint, No. 3:25-cv-08302-SI

tstender@altshulerberzon.com

By: */s/ Stacey M. Leyton*

*Attorneys for All Plaintiffs*

Elena Goldstein (pro hac vice)
Jennie L. Kneedler (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 322-1959
egoldstein@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for All Plaintiffs*

Norman L. Eisen (pro hac vice)
Craig Becker (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Craig@democracydefenders.org

*Attorneys for All Plaintiffs*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiffs American Federation of
Government Employees, AFL-CIO (AFGE) and
AFGE locals*

Teague Paterson (SBN 226659)
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL EMPLOYEES,
AFL-CIO

7

Motion For Leave to Amend Complaint, No. 3:25-cv-08302-SI

1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

*Yvette M. Piacsek\**
NATIONAL FEDERATION OF FEDERAL
EMPLOYEES, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
Tel: (202)216-4428
ypiacsek@nffe.org

*Attorneys for proposed Plaintiff National Federation of Federal Employees, IAM, AFL-CIO*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

*Attorneys for proposed Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Sarah E. Suszczyk\*
NATIONAL ASSOCIATION OF GOVERNMENT
EMPLOYEES, INC.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org

*Attorneys For proposed Plaintiff National Association of Government Employees, Inc.  (NAGE)*

*\*Pro hac vice application forthcoming*

8
Motion For Leave to Amend Complaint, No. 3:25-cv-08302-SI