Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>        Defendants. | Case No. 3:25-cv-08302-SI<br><br>**PLAINTIFFS' REVISED NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Complaint Filed: September 30, 2025<br>Hearing Date: December 5, 2025<br>Hearing Time: 10:00 a.m.<br>Courtroom: 1, 17th Floor |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that as soon as the parties may be heard, in Courtroom 1, 17th floor, of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA, Plaintiffs will and hereby do move for leave to file their proposed Revised Second Amended Complaint (2AC) pursuant to Federal Rule of Civil Procedure 15(a)(2). This Revised Motion supersedes the pending Motion for Leave to Amend filed on Friday, October 17, 2025 (ECF 65).

Plaintiffs are separately moving to shorten time so that this motion may be resolved expeditiously in light of the accompanying Second *Ex Parte* Motion to Modify the Temporary Restraining Order ("TRO") to extend its relief to an additional three Plaintiffs, as reflected in the Revised Proposed 2AC, and in advance of Plaintiffs' Motion for Preliminary Injunction, set for hearing on October 28, 2025, which all new Plaintiffs seek to join.

Leave to file the Revised Second Amended Complaint should be granted because the amendment is not sought in bad faith; Plaintiffs have not unduly delayed seeking leave to amend; the proposed amendment does not unduly prejudice any other party; and the amendment is not futile. Plaintiffs' motion is supported by the following Memorandum of Points and Authorities, all pleadings and papers on file with the Court, and such oral argument as may be heard by the Court.

Plaintiffs requested Defendants' position on this Motion and Defendants' counsel stated that Defendants oppose amendment of the complaint. Decl. of Danielle Leonard in Support of Pls.' Second Ex Parte Motion to Modify TRO ("Leonard Decl. in Supp. of Motion to Modify TRO") ¶3 (filed concurrently with Plaintiffs' Second Ex Parte Motion to Modify TRO).

## MEMORANDUM IN SUPPORT

Plaintiffs move the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the proposed Revised Second Amended Complaint filed herewith as Exhibit A to (1) add six additional Plaintiff unions harmed by Defendants' actions; (2) add additional Defendants whose members and/or bargaining units are represented by the union Plaintiffs; and (3) conform

factual allegations to events that have transpired since the filing of the First Amended Complaint.

## BACKGROUND

As the Court is aware, this case has progressed rapidly in light of factual developments that have included threats to issue Reduction-in-Force ("RIF") notices, actual issuance of RIF notices, and this Court's issuance of a Temporary Restraining Order (ECF 56) and Order Clarifying Temporary Restraining Order and Granting Plaintiffs' Motion to Modify (ECF 70).

Briefly, as relevant here, during the last week of September 2025, as a federal government shutdown imminently approached, Defendants began threatening mass RIFs and issued guidance from the Office of Management and Budget ("OMB") and the Office of Personnel Management ("OMP") directing agencies to prepare to fire federal employees through mass RIFs. On September 30, 2025, Plaintiffs filed a Complaint challenging the OMB and OPM directives and plans to implement them. ECF 1.

The shutdown commenced on October 1, 2025, and Defendants escalated their threats and began to implement the decision to conduct RIFs. During that first week of October, Defendants neither revealed the scope of the RIFs they were preparing nor identified the agencies at which they would occur or the employees who would be terminated. When the threat of implementation became imminent, on October 4, 2025, Plaintiffs filed an Amended Complaint naming additional defendants (ECF 16) and a TRO Motion (ECF 17) seeking relief temporarily enjoining the imminent implementation of RIFs at the Federal Agency Defendants during or arising out of the federal government shutdown.[1]

---

[1] Defendant Federal Agencies in the currently operative First Amended Complaint are those at which the original Plaintiff unions represent employees, including the departments of Agriculture, Commerce, Defense, Education, Energy, Health and Human Services, Homeland Security, Housing and Urban Development, Justice, Interior, Labor, State, Treasury, Transportation, and Veterans Affairs, as well as the Consumer Product Safety Commission, Environmental Protection Agency, Equal Employment Opportunity Commission, Federal Trade Commission, General Services Administration, Institute of Museum and Library Services, National Aeronautics and Space Administration, National Archives and Records Administration, National Endowment for the Arts, National Endowment for the Humanities, National Gallery of

Pls' Revised Motion for Leave to Amend Complaint, No. 3:25-cv-08302-SI

The Court issued a briefing schedule and on Tuesday, October 7, ordered Defendants to disclose "which of the defendant agencies anticipate issuing RIF notices during/because of the government shutdown and the estimated number of employees at the defendant agency who will receive such RIF notices." ECF 27.  On October 10, Defendants issued RIF notices to thousands of federal employees, notifying them that they would be fired effective 60 days later. Defendants' response to Plaintiffs' TRO motion, filed October 10, identified only eight agencies that had issued RIF notices.  ECF 40.  Defendants' filing admitted additional RIFs were being prepared, but failed to identify those agencies at which RIFs were being prepared.  *Id.*

Also on October 10, the Court issued an order offering Defendants a second opportunity to provide information about further RIF plans, inviting Defendants to "updat[e] as needed the information provided in the [October 10] Billy Declaration."  ECF 43 at 2.  Again, however, in their October 14 filing in response, Defendants failed to disclose any additional agencies at which RIFs are or were being prepared and planned.  ECF 49-2.

On October 15, 2025, this Court entered a TRO enjoining Defendants from taking any action to issue any RIF notices during or because of the shutdown, or from taking any further action to administer or implement any RIF notices already issued during or because of the shutdown, to federal employees in any program, project, or activity that includes any bargaining unit or member represented by any Plaintiff.  ECF 56.[2]

The next day, October 16, Plaintiffs received credible information that Defendant Department of Interior ("DOI") was preparing RIF Notices to issue as early as Monday, October 20.  ECF 59-1.  Plaintiffs' counsel requested confirmation from Defendants' counsel as to whether these RIFs were planned to take place as well as information about the RIFs' scope and

---

Art, National Science Foundation, National Transportation Safety Board, Nuclear Regulatory Commission, Small Business Administration, Smithsonian Institution, Social Security Administration, and the International Development Finance Corporation.

[2] Existing Plaintiffs, which are named in the October 15, 2025 TRO, are the American Federation of Government Employees, AFL-CIO ("AFGE"); American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"); AFGE Local 1236; and AFGE Local 3172.

compliance with the TRO. *Id.* Defendants' counsel, again, refused to provide that information. *Id.*, Ex. A. In response to this information, and the Defendants' refusal to confirm or deny DOI's plans, Plaintiffs filed an urgent request for a status conference (ECF 59), which the Court granted. ECF 60. The Court also advanced the deadline for Defendants' disclosure of planned RIFs. *Id.*

At the same time that Plaintiffs filed an urgent request for a status conference, Plaintiffs filed a Motion for Leave to Amend Complaint and attached a proposed Second Amended Complaint. ECF 65. The proposed Second Amended Complaint added three additional plaintiff unions and made a small number of conforming amendments to the facts in light of the passage of time. ECF 65-1. Plaintiffs also filed a Motion to Modify the Temporary Restraining Order to extend the relief granted in the TRO to the three additional unions included in the proposed 2AC: the National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), and National Association of Government Employees ("NAGE"). ECF 64.

The Court held a status conference on Friday, October 17, 2025, and issued an order granting Plaintiffs' Motion to Modify the October 15, 2025 Temporary Restraining Order and extended the relief granted in the TRO to NFFE, SEIU, and NAGE. ECF 70. That order also clarified the initial Temporary Restraining Order to make clear that its original terms extend to (a) federal employees in any PPA in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) federal employees in any PPA in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343. *Id.* The Court also ordered Defendants to provide a further accounting of actual and imminent RIFs by no later than 12 p.m. Eastern, on Monday, October 20, 2025. *Id.*

At that October 17 conference, the Court deferred ruling on Plaintiffs' Motion for Leave to Amend Complaint, ECF 65. Plaintiffs' counsel explained at the status conference that Plaintiffs might modify their request along with the filing of their preliminary injunction papers,

which were due on Tuesday, October 21, 2025, pursuant to the Court's prior scheduling order. ECF 58.

On Monday, October 20, 2025, Defendants filed new declarations, which again confirmed Defendants' intent to impose imminent RIFs at DOI.  ECF 71-2 ¶10 (confirming "Interior had intended on imminently abolishing positions in 89 competitive areas that include members and bargaining unit employees of the plaintiffs").  It is clear from DOI's filings that these imminent RIFs would have an impact beyond the existing plaintiff organizations. *Compare* ECF 67-1 *with* ECF 71-2.  Defendants have repeatedly stated that further RIFs besides DOI's are coming, but have not disclosed to the Court or the public where those RIFs may occur.[3]  Given the disclosed imminent RIFs at DOI and threatened additional RIFs elsewhere, Plaintiffs are now aware of an imminent threat to the interests of not only the existing Plaintiffs but those of other unions that represent employees at DOI and other federal agencies.

Within days of learning of the scope of the *previously concealed* imminent and planned RIFs at DOI, and further Administration statements threatening continued RIFs notwithstanding the Court's TRO, Plaintiffs have moved quickly to amend the operative complaint to add as Plaintiffs not only NFFE, SEIU, and NAGE, but also three additional unions: the National Treasury Employees Union ("NTEU"), the International Federation of Professional & Technical Engineers ("IFPTE"), and the American Federation of Teachers ("AFT").  Each of these unions, like NFFE, SEIU, and NAGE, represents employees who have been harmed by Defendants' actions or who face imminent harm.  These additional unions seek to join this litigation as plaintiffs in order to bring the exact same claims as the existing Plaintiffs, and to protect the interests of the employees at DOI and other agencies who are represented by these new proposed Plaintiffs.

---

[3] *See, e.g.,* The Hill, October 15, 2025, *Vought says layoffs during shutdown likely to exceed 10,000 people*, https://thehill.com/homenews/administration/5556978-trump-administration-federal-layoffs/ (stating layoffs revealed to court were just a "snapshot" and "We're going to keep those [reductions in force] rolling throughout the shutdown, because we think it's important to stay on offense for the American taxpayer").

1    Plaintiffs also seek to add as Defendants the following federal agencies, all of which are

2    subject to OMB and OPM's directives challenged in this litigation: the Commodity Futures

3    Trading Commission, Federal Communications Commission, Federal Election Commission,

4    U.S. Securities and Exchange Commission, Merit Systems Protection Board, and Peace Corps.

5    NTEU represents employees at the first five of these agencies; IFPTE represents employees at

6    the Merit Systems Protection Board; and AFSCME represents employees of and is the

7    collective bargaining agent at the Peace Corps.  *See* ECF 17-5 ¶¶28-29; Decl. of Matthew S.

8    Biggs ¶3 (filed concurrently with Second *Ex Parte* Mot. to Modify TRO); Decl. of Daniel

9    Kaspar ¶6 (same).

10    Good cause exists to grant leave to file this amended complaint, and Plaintiffs

11    respectfully request that the Court grant this Motion.

**DISCUSSION**

13    **I.    Legal Standard**

14    A "court should freely give leave [to file an amended complaint] when justice so

15    requires."  Fed. R. Civ. P. 15(a)(2).  This policy is to be applied with "'extreme liberality,'"

16    *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo*

17    *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)), even when "the

18    amendment will add causes of action or parties," *DCD Programs, Ltd. v. Leighton*, 833 F.2d

19    183, 186 (9th Cir. 1987).

20    Given this generous rule, "there exists a presumption under Rule 15(a) in favor of

21    granting leave to amend," *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir.

22    2003) (emphasis in original), and all inferences should generally be drawn in favor of

23    amendment, *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999).  The burden is

24    on the party opposing amendment to show that amendment is inappropriate, *DCD Programs*,

25    833 F.2d at 187, based on an affirmative showing of the following: (1) the request for

26    amendment is made in bad faith; (2) there has been undue delay in requesting amendment; (3)

27    amendment would cause undue prejudice to the opposing party; and/or (4) amendment would

28

6

be futile, *Griggs*, 170 F.3d at 880. "Absent prejudice, or a strong showing of any of the remaining . . . factors," the presumption applies and amendment should be permitted. *Id.* In the absence of such proof meeting this burden, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.    Good Cause Exists to Add Plaintiff Organizations

Plaintiffs have very quickly sought leave to amend their complaint to add additional Plaintiff unions that have come forward and seek to participate in this action, including to prevent imminent harm to those unions and the employees they represent. Good cause exists to permit amendment of the complaint to add all of the proposed new Plaintiffs—NFFE, SEIU, NAGE, NTEU, IFPTE, and AFT—each of which has acted within days of learning of actual or imminent impact of Defendants' actions. NFFE, SEIU, and NAGE are already included in the Court's Temporary Restraining Order as of Friday, October 17, and Plaintiffs are concurrently filing an additional Motion to Modify the TRO to include NTEU, IFPTE, and AFT. The request to amend the complaint is made in good faith and without undue delay, will serve the value of judicial efficiency, and will not prejudice Defendants.

NFFE, SEIU, NAGE, NTEU, IFPTE, and AFT each represent employees at DOI as well as other Defendant Federal Agencies, and seek to provide this Court with important evidence regarding the effect of existing and imminent RIFs upon them and their members. Judicial economy is best served by allowing these proposed Plaintiffs to join this case so that their legal claims (which are the same claims brought by existing Plaintiffs) may be resolved and so that remedies for those legal violations may be extended to them, and to allow these issues to be resolved in a single case.

The proposed Second Amended Complaint describes these additional organizations:

National Federation of Federal Employees, IAM, AFL-CIO ("NFFE"). NFFE is the nation's first federal union, representing approximately 110,000 professional and non-professional federal government workers across the United States. *See* Revised Proposed 2AC ¶18. As discussed in the accompanying Motion to Modify the TRO and supporting evidence

1   (filed herewith), NFFE represents nearly 5,000 employees at DOI and employees at the

2   Department of Commerce and the Department of Housing and Urban Development who

3   received RIF notices on October 10, 2025.

4          <u>Service Employees International Union, AFL-CIO ("SEIU")</u>.  SEIU is a labor

5   organization of approximately two million working people with over 150 affiliates across the

6   United States, Canada, and Puerto Rico.  SEIU, together with its affiliates (including NAGE),

7   represent approximately 80,000 federal sector employees in the United States, including nurses,

8   doctors, other healthcare workers, police officers, first responders, office workers, scientists,

9   engineers, analysts, maintenance workers, and more.  *See* Revised Proposed 2AC ¶19.  As

10  discussed in the accompanying Motion to Modify the TRO and supporting evidence, SEIU and

11  its affiliates represent employees at federal agencies including DOI.

12         <u>National Association of Government Employees, Inc. ("NAGE")</u>.  NAGE is a national

13  labor organization and is affiliated with SEIU.  NAGE and its local units are the certified

14  exclusive bargaining representative of nearly 75,000 federal employees in 43 states, including

15  California.  *See* Revised Proposed 2AC ¶20.  As discussed in the accompanying Motion to

16  Modify the TRO and supporting evidence, NAGE members also include employees at DOI.

17         <u>National Treasury Employees Union ("NTEU")</u>.  NTEU is a labor organization with eight

18  field offices across the country including in Oakland, California.  NTEU is the exclusive bargaining

19  representative of employees in 38 federal departments and agencies.  *See* Revised Proposed 2AC ¶21.

20  NTEU represents more than 160,000 federal employees, including more than 8,000 federal

21  employees in California.  *Id.*  Employees within NTEU's bargaining units and NTEU members at

22  certain of the Federal Agency Defendants have received RIF notices during the shutdown.  *Id.*

23         <u>International Federation of Professional and Technical Engineers ("IFPTE")</u>.  IFPTE is an

24  international labor organization.  It is the exclusive collective bargaining representative of

25  approximately 30,000 federal sector employees working across the nation at multiple agencies, such

26  as at the Environmental Protection Agency's Region 9 Headquarters in San Francisco, California;

27  several of the National Aeronautics and Space Administration's centers, including Ames Research

28

8

1  Center in Moffett Field, California; and several components of the Department of Defense, including

2  civilian employees of the Department of the Navy in San Diego, California and of the U.S. Army

3  Corps of Engineers in San Francisco, California.  *See* Revised Proposed 2AC ¶22.

4      <u>American Federation of Teachers ("AFT")</u>.  AFT is a labor organization.  It represents

5  federal employees who work in three departments across the government (including DOI), and

6  most of AFT members, in both the private and public sectors, depend upon the services

7  provided by federal employees in order to do their jobs and serve their communities.  *See*

8  Revised Proposed 2AC ¶23.

9      Proposed Plaintiffs have come forward quickly after this case was initially filed and

10  within days of this Court's entry of a TRO order.  Public disclosure of Defendants' actions

11  would have alerted the proposed Plaintiffs earlier to the impact of Defendants' unlawful actions

12  and the need for them to become involved with this case, but Defendants declined to provide

13  such notice.  Plaintiffs meet the standard for leave to amend.

14  **III.    Good Cause Exists to Add Federal Agency Defendants**

15      Plaintiffs also seek to add certain federal agencies and their heads as Defendants.  NTEU

16  and IFPTE represent federal employees at the following agencies that Plaintiffs propose to add

17  as Defendants: the Commodity Futures Trading Commission, Federal Communications

18  Commission, Federal Election Commission, U.S. Securities and Exchange Commission, and

19  Merit Systems Protection Board.  Plaintiff AFSCME also represents employees at the Peace

20  Corps.

21      The Court has found that Plaintiffs are likely to prove that the Federal Agency

22  Defendants' actions in issuing RIF notices during or because of the shutdown are unlawful.

23  Plaintiffs now move to add additional agencies represented by the union Plaintiffs as

24  Defendants in this case, both to assert claims directly against those agencies for failure to

25  comply with applicable laws, and as Rule 19 defendants to effectuate complete relief.

26  Good cause exists to permit Plaintiffs such an amendment for the following reasons: Each of

27  these agencies is subject to the OMB and OPM directives regarding shutdown layoffs at issue in

28

this case, and Defendants have indicated that additional RIFs are being prepared but have to date refused to disclose the complete list of agencies planning such action. Because it is undisputed that all federal agencies have been instructed to plan RIFs during and because of the shutdown and that agencies are complying with that instruction—but refusing to provide any public information about their plans—adding these additional agencies as defendants will ensure the Court can issue effective relief that prevents the harm to employees caused by unlawful shutdown RIFs being implemented or planned in these agencies. Certainly, if the Plaintiff unions are granted leave to join the case, all agencies at which they represent employees should be added as well.

None of the factors that would warrant denying leave to amend are present here: Plaintiffs have not unreasonably delayed amendment, and moved for leave to amend within days of the Court's TRO order and less than a month after initiating this litigation; nor have Plaintiffs acted in bad faith. The proposed additional agency defendants will not be prejudiced by amendment at the very outset of this case. Counsel for Plaintiffs has disclosed to Defendants the additional agency defendants to be added within days of the Court's TRO order and with sufficient time for Defendants to prepare for the upcoming preliminary injunction hearing. Leonard Decl. in Supp. of Motion to Modify TRO ¶¶3-8. Finally, judicial economy favors resolving all legal claims arising from the unlawful RIFs during or because of the shutdown.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request leave to file the proposed revised Second Amended Complaint filed herewith as Exhibit A (with an accompanying redline from the Amended Complaint as Exhibit B).

Dated: October 21, 2025

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Alice X. Wang
Robin S. Tholin
Talia Stender
ALTSHULER BERZON LLP

1  |  177 Post St., Suite 300
2  |  San Francisco, CA 94108
   |  Tel.: (415) 421-7151
3  |  Fax: (415) 362-8064
   |  sleyton@altshulerberzon.com
4  |  bchisholm@altshulerberzon.com
   |  dleonard@altshulerberzon.com
5  |  awang@altshulerberzon.com
   |  rtholin@altshulerberzon.com
6  |  tstender@altshulerberzon.com
7  |  By: /s/ Stacey M. Leyton
8
   |  *Attorneys for All Plaintiffs*
9
10 |  Elena Goldstein (pro hac vice)
   |  Jennie L. Kneedler (pro hac vice)
11 |  DEMOCRACY FORWARD FOUNDATION
   |  P.O. Box 34553
12 |  Washington, DC 20043
   |  Tel: (202) 322-1959
13 |  egoldstein@democracyforward.org
   |  jkneedler@democracyforward.org
14
15 |  *Attorneys for All Plaintiffs*
16
17 |  Norman L. Eisen (pro hac vice)
   |  Craig Becker (pro hac vice)
18 |  STATE DEMOCRACY DEFENDERS FUND
   |  600 Pennsylvania Avenue SE #15180
19 |  Washington, D.C. 20003
   |  Tel: (202) 594-9958
20 |  Norman@democracydefenders.org
   |  Craig@democracydefenders.org
21
22 |  *Attorneys for All Plaintiffs*
23
24 |  Rushab Sanghvi (SBN 302809)
   |  AMERICAN FEDERATION OF
25 |  GOVERNMENT EMPLOYEES, AFL-CIO
   |  80 F Street, NW
26 |  Washington, D.C. 20001
   |  Tel: (202) 639-6426
27 |  Sanghr@afge.org
28

1     *Attorneys for Plaintiffs American Federation of*
      *Government Employees, AFL-CIO (AFGE) and*
2     *AFGE locals*

3

4     Teague Paterson (SBN 226659)
      AMERICAN FEDERATION OF STATE,
5     COUNTY, AND MUNICIPAL EMPLOYEES,
      AFL-CIO
6     1625 L Street, N.W.
      Washington, D.C. 20036
7     Tel: (202) 775-5900
8     TPaterson@afscme.org

9     *Attorneys for Plaintiff American Federation of*
      *State County and Municipal Employees, AFL-CIO*
10    *(AFSCME)*

11

12    *Yvette M. Piacsek**
      NATIONAL FEDERATION OF FEDERAL
13    EMPLOYEES, IAM, AFL-CIO
      1225 New York Ave. N.W., Suite 450
14    Washington, D.C. 20005
      Tel: (202)216-4428
15    ypiacsek@nffe.org

16    *Attorneys for proposed Plaintiff National*
17    *Federation of Federal Employees, IAM, AFL-CIO*

18

19    Steven K. Ury (SBN 199499)
      SERVICE EMPLOYEES INTERNATIONAL
20    UNION, AFL-CIO
      1800 Massachusetts Ave., N.W.
21    Washington, D.C. 20036
      Tel: (202) 730-7428
22    steven.ury@seiu.org

23    *Attorneys for proposed Plaintiff Service Employees*
24    *International Union, AFL-CIO (SEIU)*

25    Sarah E. Suszczyk*
      NATIONAL ASSOCIATION OF GOVERNMENT
26    EMPLOYEES, INC.
      159 Thomas Burgin Parkway
27    Quincy, MA 02169
28    Tel: (617) 376-7239

                                    12

ssuszczyk@nage.org

*Attorneys For proposed Plaintiff National Association of Government Employees, Inc. (NAGE)*

*\*Pro hac vice application forthcoming*