Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF DAVID CANN** |

Decl. of David Cann, No. 3:25-cv-08302-SI

**DECLARATION OF DAVID CANN**

I, David Cann, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am the Director of Membership and Organizing at the American Federation of Government Employees ("AFGE").

3. On March 27, 2025, President Trump issued Executive Order 14251, *Exclusions From Federal Labor-Management Relations Programs*. Executive Order 14251 attempts to strip collective bargaining rights from AFGE members and bargaining unit employees. On August 28, 2025, President Trump issued Executive Order 14343, *Further Exclusions From Federal Labor-Management Relations Programs*. Executive Order 14343 also attempts to strip collective bargaining rights from federal employees, including AFGE members and bargaining unit employees.

4. AFGE is actively pursuing a challenge to both Executive Order 14251 and 14343. *See Am. Fed. of Gov. Emps., AFL-CIO v. Trump*, No. 25-CV-03070-JD, 2025 WL 1755442 (N.D. Cal. June 24, 2025).

5. Notwithstanding these Executive Orders, many federal agencies continued to recognize AFGE in various ways through July and August 2025, including by maintaining bargaining unit status codes that identified employees as represented by a union.

6. AFGE and its affiliates also continue to provide representation to federal employees in bargaining units that are no longer recognized as a result of Executive Order 14251 and 14343.

7. AFGE continues to have members in bargaining units affected by Executive Orders 14251 and 14343 that are no longer recognized by federal agencies. For example, AFGE represents thousands of members at the Department of Health and Human Services, including the Centers for Disease Control and Prevention; the Department of Veterans Affairs; and the Environmental Protection Agency. These are illustrative examples of agencies where collective bargaining rights were rescinded but AFGE continues to maintain active membership. It is my understanding that AFGE retains members at all federal agencies and components where collective bargaining has been removed.

8. Where agencies have stopped dues deduction, federal employees have continued to join AFGE by paying dues directly to AFGE and its affiliated locals.

9. AFGE has also historically offered membership to federal employees outside of certified bargaining units, including those ineligible for bargaining unit status. AFGE currently has several thousand such members across the defendant agencies.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed October 21, 2025, in Washington D.C.

*David Cann*