Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**DECLARATION OF DOROTHY ROPER IN SUPPORT OF PRELIMINARY INJUNCTION MOTION** |

**DECLARATION OF DOROTHY ROPER**

I, Dorothy Roper, declare as follows:

    1.    I am over 18 years of age and competent to give this declaration.  This declaration is based on my personal knowledge.

    2.    I am an IT Specialist at the Centers for Disease Control and Prevention ("CDC").  My team and I primarily support the National Center for Health Statistics' Data Divisions and Offices under the Office of Public Health, Data, Surveillance, and Technology.

    3.    I have completed more than 40 years of service in the federal government.  In my current role, I ensure and facilitate compliance with federal statutes governing sensitive information, including the Confidential Information Protection and Statistical Efficiency Act, the Federal Information Security Management Act, the Health Insurance Portability and Accountability Act, the Clinger-Cohen Act of 1996, the Federal Information Technology Acquisition Reform Act, and federal directives.  When I assess IT projects, I determine the appropriate staff ratios and necessary skillset to render quality and low-maintenance products. I also assure and facilitate compliance when I provide management, programming, and analytic services to customers across the National Center for Health Statistics.

    4.    I am a member of and represented by the American Federation of Government Employees Local 2923 ("AFGE Local 2923).  I am also a Vice President of AFGE Local 2923.

    5.    I was furloughed during the government shutdown, during which I received a notice of reduction-in-force ("RIF").

    6.    The RIF notice was sent to my government email on Friday, October 10, 2025.  I did not know that I had received that notice until my manager texted my personal cellphone on Saturday, October 11, to tell me to check my government email.  I then discovered that I had received a RIF notice from Tom Nagy, Chief Human Capital Officer, with an effective date of December 8, 2025.  A true and correct copy of that RIF notice, which was emailed to me on October 10, is attached hereto as Exhibit A.  This RIF notice contained errors because it identified my performance ratings as lower than they should be.  This made me concerned that other employees represented by AFGE also received RIF notices with errors and did not have a way of correcting those errors during the

1    shutdown.  I am also concerned that, given my 40-plus years of experience, my RIF was not issued

2    by seniority consistent with the retention register.

3          7.    On October 20, I received an "Amended" RIF notice via U.S. mail.  This "Amended"

4    RIF notice is dated October 15 and appears to have been mailed on October 15.  The RIF notice

5    includes no explanation of changes or corrections, but it appears that my performance ratings were

6    changed.  The effective date on the updated RIF is also identified as December 9, one day later than

7    the October 10 RIF notice, without explanation.  Because of the shutdown, I am not able to contact

8    anyone in human resources to determine why the changes were made or confirm that the "Amended"

9    RIF notice is correct.  A true and correct copy of the "Amended" RIF notice and the envelope in

10    which I received the notice are attached hereto as Exhibit B.

11          8.    I have been informed that my entire team, eight workers total, received RIF notices on

12    October 10, 2025.

13          9.    This is not my first time receiving a RIF notice. I previously received a RIF notice on

14    or around April 3, 2025.  The rest of my team received RIF notices in April as well.

15          10.    At the time, I was distraught about losing my income and benefits and upset that I

16    could no longer serve the agency's internal and external customers who heavily depend on me.

17    Although I was told that the RIF was not based on my performance, the way the agency treated me

18    made me feel as though I was a criminal.  I was abruptly cut off from the internal network.  My badge

19    was taken and destroyed.  I was told I was prohibited from entering the workplace facility.

20          11.    I was so worried and stressed about the RIF that I could not sleep.  My blood pressure

21    was elevated.

22          12.    Other members of AFGE Local 2923 also received RIF notices in April 2025, and

23    because of my position as a union official they turned to me for guidance on navigating the RIF

24    process and for emotional support.  Like me, the members I spoke with were distraught about losing

25    their income and losing their health benefits.  Even though I was also deeply distressed and having

26    sleepless nights, I had to put on a brave face and try to reassure my union members that everything

27    would be okay.

28

13.     Without explanation, I later received a letter rescinding that April RIF and was eventually reinstated.  My entire team also received rescindments.

14.     Now, six months later, the agency has issued a RIF for my position again.  This RIF and the uncertainty of whether I have a job is causing me deep financial and emotional distress.  My job allows me to support my family, which consists of myself and my child who is away at college.  My child depends on me for financial support.

15.     I am worried that it will be extremely difficult for me to get another job, because I am 63 years old and employers typically prioritize younger workers, and because the job market is tight and flooded with former federal employees.  I am worried that private institutions are limiting hiring, because they are impacted by the federal government's cutbacks to grant programs.

16.     Moreover, having served for more than 40 years in the federal government, my job is part of my identity.  Despite all the chaos that I have been through with my job in the past few months, I still find it gratifying to be able to support the public and to be a part of the National Center for Health Statistics, which provides critical data to institutions like hospitals.  I am upset to be losing the opportunity to continue serving the public.

17.     This round of RIFs is even worse than what happened to me and my coworkers in April.  To my understanding, most, if not all, of the human resources (HR) staff have received RIF notices as well.  I am unable to communicate with anyone in HR because of the shutdown and because of the RIFs issued to CDC's HR.  My network access was suddenly cut off on the evening of October 13, thereby causing me to not have access to the internal employee network, which is necessary to access those communications the Agency sent to me and information about my benefits.  I have almost no information about what is most important to me, which are my retirement and healthcare options.

18.     Although the October 10 RIF notices for many of my CDC colleagues were rescinded within a day or two as issued in error, I have not received any notice of rescindment.  Because I no longer have access to the internal network, I would not know if I had received anything further in my government email.

19.     I understand that in the earlier RIFs of this year throughout the government, employees who were not retirement eligible were forced to leave without severance. I am 63 years old and eligible for retirement. But my RIF notice only states that I am eligible for severance. The RIF does not say that I am eligible for retirement nor explain how it applies to retirement-eligible individuals. I am not able to get in contact with HR to access that information.

20.     If I am forced to retire, I have many decisions to make about my retirement benefits, including selecting my retirement health insurance. I am very worried about affording my health insurance and choosing the right health insurance coverage should I retire. But again, I have no access to HR to get answers to those questions.

21.     If I am forced to retire, I have no idea when I would receive my retirement income. I am aware of some union members who were afraid of receiving RIF notices and preemptively retired between February and April instead of being forced out, but who still have not received their full retirement checks as expected. Those individuals are instead still receiving reduced checks referred to as interim pay.

22.     I am very concerned about how I will make ends meet if I do not receive retirement income or receive reduced retirement income for months. During the shutdown, I have already had to take out a loan from the bank to pay for my day-to-day expenses and my child's college tuition. I also have medical debt from my long-term health conditions, and I am worried about impacting my credit score if I am unable to continue making payments.

23.     I cannot afford to incur any further debt. I am attempting to move money out of my retirement account, assuming that is even possible during the shutdown, to help cover my expenses in short term. I am worried that this will negatively impact my long-term financial health, but I have no choice. If I don't have access to an income for long enough, I have assured my child that, if necessary, I will exhaust all my retirement resources and sell my home so that I can continue paying for his college.

24.     Because I lack access to information about what benefits I would receive in retirement, I am attempting to make immediate decisions about my healthcare as if I am going to lose my health insurance on my effective termination date of December 8. I have long-term health issues,

1  including respiratory issues for which I see a pulmonary specialist and a cardiovascular specialist. I

2  have professional counseling meetings every other week. I also depend on prescription medication. I

3  am trying to fit in as many critical medical appointments as I can with my specialists and my primary

4  care doctors before December 8.

5      25.    Although I am trying to maximize my health insurance usage while I still have my

6  insurance, I am also concerned that I cannot afford to do the medical procedures that I had already

7  planned. I have scheduled an overnight diagnostic test to explore possible reasons for current

8  medical issues that I am experiencing for early November. I also experienced migraines that are

9  sometimes triggered by TMJ and was supposed to get fitted with the dentist for a mouth brace to ease

10  my teeth clenching and grinding. I am now having to decide whether I can afford those procedures or

11  whether I should delay them or even forgo them altogether.

12      26.    The chaos, the lack of information, and the recurrent RIFs have taken a tremendous

13  toll on my mental and physical health. Typically, if I were being separated from the agency, I would

14  have some idea of what options are available to me. But now, I have no idea what is going to

15  happen. On October 18, 2025, I experienced a panic attack due to all of the stress and financial

16  uncertainty. I felt as though I could not breathe, and I had to use my inhaler to try and calm down.

17      27.    As one of the leaders of AFGE Local 2923, I also hear from other members about how

18  the RIFs are impacting them. I have had phone calls with colleagues who are terrified and upset. I

19  spoke with one member who received a RIF, has young children, and does not know how she's going

20  to pay her bills. She is trying to access unemployment insurance, but she does not actually know

21  whether she is eligible as a furloughed federal government worker and whether she will have to

22  return those funds if she receives backpay. I have to do my best to try and help her and members like

23  her through my independent research, because I cannot access HR.

24      28.    I have also spoken with members who have received RIF notices who cannot apply for

25  new jobs because they cannot access the job resources that are typically available. Usually, to apply

26  for a job after receiving a RIF notice, an individual must seek clearance from the CDC Ethics and

27  Integrity Office to avoid any conflicts. For example, former CDC employees must generally avoid

28  employment with certain private and state entities receiving CDC grants. But most, if not all, of the

entire CDC Ethics Office has received RIF notices.  Because of the recent RIFs, our members cannot contact the CDC Ethics Office, so there is no way to gain clearance to apply for a particular job. Members are therefore incentivized to pursue far lower-paying retail jobs, such as at Target, to avoid risking ethical violations.

29.     I am trying to be strong for my child and for my union colleagues.  But I feel helpless, exhausted, and drained.  I feel as though I cannot trust anything about how this RIF process has and will continue to be carried out.

30.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed October 21, 2025, in Raleigh, North Carolina.

Dorothy Roper

Exhibit A

From: OHRCorrespondence@hhs.gov <OHRCorrespondence@hhs.gov>
Sent: Friday, October 10, 2025 7:45 PM
To: ███████████████████████████████
Subject: Personnel Notification
Importance: High

Dear ███████████████

I regret to inform you that you are being affected by a reduction in force (RIF) action. Please find attached a notice memorandum explaining the RIF and next steps. This RIF action does not reflect directly on your service, performance, or conduct. It is being taken solely for the reasons stated in the memorandum.

After you receive this notice, you will be placed on administrative leave and will no longer have building access beginning Friday, October 10, unless directed otherwise by your leadership. Additionally, please save this email and its attachments, or forward them to a personal email address, for your records.

Leadership at HHS appreciates your service.

Sincerely,

Tom Nagy



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Washington, D.C. 20201

October 10, 2025

MEMORANDUM FOR: ███████████████████

VIA EMAIL: ████████████

 FROM:            Tom Nagy, Chief Human Capital Officer

SUBJECT:         Specific Notice of Reduction in Force

The Department of Health and Human Services (HHS) is executing this Reduction in Force (RIF) to maximize efficiency and funding priorities.  This memorandum constitutes a specific notice of a RIF.

I regret to inform you that you are being affected by a RIF action. This RIF is necessary to reshape the workforce of HHS.

This is your specific notice of the RIF. In accordance with the RIF procedures specified in Chapter 35 of Title 5 of the United States Code and Title 5 of the Code of Federal Regulations, Part 351, and HHS policy, you are being released from your competitive level based on your retention standing. Consequently, you will be separated from the Federal service effective **December 8, 2025.** In the event you are qualified and have assignment rights to a position that becomes available during the notice period, you will be informed via a specific, subsequent notice. Should the circumstances of the RIF otherwise change, this notice may be withdrawn.

**Retention Standing**

To conduct the RIF, retention registers were prepared which list employees in retention standing order by civil service tenure group and subgroup, veterans' preference, performance ratings, and length of Federal service. The following information was used to determine your retention standing as of the RIF effective date:

Competitive Area:        ████████████████████████

Competitive Level:       ██████

Tenure Group & Subgroup: ██████

Veterans' Preference:    ██████

**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Office of the Secretary

Most Recent Performance Ratings: ██████

Additional Years of Credit Based on Performance Ratings: ██████

Reduction In Force Service Computation Date (SCD): ████████████████

Adjusted RIF Service Computation Date (SCD): ████████████

The adjusted RIF SCD includes all creditable military and civilian service and is adjusted with additional credit (up to a maximum of 20 years) for the performance ratings.

NOTE: All employees in your competitive area will be separated.

You have been reached for release from your competitive level in accordance with RIF regulations and procedures. You have no assignment rights to positions within your competitive area. Therefore, you will be separated from HHS at the close of business on December 8, 2025.

Based on a preliminary evaluation, you are          eligible for severance pay pursuant to 5 U.S.C. § 5595.

If you are a competitive service employee, or a covered excepted service employee under HHS Instruction 330-2, you are eligible to have your name placed on the Reemployment Priority List and to participate in the Interagency Career Transition Assistance Plan (ICTAP). You are also eligible to participate in the HHS Career Transition Assistance Program. However, if you resign or retire before your separation under reduction in force, you will no longer be eligible for special selection priority under this program and you may lose eligibility for special selection priority through the Reemployment Priority List (RPL) and the ICTAP. Information and registration procedures for the RPL are included in the attachments to this notice.

Please contact your supervisor or email OHR-General-Inquiries@hhs.gov immediately if you believe any of the above information is incorrect.

**RIF Package**

Each employee impacted by the RIF has been sent documents that outline applicable benefits for which you may be eligible or entitled as appropriate. You may make an appointment with the Office of Human Resources (OHR) to obtain paper copies of the documents. You may make an appointment by contacting OHR-General-Inquiries@hhs.gov. In addition, the websites to certain relevant external benefits provided by other entities are found immediately below.

For training benefits under the Workforce Improvement Act of 1998, please see www.careeronestop.org.

**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Office of the Secretary

For unemployment compensation benefits, please refer to the Department of Labor website at www.dol.gov.

For general information on transition assistance, please refer to the Office of Personnel Management website at www.opm.gov.

**Appeal and Grievance Rights**

U.S. Merit Systems Protection Board (MSPB)
If you believe your retention rights have not been applied correctly or have been violated, you may appeal this action to the MSPB. You may file your appeal with the MSPB's regional or field office serving the area where your duty station was located. The address of your regional or field office has been included in your RIF package.

For a complete listing of MSPB regional and field offices, see Appendix II of Part 1201 of the Board's regulations. Your appeal must be in writing and may be filed any time after receipt of this notice until no later than 30 calendar days after the effective date. Failure to file an appeal within the time limit may result in dismissal of the appeal as untimely filed. More information on filing appeals is included in your RIF package. You may also access the MSPB website at www.mspb.gov for additional and further detailed information on the appeal process.

Equal Employment Opportunity (EEO)
If you believe this personnel action is based in whole or in part on discrimination based on your race, color, religion, sex, national origin, age or disability, or in retaliation for prior protected activity you may file an EEO complaint with your designated HHS EEO representative:

> Reginald R. Mebane, Director
>
> RMebane@cdc.gov
>
> (770) 488-3210

You must contact your EEO representative no later than 45 calendar days of the effective date of your separation from Federal service. Alternatively, you may file an appeal with the MSPB as noted above and raise discrimination as an affirmative defense. However, you may not proceed through both forums; you must elect one or the other. You may access the U.S. Equal Employment Opportunity Commission (EEOC) website at www.eeoc.gov for additional and further detailed information on the Federal sector EEO process.

Office of Special Counsel
You may also seek corrective action before the U.S. Office of Special Counsel (OSC). Visit the OSC e-filing system web site at www.osc.gov, to access the online application. However, if you do so, you will be limited to whether the agency took one or more covered personnel actions against you in retaliation for making protected whistleblowing disclosures. If you choose to file

an action with OSC, you will be foregoing your right to file an MSPB appeal regarding this personnel action.

**Conclusion**

This action is being taken in accordance with the applicable civil service RIF regulations. Included in your RIF package is a copy of the Office of Personnel Management (OPM) RIF regulations, 5 C.F.R., Part 351. Further detailed information about the RIF regulations may also be accessed on the OPM website. You may make an appointment to review and obtain a copy of the RIF regulations and/or records pertaining to you by contacting OHR-General-Inquiries@hhs.gov.

The Employee Assistance Program (EAP) is available free to you and in most cases your immediate family. EAP counselors are available 24 hours a day, 365 days per year at 1-800-222-0364 or www.FOH4YOU.com.

If you are eligible for severance pay following your separation, the attached worksheet will allow you to calculate an estimate. Regardless, the following additional information is also available in your RIF package:

- Information on unemployment compensation under applicable State or District of Columbia programs.
- Training benefits under the Workforce Investment Act of 1998 (WIA).
- Request for authorization to release employment information to prospective employers.

Because you are being separated through a RIF action, you are eligible for career transition and placement assistance. Specifically, you are eligible for the HHS Reemployment Priority List (RPL), Career Transition Assistance Program (CTAP), and Interagency Career Transition Assistance Program (ICTAP). Your RIF package includes further information on these programs.

If you elect to resign before the effective date of the RIF, your separation will be considered involuntary for severance pay purposes and you will still be eligible to receive your severance pay. Please be advised that an early resignation may affect your eligibility for placement assistance and your appeal rights. It may also impact your ability to qualify for unemployment compensation and training benefits provided under WIA. You are encouraged to contact your State's Department of Labor and Employment for any questions regarding unemployment compensation. You are also encouraged to contact OHR-General-Inquiries@hhs.gov to determine how an early resignation may affect your benefits.

This RIF action does not reflect directly on your service, performance, or conduct. It is being taken solely for the reasons stated above, and because your duties have been identified as either unnecessary or virtually identical to duties being performed elsewhere in the agency. Leadership at HHS are appreciative of your service.

**DEPARTMENT OF HEALTH & HUMAN SERVICES**                Office of the Secretary

---

**Please return a signed copy of the Acknowledgement of Receipt and Authorization for Release of Employment Information by email to OHR-General-Inquiries@hhs.gov within 14 days of receipt of this notice.**

Attachments (9)
1. Acknowledgement of Receipt
2. MSPB Appeal Information
3. OPM Retention Regulations
4. Severance Pay Worksheet
5. Unemployment Insurance and State Workforce Agencies
6. Authorization for Release of Employment Information
7. CTAP, ICTAP and Reemployment Priority List (RPL) Program Information
8. Reference Guide to Benefits during RIF
9. List of MSPB Regional and Field Offices

Exhibit B



US POSTAGE $ 003.84°
ZIP 20237
02 7W
0000057112 OCT 15 2025

FIRST-CLASS

TH & HUMAN SERVICES
of Human Resources
Street, SW
E. Switzer Building
ngton, DC 20416



DEPARTMENT OF HEALTH & HUMAN SERVICES                          Office of the Secretary

Washington, DC 20201

October 15, 2025





**Subject: Amended Specific Notice of Reduction in Force ("RIF")**

The Department of Health and Human Services (HHS) is executing this Reduction in Force (RIF) to maximize efficiency and funding priorities. This memorandum constitutes a specific notice of a RIF.

I regret to inform you that you are being affected by a RIF action. This RIF is necessary to reshape the workforce of HHS.

This is your specific notice of the RIF. In accordance with the RIF procedures specified in Chapter 35 of Title 5 of the United States Code and Title 5 of the Code of Federal Regulations, Part 351, and HHS policy, you are being released from your competitive level based on your retention standing. Consequently, you will be separated from the Federal service effective December 9, 2025. In the event you are qualified and have assignment rights to a position that becomes available during the notice period, you will be informed via a specific, subsequent notice. Should the circumstances of the RIF otherwise change, this notice may be withdrawn.

**Retention Standing**

To conduct the RIF, retention registers were prepared which list employees in retention standing order by civil service tenure group and subgroup, veterans' preference, performance ratings, and length of Federal service. The following information was used to determine your retention standing as of the RIF effective date:

Competitive Area: ███████████████

Competitive Level: █████

Tenure Group & Subgroup: ████

Veterans' Preference: ███

Most Recent Performance Ratings: ████████

Additional Years of Credit Based on Performance Ratings: ████████████

Reduction In Force Service Computation Date (SCD): ██████

Adjusted RIF Service Computation Date (SCD): ████████

The adjusted RIF SCD includes all creditable military and civilian service and is adjusted with additional credit (up to a maximum of 20 years) for the performance ratings.

NOTE: All employees in your competitive area will be separated.

You have been reached for release from your competitive level in accordance with RIF regulations and procedures. You have no assignment rights to positions within your competitive area. Therefore, you will be separated from HHS at the close of business on December 9, 2025.

Based on a preliminary evaluation, you may be eligible for severance pay pursuant to 5 U.S.C §5595.

Washington, DC 20201

If you are a competitive service employee, or a covered excepted service employee under HHS Instruction 330-2, you are eligible to have your name placed on the Reemployment Priority List and to participate in the Interagency Career Transition Assistance Plan (ICTAP). You are also eligible to participate in the HHS Career Transition Assistance Program. However, if you resign or retire before your separation under reduction in force, you will no longer be eligible for special selection priority under this program and you may lose eligibility for special selection priority through the Reemployment Priority List (RPL) and the ICTAP. Information and registration procedures for the RPL are included in the attachments to this notice.

Please contact your supervisor or email HHSRIFinquiry@hhs.gov immediately if you believe any of the above information is incorrect.

**RIF Package**

Each employee impacted by the RIF has been sent documents that outline applicable benefits for which you may be eligible or entitled as appropriate. You may make an appointment with the Office of Human Resources (OHR) to obtain paper copies of the documents. You may make an appointment by contacting HHSRIFinquiry@hhs.gov. In addition, the websites to certain relevant external benefits provided by other entities are found immediately below.

For training benefits under the Workforce Improvement Act of 1998, please see www.careeronestop.org.

For unemployment compensation benefits, please refer to the Department of Labor website at www.dol.gov.

For general information on transition assistance, please refer to the Office of Personnel Management website at www.opm.gov.

**Appeal and Grievance Rights**

U.S. Merit Systems Protection Board (MSPB)

If you believe your retention rights have not been applied correctly or have been violated, you may appeal this action to the MSPB. You may file your appeal with the MSPB's regional or field office serving the area where your duty station was located. The address of your regional or field office has been included in your RIF package.

For a complete listing of MSPB regional and field offices, see Appendix II of Part 1201 of the Board's regulations. Your appeal must be in writing and may be filed any time after receipt of this notice until <u>no later than 30 calendar days</u> after the effective date. Failure to file an appeal within the time limit may result in dismissal of the appeal as untimely filed. More information on filing appeals is included in your RIF package. You may also access the MSPB website at www.mspb.gov for additional and further detailed information on the appeal process.

Equal Employment Opportunity (EEO)

If you believe this personnel action is based in whole or in part on discrimination based on your race, color, religion, sex, national origin, age or disability, or in retaliation for prior protected activity you may file an EEO complaint with your designated HHS EEO representative at EEO@hhs.gov.

You must contact your EEO representative <u>no later than 45 calendar days</u> of the effective date of your separation from Federal service. Alternatively, you may file an appeal with the MSPB as noted above and raise discrimination as an affirmative defense. However, you may not proceed through both forums; you must elect one or the other. You may access the U.S. Equal Employment Opportunity Commission (EEOC) website at www.eeoc.gov for additional and further detailed information on the Federal sector EEO process.



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Washington, DC 20201

<u>Office of Special Counsel</u>

You may also seek corrective action before the U.S. Office of Special Counsel (OSC). Visit the OSC e-filing system web site at www.osc.gov, to access the online application. However, if you do so, you will be limited to whether the agency took one or more covered personnel actions against you in retaliation for making protected whistleblowing disclosures. If you choose to file an action with OSC, you will be foregoing your right to file an MSPB appeal regarding this personnel action.

**Conclusion**

This action is being taken in accordance with the applicable civil service RIF regulations. Included in your RIF package is a copy of the Office of Personnel Management (OPM) RIF regulations, 5 C.F.R., Part 351. Further detailed information about the RIF regulations may also be accessed on the OPM website. You may make an appointment to review and obtain a copy of the RIF regulations and/or records pertaining to you by contacting HHSRIFinquiry@hhs.gov.

The Employee Assistance Program (EAP) is available free to you and in most cases your immediate family. EAP counselors are available 24 hours a day, 365 days per year at 1-800-222- 0364 or www.FOH4YOU.com.

If you are eligible for severance pay following your separation, the attached worksheet will allow you to calculate an estimate. Regardless, the following additional information is also available in your RIF package:

- Information on unemployment compensation under applicable State or District of Columbia programs.
- Training benefits under the Workforce Investment Act of 1998 (WIA).
- Request for authorization to release employment information to prospective employers.

Because you are being separated through a RIF action, you are eligible for career transition and placement assistance. Specifically, you are eligible for the HHS Reemployment Priority List (RPL), Career Transition Assistance Program (CTAP), and Interagency Career Transition Assistance Program (ICTAP). Your RIF package includes further information on these programs.

If you elect to resign before the effective date of the RIF, your separation will be considered involuntary for severance pay purposes and you will still be eligible to receive your severance pay. Please be advised that an early resignation may affect your eligibility for placement assistance and your appeal rights. It may also impact your ability to qualify for unemployment compensation and training benefits provided under WIA. You are encouraged to contact your State's Department of Labor and Employment for any questions regarding unemployment compensation. You are also encouraged to contact HHSRIFinquiry@hhs.gov to determine how an early resignation may affect your benefits.

This RIF action does not reflect directly on your service, performance, or conduct. It is being taken solely for the reasons stated above, and because your duties have been identified as either unnecessary or virtually identical to duties being performed elsewhere in the agency.

Leadership at HHS are appreciative of your service.

Thomas J. Nagy, Jr.
Deputy Assistant Secretary for Human Resources

 DEPARTMENT OF HEALTH & HUMAN SERVICES                    Office of the Secretary

Washington, DC 20201

**Please return a signed copy of the Acknowledgement of Receipt and Authorization for Release of Employment Information by email to HHSRIFinquiry@hhs.gov within 14 days of receipt of this notice.**

Attachments (9)
1. Acknowledgement of Receipt
2. MSPB Appeal Information
3. OPM Retention Regulations
4. Severance Pay Worksheet
5. Unemployment Insurance and State Workforce Agencies
6. Authorization for Release of Employment Information
7. CTAP, ICTAP and Reemployment Priority List (RPL) Program Information
8. Reference Guide to Benefits during RIF
9. List of MSPB Regional and Field Offices