UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.;<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** |

Plaintiffs' motion for a preliminary injunction came before this Court for consideration on October 28, 2025. Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the Motion is GRANTED.

The Court finds that Plaintiffs have demonstrated a likely success on the merits of their claims, and that irreparable harm is likely in the absence of temporary relief, that the balance of equities tips in their favor, and that a preliminary injunction is in the public interest. In support of this Order, the Court makes the following findings:

- Plaintiffs are likely to prevail on their claims that Defendants have exceeded statutory authority, acted contrary to law, and acted in an arbitrary and capricious manner in issuing the OMB Lapse Memorandum and associated OPM Guidance and Instructions and otherwise directing federal agencies to engage in RIFs during a federal government shutdown;
- OMB, OPM, and Federal Agency Defendants have exceeded and will imminently continue to exceed statutory authority, act contrary to law, and act in an arbitrary and capricious manner by requiring staff to prepare RIFs and administering RIFs during the shutdown of the federal government;
- The actions of Defendants are *ultra vires* and violate the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A), (C);
- Plaintiffs will suffer irreparable injury unless the relief requested is granted; and
- The balance of equities and public interest favor injunctive relief.

Accordingly, pursuant to this Court's authority including but not limited to authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights," 5 U.S.C. §705, IT IS HEREBY ORDERED as follows:

Defendants OMB, OPM, and Defendant Federal Agencies;[1] their officers, agents, servants, employees, and attorneys; and all persons acting by, through, under, or in concert with these Defendants are hereby enjoined and/or stayed pursuant to 7 U.S.C.§705 as follows from:

1. Taking any action to issue any Reduction in Force ("RIF") notices during or because of the federal government shutdown to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff,[2] including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown; and

2. Taking any action to administer or implement any Reduction in Force ("RIF") notices issued during or because of the federal government shutdown to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies

---

[1] Defendant Federal Agencies are the departments of Agriculture, Commerce, Defense, Education, Energy, Health and Human Services, Homeland Security, Housing and Urban Development, Justice, Interior, Labor, State, Treasury, Transportation, and Veterans Affairs, as well as the Consumer Product Safety Commission, Environmental Protection Agency, Equal Employment Opportunity Commission, Federal Trade Commission, General Services Administration, Institute of Museum and Library Services, National Aeronautics and Space Administration, National Archives and Records Administration, National Endowment for the Arts, National Endowment for the Humanities, National Gallery of Art, National Science Foundation, National Transportation Safety Board, Nuclear Regulatory Commission, Small Business Administration, Smithsonian Institute, Social Security Administration, the International Development Finance Corporation, the Peace Corps, Commodity Futures Trading Commission, Federal Communications Commission, Federal Elections Commission, Securities and Exchange Commission, and Merit Systems Protection Board.

[2] Plaintiffs include the American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), AFGE Local 1236, and AFGE Local 3172, National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT").

1  Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28,
2  2025), or any other decision or directive that purports to authorize or require issuance of RIF notices
3  during a shutdown.  Any such RIF notices issued during or because of the shutdown must be
4  rescinded by providing individual notice to the federal employees in PPAs covered by this injunction,
5  as set forth below.
6      The phrase "federal employees in any PPA (program, project, or activity) that includes any
7  bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA"
8  in which Plaintiffs have any members, regardless of whether those members are employed in a
9  bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA" in which
10 any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to
11 or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal
12 dispute.
13     The reference to issuance of RIF notices "during or because of the federal government
14 shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025 and
15 before the end of the federal government shutdown, regardless of whether that RIF was planned to
16 occur independent of or before the shutdown.
17     IT IS FURTHER ORDERED that each Defendant shall:
18     3.   Within two (2) business days, file an accounting of any RIFs that have been issued on
19 or after October 1, or that were in preparation at the time of this Court's TRO (ECF 56), clarified and
20 modified TRO (ECF 70), and/or preliminary injunction, including at a minimum information
21 identifying: a) the impacted PPAs, including information or parameters (such as a description of the
22 office or program within the agency) used by the Defendant to define the PPAs; b) whether each
23 impacted PPA includes any employees subject to this Court's injunction; c) how many employees are
24 within each such PPA; and d) the number of employees within each such PPA whom Defendant has
25 identified as protected by the Court's injunction.
26     4.   Within four (4) business days, file for this Court's review and approval a proposed
27 form of a letter to be sent to each employee whose RIF notice must be rescinded under this Court's
28

[PROPOSED] ORDER GRANTING PI, No. 3:25-cv-08302-SI                                              3

injunction, which expressly rescinds the prior RIF notice(s).  Defendants' counsel shall provide the proposed letter to Plaintiffs' counsel at least two (2) business days before filing the letter with the Court, to allow the parties to meet and confer as to content and form.  If the parties disagree as to content and form, they will so notify the Court.

5. Within three (3) business days of the Court's approval of the letter described in the paragraph 4, file declarations from each Defendant required by this injunction to notify employees to whom RIF notices subject to this Court's injunction were issued, confirming that all employees have been sent the Court-approved letter by U.S. mail to the employees' current known mailing addresses, and any work and personal email addresses known to the Defendant.

6. Within ten (10) business days of this Court's injunction, file declarations from each Defendant detailing the steps it has taken to comply with this Court's injunction.

IT IS SO ORDERED.

Dated: _____, 2025     _____
                                           The Honorable Susan Illston
                                           United States District Court Judge