UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>　　　Defendants. | Case No. 3:25-cv-08302-SI<br><br>**[PROPOSED] ORDER GRANTING SECOND MOTION TO MODIFY TEMPORARY RESTRAINING ORDER, AS AMENDED BY THE COURT** |

1  Plaintiffs' Second Motion to Modify the October 15, 2025 Temporary Restraining Order
2  ("TRO") (Dkt. No. 56), as once modified by the Court on October 17, 2025 (Dkt. No. 70), seeks to
3  extend the relief granted to extend to the National Treasury Employees Union ("NTEU"), the
4  International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the
5  American Federation of Teachers ("AFT"). Plaintiffs' Motion came before this Court. Dkt. No. 78.
6  The Court finds good cause exists to modify the existing TRO without a written response from
7  defendants due to the emergency nature of this case. *See* Dkt. No. 56 at 4-5; *see also* Dkt. No. 49-2
8  ("Billy Suppl. Decl.") ¶ 4 (OMB Senior Advisor declaring that "the situation involving the lapse in
9  appropriations, and RIFs related to that lapse, is fluid and rapidly evolving"). Plaintiffs have
10 provided notice of the present motion to modify the TRO to existing defense counsel. Dkt. No. 78-
11 5 ("Leonard Decl.") ¶ 2. Defense counsel indicated they oppose the motion. *Id.* ¶ 3. After defense
12 counsel was "not able to confirm either way regarding representation" of five of the proposed new
13 federal agency defendants, on October 21, 2025, plaintiffs' counsel also sent notice of the motion to
14 general counsel located within those individual agencies. *Id.* ¶¶ 4-8.

Upon consideration of the motion, and for good cause shown, IT IS HEREBY ORDERED that the Motion is GRANTED and the October 15, 2025 TRO (Dkt. No. 56), as modified on October 17, 2025 (Dkt. No. 70), is further modified to read as follows:

### TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED** that, pending an order by this Court as to whether further injunctive relief should issue,

OMB, OPM, and Federal Defendant Agencies[1] their officers, agents, servants, employees, and attorneys; and all persons acting by, through, under, or in concert with these Defendants are hereby enjoined and/or stayed, until further order of the Court, from:

---

[1] The "Federal Defendant Agencies" are, for purposes of this modified TRO, the departments of Agriculture ("USDA"), Commerce, Defense ("DoD"), Education, Energy, Health and Human Services ("HHS"), Homeland Security ("DHS"), Housing and Urban Development ("HUD"),

1) taking any action to issue any Reduction in Force ("RIF") notices to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff[2] during or because of the federal government shutdown, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

2) taking any further action to administer or implement any RIF notices already issued beginning on October 10, 2025 to federal employees in any PPA that includes any bargaining unit or member represented by any Plaintiff, including but

---

Justice ("DOJ"), the Interior, Labor ("DOL"), State, Treasury, Transportation ("DOT"), Veterans Affairs ("the VA"), as well as the Consumer Product Safety Commission ("CPSC"), Environmental Protection Agency ("EPA"), Equal Employment Opportunity Commission ("EEOC"), Federal Trade Commission ("FTC"), General Services Administration ("GSA"), Institute of Museum and Library Services ("IMLS"), National Aeronautics and Space Administration ("NASA"), National Archives and Records Administration ("NARA"), National Endowment for the Arts ("NEA"), National Endowment for the Humanities ("NEH"), National Gallery of Art ("NGA"), National Science Foundation ("NSF"), National Transportation Safety Board ("NTSB"), Nuclear Regulatory Commission ("NRC"), Small Business Administration ("SBA"), Smithsonian Institute ("Smithsonian"), Social Security Administration ("SSA"), the International Development Finance Corporation ("DFC"), the Peace Corps, Commodity Futures Trading Commission, Federal Communications Commission, Federal Elections Commission, Securities and Exchange Commission, and Merit Systems Protection Board.

[2] Plaintiffs are, for purposes of this modified TRO, the American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), AFGE Local 1236, AFGE Local 3172, National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT").

not limited to by requiring federal employees to perform work to further administer or implement RIF notices and by enforcing or counting any days towards any period of notice with respect to those notices (i.e., the effective date of the RIF shall be stayed and Defendants shall therefore toll the running of all RIF notice periods).[3]

IT IS SO ORDERED.

Dated: October 22, 2025

_____
The Honorable Susan Illston
United States District Court Judge

---

[3] This revised TRO incorporates Dkt. No. 70, which clarified and defined some of the terms in the original TRO. In particular:

1) The phrase "federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

2) The reference to issuance of RIF notices "during or because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025 and before the end of the federal government shutdown, regardless of whether that RIF was planned to occur independent of or before the shutdown.