STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES (DC No. 1657707)
Counsel to the Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT
Senior Counsel
STEVEN M. CHASIN
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 616-0929
E-mail: elizabeth.t.hedges@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REVISED MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Hearing Date: October 28, 2025<br>Time: 10:30 a.m.<br>Judge: Hon. Susan Illston<br>Place: San Francisco Courthouse<br>Courtroom 01 |

| | |
|---|---|
| 1 | **INTRODUCTION** |
| 2 | The Plaintiffs' motion to amend the complaint yet again to add plaintiffs who could have |
| 3 | joined this litigation weeks ago, and defendants who have done nothing that would warrant their |
| 4 | addition, has no merit. Even if the new proposed plaintiffs had not opportunistically waited until |
| 5 | a TRO issued to join the litigation, their argument for joining would fail for all of the same reasons |
| 6 | the existing Plaintiffs' claims lack merit. Equally problematic, Plaintiffs do not appear to allege |
| 7 | any actual or imminent lapse-related RIFs will take place at any of the new proposed defendants. |
| 8 | And at least two proposed plaintiffs—whose members have not received RIF notices during or |
| 9 | related to the lapse in appropriations (and whose members do not anticipate receiving RIF notices |
| 10 | imminently)—lack standing. The Court should deny the motion. |
| 11 | **ISSUES TO BE DECIDED** |
| 12 | Whether the Court should grant the Plaintiffs' motion to amend the complaint a second |
| 13 | time. |
| 14 | **BACKGROUND** |
| 15 | The facts relevant to this brief are set out in Defendants' Opposition to Plaintiffs' Motion |
| 16 | for Preliminary Injunction, ECF No. 85 (also filed today), and are incorporated by reference here. |
| 17 | **ARGUMENT** |
| 18 | The Court should deny the Revised Motion for Leave to Amend Complaint for four |
| 19 | reasons. |
| 20 | First, the proposed new plaintiffs have unduly delayed. *See Griggs v. Pace Am. Group,* |
| 21 | *Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In their first amended complaint, filed October 4, Plaintiffs |
| 22 | alleged that RIF notices would be "issued imminently (as early as Monday, October 6, 2025)." |
| 23 | ECF No. 15 ¶ 9. The unions who did not at that time seek to join this litigation, but who now wish |
| 24 | to be added, were surely then aware that they had members employed at federal agencies. They |
| 25 | give no reasonable basis for not joining the lawsuit at that time; what is clear is that they waited |
| 26 | until a TRO was issued. Because they have provided no reasonable basis for their delay, the Court |
| 27 | should deny their motion. |
| 28 | Defendants' Opposition to Plaintiffs' Revised Motion for Leave to Amend Complaint<br>3:25-cv-08302-SI |

1        Second, Plaintiffs do not identify actual or imminent RIFs, during or because of the lapse, at the proposed defendants CFTC, FEC, FCC, SEC, MSPB, or the Peace Corps. Plaintiffs therefore have no theory of harm that would justify those agencies' being added as defendants. Plaintiffs argue that there are "imminent RIFs at DOI and threatened additional RIFs elsewhere." Pls.' Revised Mot. for Leave to Amend Compl., ECF No. 76 ("Mot.") at 5. But DOI is already a party. It appears to be pure speculation that any of the new proposed defendant agencies might conduct lapse-related RIFs. Indeed, the only apparent record-based rationale for adding the six agencies as new defendants is that they are allegedly "subject to OMB and OPM's directives challenged in this litigation." *Id.* at 6. But as explained in the government's concurrently filed Opposition to Plaintiffs' Motion for Preliminary Injunction, the OMB and OPM guidance documents do not themselves constitute final agency action. Rather, each agency considers whether to conduct a RIF. Taking Plaintiffs' allegations as true, the proposed new defendant agencies have not decided whether and to what extent to conduct RIFs during or because of the lapse. Moreover, far from it being "undisputed" that "agencies are complying" with an alleged "instruction" to plan RIFs and are "refusing to provide any public information about their plans," *id.* at 10, the existing agency defendants have made dozens of filings in this litigation complying with every disclosure requirement imposed by the Court. It should go without saying, but apparently must be repeated: agencies are not under a general overarching mandate to disclose all information related to potential employment decisions. Plaintiffs are engaged in a fishing expedition of the purest sort when they suggest that "adding these additional agencies" is necessary to provide for "effective relief." *Id.*

       Third, all the reasons briefed as to the other defendants in the government's Opposition to Plaintiffs' Motion for TRO, ECF No. 41, and Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF No. 85, apply equally to the newly added proposed plaintiffs. The Court should deny the motion to amend because the proposed plaintiffs are not entitled to relief on any of their claims; thus, amendment would be futile. *See Griggs*, 170 F.3d at 880.

Fourth, based on undersigned counsel's review to date, two of the proposed plaintiffs do not have standing because they do not represent employees or bargaining units subject to lapse-related RIFs.[1]  Specifically, representatives of IFPTE and AFT both stated in their declarations that they are not aware of any RIF notices being issued during the lapse to their members.  *See* ECF No. 78-3 ¶ 12 (IFPTE); ECF No. 78-4 ¶ 11 (AFT).  They also do not assert that any RIFs in bargaining units in which they have members are imminent.  The sworn declarations in the record thus undermine Plaintiffs' own characterization that each of the new proposed plaintiff unions "represents employees who have been harmed by Defendants' actions or who face imminent harm."  Mot. at 5.

## CONCLUSION

The Court should deny Plaintiffs' motion.

---

[1] The government reserves the right to argue in the future that more of the proposed plaintiffs do not have standing if the record supports that argument.  The government also notes that extending preliminary equitable relief to entities that are merely proposed parties and not participants in the litigation—as does the currently effective TRO (ECF No. 82)—is impermissible under the principles discussed in the government's Opposition to Plaintiffs' Motion for Preliminary Injunction.  ECF No. 85 at 15-16.  However, adding those entities as parties when they have not alleged any legitimate claim would create new problems.  The Court should deny the motion to amend the complaint and should not grant a preliminary injunction as to the new proposed parties (or any party).

Defendants' Opposition to Plaintiffs' Revised Motion for Leave to Amend Complaint
3:25-cv-08302-SI

3

| | |
|---|---|
| Dated: October 24, 2025 | Respectfully Submitted, |
| | STANLEY E. WOODWARD, JR.<br>Associate Attorney General |
| | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division |
| | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| | MICHAEL K. VELCHIK<br>Senior Counsel to the Assistant Attorney General<br>Civil Division |
| | CHRISTOPHER R. HALL<br>Assistant Branch Director<br>BRAD P. ROSENBERG<br>Special Counsel<br>R. CHARLIE MERRITT<br>Senior Counsel<br>STEVEN M. CHASIN<br>PIERCE J. ANON<br>Trial Attorneys<br>Civil Division, Federal Programs Branch |
| | */s/ Elizabeth Hedges*<br>ELIZABETH HEDGES (DC No. 1657707)<br>Counsel to the Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530<br>Phone: (202) 616-0929<br>E-mail: elizabeth.t.hedges@usdoj.gov |
| | *Attorneys for Defendants* |