Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' REVISED MOTION FOR LEAVE TO AMEND COMPLAINT** |

## INTRODUCTION

Plaintiffs' Revised Motion for Leave to Amend Complaint, ECF 76, demonstrated good cause to amend the complaint, and Defendants' arguments to the contrary are unavailing.

Defendants' primary argument—that Plaintiffs unjustifiably delayed amendment—is wholly without merit. Defendants have continuously refused to identify agencies at which reductions-in-force (RIFs) are being prepared, and Plaintiffs have been forced to rely on press accounts and independent information to uncover planned RIFs. When Plaintiffs have discovered that potential RIFs are imminent, or when Defendants have disclosed planned RIFs at agencies in filings required by the Court, Plaintiffs have acted within days to propose adding plaintiffs that represent employees potentially affected by those RIFs.

Further, Defendants continue to announce that more RIFs affecting thousands of employees will be issued. Plaintiffs have acted in good faith to add as plaintiffs the unions that have been and will be affected by these actions, as well as the defendant agencies at which the plaintiff unions represent employees. Even if that were not the case, moreover, delay by itself is no reason to deny amendment absent a showing of bad faith or prejudice, which Defendants cannot make.

In sum, Defendants have not met their burden to show that the proposed amendments are inappropriate, and Plaintiffs respectfully request this motion be granted.

## ARGUMENT

**I.     Defendants Have Not Shown that Adding Union Plaintiffs Would Be Inappropriate**

Justice requires that Plaintiffs be permitted to amend the complaint to add additional parties. *See* Fed. R. Civ. P. 15(a)(2); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). There is a presumption in favor of leave to amend, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and all inferences should generally be drawn in favor of amendment, *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). It is Defendants' burden to demonstrate that amendment of a complaint is inappropriate by

affirmatively showing that: (1) the request for amendment is made in bad faith; (2) there has been undue delay in requesting amendment; (3) amendment would cause undue prejudice to the opposing party; and/or (4) amendment would be futile. *DCD Programs, Ltd.*, 833 F.2d at 187; *Griggs*, 170 F.3d at 880. "Undue delay by itself is insufficient to justify denying leave to amend," absent a showing of "prejudice or bad faith." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Because Defendants have not established "prejudice, or a strong showing of any of the remaining ... factors," the presumption applies, and Plaintiffs' motion should be granted. *Eminence Capital*, 316 F.3d at 1052; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A.    Plaintiffs Did Not Delay in Adding Additional Union Plaintiffs

Plaintiffs did not unduly delay in adding additional union plaintiffs, *see* ECF 86 at 1, but acted expeditiously upon receiving information that agencies with employees who these unions represent were planning RIFs. Prior to and since the filing of this litigation, Defendants continuously have refused to identify agencies at which RIFs are being prepared, despite multiple orders of the Court requiring them to do so. *See generally* ECF 79-1 at 11-13 (recounting history). Thus, Defendants are faulting Plaintiffs for not timely identifying actual and imminent RIFs when it is Defendants who are and have been in possession of that information and repeatedly have failed to disclose it.

In fact, when Plaintiffs separately became aware of RIFs being planned at the Department of Interior (DOI), and Defendants refused to provide relevant information regarding those planned RIFs, Plaintiffs were forced to immediately file a request for urgent relief and a Motion for Leave to Amend Complaint to include three additional unions that represent DOI employees: the National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), and National Association of Government Employees ("NAGE"), and sought an emergency status conference. ECF 65 (withdrawn), ECF 59.

1    At that emergency status conference, the Court deferred ruling on the Plaintiffs' Motion for Leave to Amend Complaint, and Plaintiffs' counsel explained that Plaintiffs might modify their request along with the filing of their preliminary injunction papers. ECF 81.

On Monday, October 20, 2025, Defendants filed new declarations, which again confirmed Defendants' intent to impose imminent RIFs impacting thousands of employees at DOI. ECF 71-2 ¶10 (confirming "Interior had intended on imminently abolishing positions in 89 competitive areas that include members and bargaining unit employees of the plaintiffs"). DOI did not reveal, in that filing or to the public, the extent of the planned RIFs beyond those component parts that include AFGE, AFSCME, SEIU, NAGE or NFFE. *Id*. However, it was clear from DOI's filings that these imminent RIFs would have an impact beyond those unions. *Compare* ECF 67-1 *with* ECF 71-2.

Even aside from DOI, Defendants have repeatedly stated that further RIFs are coming but have not disclosed to the Court or the public where those RIFs may occur. *See* ECF 62-11, 67-1; *see also* ECF 79-18, Exs. B, D (Vought Oct. 15, 2025 statements); ECF 48, Ex. A (Oct. 14 President statements); ECF 47-2, Ex. D (Oct. 11 senior Administration official: "More RIFs will be coming, and the court filing is just a snapshot in time, a senior administration official said"); ECF 47-1, Ex. T (EPA Oct. 10 Notice of Intent to RIF: "The decision to conduct a RIF has been made….") (emphasis added). Given the disclosed imminent RIFs at DOI and threatened additional RIFs elsewhere, Plaintiffs became aware of an imminent threat to the interests of not only the existing Plaintiffs but those of other unions that represent employees at DOI and other federal agencies.[1]

Within days of learning of the scope of the previously concealed imminent and planned RIFs at DOI, and further Administration statements threatening continued large-scale RIFs at other unidentified agencies, Plaintiffs moved to amend the operative complaint to add as

---

[1] DOI has since confirmed that it *does* intend to impose further RIFs, and Defendants' brief opposing Plaintiffs' preliminary injunction motion asks the Court for permission to impose RIFs on employees who are not represented by these Plaintiffs. ECF 85 at 19 n.3.

Reply in Support of Plaintiffs' Revised Mot. for Leave to Amend Compl., Case No. 3:25-cv-08302-SI
3

1   Plaintiffs not only NFFE, SEIU, and NAGE, but also three additional unions that represent
2   employees at DOI: the National Treasury Employees Union ("NTEU"), International Federation
3   of Professional & Technical Engineers ("IFPTE"), and American Federation of Teachers
4   ("AFT").  ECF 76.  Therefore, any claim that Plaintiffs unduly delayed in adding the proposed
5   union plaintiffs is belied by the procedural and factual record.

6        Moreover, because "delay, by itself, is insufficient to justify denial of leave to amend,"
7   *DCD Programs, Ltd.*, 833 F.2d at 186, Defendants' primary basis for opposing this motion lacks
8   any merit.  Defendants fail to establish prejudice or bad faith.

9        **B.**     **Defendants Have Not Demonstrated that Adding Plaintiffs Would be Futile**

10       Defendants argue that adding AFT and IFPTE would be futile because they lack
11  "standing."  ECF 86 at 3.  But Defendants overlook the factual record, which establishes that
12  AFT and IFPTE represent federal employees at DOI and many other agencies.  ECF 79-4
13  (Biggs Decl.) ¶3 (employees represented by IFPTE work at the Department of Commerce
14  (Commerce), Department of Energy (DOE), DOI, and the Environmental Protection Agency
15  (EPA)); ECF 79-3 (Lieberman Decl.) ¶3 (AFT affiliate represents employees at four
16  subagencies within DOI).  The imminent RIFs at DOI are more than sufficient to support these
17  proposed plaintiffs' standing.

18       Indeed, in addition to AFT and IFPTE, the other four proposed plaintiff unions represent
19  employees at DOI and at one or more of the other agencies as to which Defendants have
20  disclosed actual or planned RIFs.  ECF 79-4, (Biggs Decl.) ¶3 (employees represented by
21  IFPTE work at Commerce, DOE, DOI, and EPA); ECF 79-7 (Kaspar Decl.) ¶6 (NTEU
22  represents employees at the Department of Treasury, the U.S. Department of Health and Human
23  Services (HHS), Commerce, EPA, DOE, and DOI); ECF 64-4 (Sutton Decl.) ¶10 (employees
24  represented by NAGE work at DOI, HHS, and EPA); ECF 79-8 (Medina Neuman Decl.) ¶9
25  (SEIU and its affiliates have union members and/or bargaining unit members who work at DOI,
26  HHS, and EPA); ECF 64-2 (Erwin Decl.) ¶5 (NFFE represents employees at Commerce, the

27
28

1  Department of Housing and Urban Development, and DOI). The same reasons that supported
2  extending the Temporary Restraining Order (TRO) to all of these proposed plaintiffs support
3  their standing and leave to amend the complaint to add them as plaintiffs. *See DCD Programs,*
4  *Ltd.*, 833 F.2d at 186 ("[a]mendment is to be liberally granted where from the underlying facts
5  or circumstances, the plaintiff may be able to state a claim") (quotation omitted).

6　　　　Defendants also oppose amendment based on their legal arguments, submitted in
7  opposition to a preliminary injunction, that Plaintiffs are not entitled to relief on their claims.
8  This Court need not decide the merits of claims to resolve a motion for leave to amend, but even
9  if it did, Plaintiffs have the better of these arguments, as the Court has already previewed in
10 granting the TRO. Adding these additional unions as plaintiffs will ensure that the Court can
11 issue effective relief that prevents the harm to employees caused by unlawful shutdown RIFs
12 being implemented or planned in these agencies.

13　　　　Plaintiffs should therefore be granted leave to amend their complaint to add the six
14 unions.

15 **II.　　Defendants Have Not Shown that Adding Agencies Would Be Inappropriate**

16　　　　The Court should also grant leave to amend to add the additional federal agencies, all
17 subject to OMB and OPM's directives, at which Plaintiffs or proposed plaintiffs represent
18 employees, in addition to those already included in the currently operative complaint. *See* ECF
19 17-3, Exs. A, B. Plaintiffs have submitted record evidence that establishes that at least one
20 Plaintiff or proposed plaintiff represents employees at each of these agencies. *See* ECF 17-5
21 (Blake Decl. ¶8) (AFSCME represents employees at Peace Corps); ECF 79-4 (Biggs Decl. ¶3)
22 (IFTPE represents employees at Merit Systems Protection Board); ECF 79-7 (Kaspar Decl.) ¶6
23 (NTEU represents employees at the Commodity Futures Trading Commission, Federal
24 Communications Commission, Federal Election Commission, and U.S. Securities and Exchange
25 Commission).

26
27
28

Reply in Support of Plaintiffs' Revised Mot. for Leave to Amend Compl., Case No. 3:25-cv-08302-SI
5

Moreover, it is not "pure speculation" that these agencies are preparing RIFs. ECF 86 at 2. Each was subject to the OMB directive to submit such plans for review and approval, and Defendants have nowhere stated (let alone established by way of evidence) that these agencies did not comply with that directive. Further, Defendants have repeatedly announced further RIFs are coming, while at the same time refusing to disclose the agencies (other than DOI) that are preparing them. Defendants do not aver that no RIFs have been or will be issued at these six agencies, and it is not a "fishing expedition" to allow Plaintiffs to protect the employees they represent at these agencies from the implementation of OMB and OPM's unlawful orders. *Id*.

Defendants have not met their burden to show that amending to add these additional defendant agencies is inappropriate.

As with the new plaintiffs, adding these additional agencies as defendants will ensure that the Court can issue effective relief that prevents the harm to employees caused by unlawful shutdown RIFs being implemented or planned in these agencies.

## CONCLUSION

Plaintiffs' Revised Motion for Leave to Amend Complaint should be granted.

Dated: October 27, 2025

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Alice X. Wang
Robin S. Tholin
Talia Stender
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
awang@altshulerberzon.com
rtholin@altshulerberzon.com
tstender@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Plaintiffs*


Elena Goldstein (pro hac vice)
Jennie L. Kneedler (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 322-1959
egoldstein@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for All Plaintiffs*


Norman L. Eisen (pro hac vice)
Craig Becker (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Craig@democracydefenders.org

*Attorneys for All Plaintiffs*


Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*


Teague Paterson (SBN 226659)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO

Reply in Support of Plaintiffs' Revised Mot. for Leave to Amend Compl., Case No. 3:25-cv-08302-SI
7

1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Yvette M. Piacsek*
NATIONAL FEDERATION OF FEDERAL EMPLOYEES, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
Tel: (202)216-4428
ypiacsek@nffe.org

*Attorneys for Plaintiff National Federation of Federal Employees, IAM, AFL-CIO*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Sarah E. Suszczyk*
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org

*Attorneys For Plaintiff National Association of Government Employees, Inc.  (NAGE)*

*\*Pro hac vice application forthcoming*

Reply in Support of Plaintiffs' Revised Mot. for Leave to Amend Compl., Case No. 3:25-cv-08302-SI
8