STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES (DC No. 1657707)
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT (VA Bar No. 89400)
Senior Counsel
STEVEN M. CHASIN
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 616-0929
E-mail: elizabeth.t.hedges@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**DECLARATION OF CRYSTAL TAYLOR PURSUANT TO PRELIMINARY INJUNCTION ORDER** |

Pursuant to 28 U.S.C. § 1746, I, Crystal Taylor, declare as follows:

1. I am the Acting Chief Human Capital Officer and Director, Office of Human Resources Management at the Department of Commerce (Commerce), headquartered in Washington, D.C. I have served in this position since September 25, 2025.

2. In my role at Commerce, I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 28, 2025, preliminary injunction order issued by the Court in this action (the Order), which granted Plaintiffs preliminary injunctive relief and enjoined Defendants from taking certain actions related to RIFs. I make this declaration in response to the Order.

5. The Court's Order provides that Defendants are enjoined from:

    1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member

represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6. The Order specifies, with respect to the above, that:

1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7. The Order also requires Defendants to report certain information by November 4, 2025—specifically:

Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82),

Declaration of Crystal Taylor
3:25-cv-08302-SI

2

and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8. The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

9. Between October 1 and October 14, 2025, Commerce issued specific 60-day RIF notices to 263 employees at the U.S. Census Bureau, the Minority Business Development Agency, the U.S. Patent and Trademark Office, the International Trade Administration, the Bureau of Industry and Security, and the National Telecommunications and Information Administration informing them that their positions would be abolished and they would be separated at the conclusion of the 60-day period.

10. Separately, between October 1 and 15, 2025, Commerce issued general RIF notices to 154 employees at the National Institute of Standards and Technology and the FirstNet Authority informing them that Commerce was conducting a RIF, there was a possibility of separation as a result of the RIF, and they would be provided with a specific notice in the future if it was determined that they would be part of the RIF.

11. For each bureau of Commerce in which employees received specific or general RIF notices, I have identified below: (a) the impacted PPAs; (b) whether that PPA includes any employees subject to this Court's injunction; (c) the number of employees that are within that PPA; and (d) the number of employees within that PPA whom the agency has identified as protected by the Court's injunction.

12. The U.S. Census Bureau issued 101[1] specific RIF notices:

   a. The impacted PPAs are Current Surveys and Programs and Periodic Census and Programs.

   b. AFGE represents employees within these PPAs.

   c. There are 6,885 employees within these PPAs.

   d. All employees within the impacted PPAs, including the 101 employees that received RIF notices, are protected by the Court's injunction.

13. The Minority Business Development Agency issued 23 specific RIF notices:

   a. The impacted PPA involved is Minority Business Development.

   b. NFEE represents employees within this PPA.

   c. There are 24 employees within this PPA.

   d. All employees within the impacted PPA, including the 23 employees that received RIF notices, are protected by this Court's injunction.

14. The U.S. Patent and Trademark Office issued 123[2] specific RIF notices:

   a. The impacted PPAs are Patents Program and Trademark Program.

   b. NTEU represents employees within these PPAs.

   c. There are 13,777 employees within these PPAs.

   d. All employees within the impacted PPAs, including the 123 employees that received notices, are protected by the Court's injunction.

15. The International Trade Administration issued eight[3] specific RIF notices:

   a. The impacted PPA is Global Markets.

   b. The PPA and/or competitive area does not include any employees subject to this court's injunction.

---

[1] While the U.S. Census Bureau originally issued 108 notices, seven of those notices have since been rescinded.

[2] While the U.S. Patent and Trademark Office originally issued 126 specific RIF notices, three of those notices have since been rescinded.

[3] While the International Trade Administration originally issued 19 notices, 11 of those notices have since been rescinded.

     c. There are 601 employees in this PPA.

     d. No employees are protected by the injunction.

16. The Bureau of Industry and Security issued five specific RIF notices:

     a. The impacted PPA is Export Administration.

     b. This PPA does not include any employees subject to this court's injunction.

     c. There are 157 employees within this PPA.

     d. No employees are protected by the injunction.

17. The National Telecommunications and Information Administration issued three specific RIF notices:

     a. The impacted PPA is Broadband Programs.

     b. This PPA does not include any employees subject to this court's injunction.

     c. There are 32 employees within this PPA.

     d. No employees are protected by the injunction.

18. The National Institute of Standards and Technology issued 37 general RIF notices:

     a. The impacted PPAs are Manufacturing Extension Partnership (MEP) and Standards Coordination and Special Programs (SCO-SPO).

     b. These PPAs do not include any employees subject to this court's injunction.

     c. There are 275 employees within these PPAs.

     d. No employees are protected by the injunction.

19. The FirstNet Authority issued 117[4] general RIF notices:

     a. The impacted PPA is First Responder Network Authority.

---

[4] While the FirstNet Authority originally issued 122 notices, five of those notices have since been rescinded.

      b. This PPA does not include any employees subject to this court's injunction.

      c. There are 183 employees within this PPA.

      d. No employees are protected by the injunction.

20. Commerce has taken the following actions to comply with the Order.

      a. Commerce sent notice of the Order to our agency human resources offices on October 29, 2025.

      b. Commerce posted information about the issuance of the Order on our main agency website on November 3, 2025. That information included notice that the Order stayed the effective date of the RIFs in the Census Bureau, the Minority Business Development Agency and the U.S. Patent and Trademark Office.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 4, 2025

/s/ CRYSTAL TAYLOR
Digitally signed by CRYSTAL TAYLOR
Date: 2025.11.04 18:50:01 -05'00'

CRYSTAL TAYLOR
ACTING CHIEF HUMAN CAPITAL OFFICER
DIRECTOR, OFFICE OF HUMAN RESOURCES MANAGEMENT
U.S. DEPARTMENT OF COMMERCE