STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES (DC No. 1657707)
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT (VA Bar No. 89400)
Senior Counsel
STEVEN M. CHASIN
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 616-0929
E-mail: elizabeth.t.hedges@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF JACQUELINE CLAY PURSUANT TO PRELIMINARY INJUNCTION ORDER** |

Pursuant to 28 U.S.C. § 1746, I, Jacqueline Clay, declare as follows:

1. I am the Chief Human Capital Officer at the U.S. Department of Education, headquartered in Washington, D.C. I have served in this position since June 22, 2019.

2. In my role at the U.S. Department of Education ("agency" or "ED"), I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 28, 2025, preliminary injunction order issued by the Court in this action (the Order), which granted Plaintiffs preliminary injunctive relief and enjoined Defendants from taking certain actions related to RIFs. I make this declaration in response to the Order.

5. The Court's Order provides that Defendants are enjoined from:

    1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24,

2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6. The Order specifies, with respect to the above, that:

   1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

   2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7. The Order also requires Defendants to report certain information by November 4, 2025—specifically:

   Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters

(such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8. The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

9. On October 10, 2025, ED issued RIF notices to 465 people. I have noted below the specific number of RIF notices the agency sent out, and the relevant projects, programs, and activities (PPAs) involved, for offices in which Plaintiffs represent agency employees. Each of the following involve AFGE representation.

   a. Office of the Secretary (4)

   b. Office for Civil Rights (137)

   c. Office of Special Education and Rehabilitative Services (121)

   d. Office of Communications (7)

   e. Office of Postsecondary Education (64)

   f. Office of Elementary and Secondary Education (132)

10. ED announced a RIF in March 2025. As relevant to the instant case, in April 2025, ED issued RIF notices to 299 Office for Civil Rights (OCR) employees, providing 60 days notice of June 2025 separation from employment dates. None of those 299 OCR employees are among the 137 OCR employees to whom a RIF notice was issued on October 10. The March 2025 RIF of OCR employees was subsequently enjoined by a district court in two separate actions. Stays of those district court injunctions were obtained in one action in July 2025, and in the other on September 29, 2025. On October 14, 2025, ED emailed the OCR employees who had received RIF notices in April stating

that their separation dates had been recalculated from June to November. Although the March 2025 RIF group of OCR employees is an entirely separate group from the 137 OCR employees to whom October 10 RIF notices were issued, and finalizing the March 2025 RIF does not involve issuing or implementing a RIF during or because of shutdown, ED has paused separating the March RIF OCR employees pending clarification from the Court that the current preliminary injunction does not encompass ED's March 2025 RIF.

11. The agency has taken the following actions to comply with the Order: Notice of, and a copy of, the preliminary injunction Order was sent to me and distributed to my human resources staff, on October 29, 2025. All agency actions to administer or implement the October 10 RIF described in Paragraph 9 above, as well as ED's finalizing of its March 2025 RIF as described in Paragraph 10 above, have been halted.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 4, 2025

*Jacqueline Clay*
Jacqueline Clay