```
STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES (DC No. 1657707)
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT (VA Bar No. 89400)
Senior Counsel
STEVEN M. CHASIN
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 616-0929
E-mail: elizabeth.t.hedges@usdoj.gov
```
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**DECLARATION OF KRYSTI WELLS PURSUANT TO PRELIMINARY INJUNCTION ORDER** |

Declaration of Krysti Wells Pursuant to Preliminary Injunction Order
3:25-cv-08302-SI

Pursuant to 28 U.S.C. § 1746, I, Krysti Wells, declare as follows:

1. I am the Acting Chief Human Capital Officer at the Environmental Protection Agency, headquartered in Washington, D.C. I have served in this position since September 27, 2025.

2. In my role at the EPA, I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 28, 2025, preliminary injunction order issued by the Court in this action (the Order), which granted Plaintiffs preliminary injunctive relief and enjoined Defendants from taking certain actions related to RIFs. I make this declaration in response to the Order.

5. The Court's Order provides that Defendants are enjoined from:

    1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member

represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6. The Order specifies, with respect to the above, that:

1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7. The Order also requires Defendants to report certain information by November 4, 2025—specifically:

Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82),

Declaration of Krysti Wells
3:25-cv-08302-SI

2

and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8. The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

9. On October 10, 2025, the agency issued preliminary Notices of Intent Conduct a RIF to 27 people that advised them that formal RIF notices, if any, would be issued at least 60 days prior to the effective date, as required under Title 5 C.F.R., Part 351. For these individuals, I have identified below: (a) the impacted PPAs or competitive areas, including description of the agency office; (b) whether that PPA or competitive area includes any employees subject to this Court's injunction; (c) the number of employees that are within that PPA or competitive area; and (d) the number of employees within that PPA or competitive area whom the agency has identified as protected by the Court's injunction.

   a. Office of Chemical Safety and Pollution Prevention, Office of Pollution Prevention and Toxics, Sustainability, Prevention, and Right to Know Division, P2 (Pollution Prevention) Grants Branch: six employees, three of whom are covered by AFGE's non-professional certification with EPA.[1]

---

[1] Pursuant to Executive Order 14,251, "Exclusions from Federal-Labor Management Relations Programs," EPA no longer recognizes AFGE as the exclusive representative of the employees in the units identified in AFGE's certifications filed with the Federal Labor Relations Authority. However, EPA understands these employees to be covered by the Order.

    b. Office of Land and Emergency Management, Office of Resource Conservation and Recovery, Resource Conservation and Sustainability Division: 21 employees, 13 of whom are covered by AFGE's non-professional certification with EPA. Three of these employees are covered by NTEU's professional headquarters certification with EPA.

10. The agency has taken the following actions to comply with the Order.

    a. The Agency sent notice of the Order to EPA agency human resources offices on October 29, 2025.

    b. The Agency posted a copy of the Order on our Agency website on October 31, 2025.

    c. The Agency will not proceed with any RIFs prohibited by the Order for as long as the Order remains in force, including the proposed RIFs identified in Paragraph 9, above, absent an order from a higher court providing relief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 4, 2025

KRYSTI WELLS
Digitally signed by KRYSTI WELLS
Date: 2025.11.04 12:55:51 -05'00'

Krysti Wells