STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ELIZABETH HEDGES
MICHAEL K. VELCHIK
Counsel to the Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT (VA Bar No. 89400)
Senior Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 616-0929
E-mail: elizabeth.t.hedges@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>                Defendants. | Case No. 3:25-cv-08302-SI<br><br>**DECLARATION OF THOMAS J. NAGY JR.** |

Declaration of Thomas J. Nagy Jr.
3:25-cv-08302-SI

1    Pursuant to 28 U.S.C. § 1746, I, Thomas J. Nagy Jr., declare as follows:

2    1.    I am the Deputy Assistant Secretary for Human Resources/Chief Human Capital

3    Officer at the U.S. Department of Health and Human Services (HHS), headquartered in

4    Washington, DC. I have served in this position since March 27, 2025.

5    2.    In my role at HHS, I am responsible for personnel management. I have the

6    responsibility of overseeing the tracking and recording of personnel actions, including

7    Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court

8    orders and federal law.

9    3.    Plaintiffs in this lawsuit include eight national unions, American Federation of

10    Government Employees, AFL-CIO ("AFGE"), American Federation of State County and

11    Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees

12    ("NFFE"), Service Employees International Union ("SEIU"), National Association of

13    Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"),

14    International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the

15    American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE

16    Local 1236 and AFGE Local 3172.

17    4.    I am aware of and have reviewed the October 28, 2025, preliminary injunction

18    order issued by the Court in this action (the Order), which granted Plaintiffs preliminary

19    injunctive relief and enjoined Defendants from taking certain actions related to RIFs. I make this

20    declaration in response to the Order.

21    5.    The Court's Order provides that Defendants are enjoined from:

22    1)    taking any action to issue any RIF notices during and because of the federal
       government shutdown to federal employees in any PPA (program, project, or
23        activity) or competitive area that includes any bargaining unit or member
          represented by any Plaintiff, including but not limited to by taking any action to
24        implement or enforce the OMB Lapse Memorandum (dated September 24, 2025),
          the portions of the related OPM Guidance for Shutdown Furloughs (as revised
25        September 28, 2025), the related OPM "Special Instructions for Agencies
          Affected by a Possible Lapse in Appropriations Starting on October 1, 2025"
26        (dated September 28, 2025), or any other decision or directive that purports to
          authorize or require issuance of RIF notices during a shutdown;
27
28    2)    taking any action to administer or implement any RIF notices issued during and
          because of the federal government shutdown to federal employees in any PPA

Declaration of Thomas J. Nagy Jr.
3:25-cv-08302-SI
1

(program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6.     The Order specifies, with respect to the above, that:

1)  The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

2)  The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7.     The Order also requires Defendants to report certain information by November 4, 2025—specifically:

Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8.     The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

9.     On October 10, 2025, HHS issued RIF notices to 954 people, not inclusive of those that have since been rescinded. In the attached chart, I have identified (a) the impacted

Declaration of Thomas J. Nagy Jr.
3:25-cv-08302-SI

2

1  competitive areas,[1] including a description of the competitive area; (b) whether each competitive

2  area includes any employees subject to this Court's injunction; (c) the number of employees that

3  are within each competitive area; and (d) the number of employees within each competitive area

4  whom HHS has identified as protected by the Court's injunction.

5          10.     HHS has taken the following actions to comply with the Order:

6                  a.  Notice of the preliminary injunction was provided to the HHS Office of

7                      Human Resources (OHR) on October 28, 2025, and OHR subsequently

8                      provided notice of the Order to the human resources offices for the Operating

9                      and Staff Divisions.

10                 b.  OHR posted information about the issuance of the Order on its website on

11                     November 3, 2025. *See*

12                     https://www.hhs.gov/about/agencies/asa/ohr/index.html. That information

13                     included notice that the Order stayed the effective date of the RIF notices that

14                     are subject to this Order.

15     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

16  and correct.

17  Dated: November 4, 2025

18
19  THOMAS J. NAGY    Digitally signed by THOMAS J.
                      NAGY JR -S
    JR -S             Date: 2025.11.04 16:56:08 -05'00'
20  _____
    Thomas J. Nagy Jr.
21  Deputy Assistant Secretary for Human Resources/Chief Human
    Capital Officer
22  U.S. Department of Health and Human Services

23

24

25

26  _____
    [1]      A competitive area is typically defined by an organizational code and an office
27  location. For purposes of this accounting, all office locations associated with a particular
    organizational code have been accounted for as a single competitive area, since it is my
28  understanding that at least some of the HHS Operating and Staff Divisions based this RIF on
    organizational code alone, without regard to office location.

Declaration of Thomas J. Nagy Jr.
3:25-cv-08302-SI