STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES (DC No. 1657707)
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT (VA Bar No. 89400)
Senior Counsel
STEVEN M. CHASIN
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 616-0929
E-mail: elizabeth.t.hedges@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF TREVOR NORRIS PURSUANT TO PRELIMINARY INJUNCTION ORDER** |

Pursuant to 28 U.S.C. § 1746, I, Trevor Norris, declare as follows:

1. I am the Deputy Assistant Secretary for Human Resources at the United States Department of the Treasury, headquartered in Washington, D.C. I have served in this position since September 3, 2017.

2. In my role at the United States Department of the Treasury, I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 28, 2025, preliminary injunction order issued by the Court in this action (the Order), which granted Plaintiffs preliminary injunctive relief and enjoined Defendants from taking certain actions related to RIFs. I make this declaration in response to the Order.

5. The Court's Order provides that Defendants are enjoined from:

   1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member

represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6. The Order specifies, with respect to the above, that:

1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7. The Order also requires Defendants to report certain information by November 4, 2025—specifically:

Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82),

Declaration of Trevor Norris
3:25-cv-08302-SI

2

and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8. The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

9. On October 10, 2025, the agency issued RIF notices to 1399 people. For these individuals, I have identified below: (a) the impacted PPAs or competitive areas, including description of the agency office [or program, as relevant]; (b) whether that PPA or competitive area includes any employees subject to this Court's injunction; (c) the number of employees that are within that PPA or competitive area; and (d) the number of employees within that PPA or competitive area whom the agency has identified as protected by the Court's injunction.

   I. IRS Shared Services and Support (PPA)
      a) The IRS Shared Services and Support PPA consists of policy management, administration, IRS-wide research support; strategic planning; communications and liaison; protection of sensitive information and the privacy of taxpayers and employees; finance, human resources, printing and postage; business systems planning; and procurement. 297 RIF notices were issued within this PPA.
      b) The PPA includes employees subject to this Court's injunction.
      c) The PPA includes approximately 5,258 employees.
      d) Of these employees, approximately 1,680 are members of a bargaining unit formally represented by NTEU and are therefore protected by the Court's injunction.
   II. IRS Exam and Collections (PPA)

Declaration of Trevor Norris
3:25-cv-08302-SI

3

a) The IRS Exam and Collections PPA consists of programs that enforce the tax laws and increase compliance through Examination and Collection programs. It also includes campus support of the Questionable Refund Program and appeals, and litigation activities associated with examination and collection.  527 RIF notices were issued within this PPA.

b) The PPA includes employees subject to this Court's injunction.

c) The PPA includes approximately 29,380 employees.

d) Of these employees, approximately 23,094 are members of a bargaining unit formally represented by NTEU and are therefore protected by the Court's injunction.

III. IRS Information Services (PPA)

a) The IRS Information Services PPA consists of staffing, equipment, and related costs to manage, maintain, and operate the information systems supporting IRS business operations and tax administration programs. This includes operations of IT security controls and disaster recovery planning, maintenance of software, as well as the operations, maintenance, and replacement of mainframes, servers, personal computers, and networks. 489 RIF notices were issued within this PPA.

b) The PPA includes employees subject to this Court's injunction.

c) The PPA includes approximately 7,211 employees.

d) Of these employees, approximately 4,405 are members of a bargaining unit formally represented by NTEU and are therefore protected by the Court's injunction.

IV. Treasury-wide Management and Programs (PPA)

a) The Treasury-wide Management and Programs PPA covers Department-wide policy and oversight in budget and financial management, human resources, procurement, and other management areas.  Four RIF notices were issued within this PPA.

b)  The PPA includes employees subject to this Court's injunction.

c) The PPA includes approximately 95 employees.

Declaration of Trevor Norris
3:25-cv-08302-SI

4

       d) Of these employees, approximately 11 are members of a bargaining unit formally represented by NTEU and are therefore protected by the Court's injunction.

V. Community Development Financial Institutions Fund (competitive area).

       a) The Community Development Financial Institutions Fund administers financial assistance to Community Development Financial Institutions. 82 RIF notices were issued within this competitive area.

       b) The competitive area includes employees subject to the Court's injunction.

       c) The competitive area includes approximately 82 employees.

       d) Of these employees, approximately 29 are members of a bargaining unit formally represented by NTEU and are therefore protected by the Court's injunction.

10. On October 31, 2025, I provided notice of the Court's injunction to all Treasury human resources offices in order to ensure compliance.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 4, 2025

John T. Norris
*Digitally signed by John T. Norris Date: 2025.11.04 13:40:14 -05'00'*

Trevor Norris