Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **PLAINTIFFS' URGENT REQUEST FOR STATUS CONFERENCE RE: COMPLIANCE WITH PRELIMINARY INJUNCTION ORDER** <br><br> Complaint Filed: September 30, 2025 |

1  Plaintiffs request an urgent status conference to discuss Defendants' failure to comply in
2  full with this Court's October 28, 2025 preliminary injunction (ECF 94), as revealed by the
3  declarations filed by Defendants on November 4, 2025 (ECF 102-1 – 102-10).  This Court's
4  injunction unambiguously enjoins Defendants from taking any action to issue, administer, or
5  implement reductions in force ("RIFs") during and because of the government shutdown to
6  "federal employees in any PPA (program, project, or activity) or competitive area that includes
7  any bargaining unit or member represented by any Plaintiff."  ECF 94.  The November 4
8  declarations confirm that at least three of the agency Defendants are employing an incorrect and
9  under-inclusive interpretation of the Court's preliminary injunction to "protect" only union or
10 bargaining unit members in a PPA or competitive area, rather than all the employees within such
11 a PPA or competitive area.  ECF 102-4 ¶9-10 (Education); ECF 102-8 ¶9(d) (HUD); ECF 102-
12 10 ¶9 (Treasury).

As Plaintiffs' efforts to remedy these compliance issues through Defendants' counsel have been unsuccessful and Plaintiffs request that the Court schedule a conference to discuss compliance, and as needed enforcement, of this Court's unambiguous orders.  *See* accompanying Leonard Decl., Ex. A.  Defendants have not responded substantively to Plaintiffs' identified compliance concerns, but have stated that they oppose this Request.  *Id*.

Plaintiffs have identified to Defendants the following unresolved compliance issues:

1. Notwithstanding the unambiguous language of this Court's injunction, at least three agencies are failing to protect all employees in a covered PPA or competitive area.  The Treasury Department identifies the total number of employees within the PPA and then states: "[o]f these employees, approximately [X] are members of a bargaining unit formally represented by [Plaintiff union] *and are therefore protected by the Court's injunction*."  ECF 102-10 ¶9.  The HUD Declaration likewise identifies the "number of employees that are within the competitive area" and then identifies the *subset* of those "employees within each competitive area the agency has identified as protected by the Court's injunction."  ECF 102-8 ¶9.  The Department of Education identifies the "Office of Civil Rights" as a covered PPA (ECF 102-4 at ¶9(b)), and then takes the position that additional employees within that same PPA should *not* be covered by

this Court's injunction (*id*. at ¶10). Finally, some agencies' declarations, including at least Education (ECF 102-4) and Energy (ECF 102-5), also failed to comply with this Court's order to disclose "c) how many employees are within each such PPA or competitive area" (ECF 94 at 47), raising further doubt as to compliance with the full scope of the injunction. This is all directly contrary to the plain language of this Court's order. ECF 94 at 45-47.

Plaintiffs identified the issues with these declarations immediately and requested Defendants to confirm compliance and that they would file corrected declarations with this Court, and they have not done so. Leonard Decl. Ex. A. Plaintiffs therefore request a status conference to discuss the best manner to ensure compliance and, if needed, enforcement.

2. This Court's October 28 order required "each Defendant" to provide an accounting by November 4 of any RIFs actually issued or that were or are in preparation. Thirty-one agency Defendants have not complied with this order by providing a declaration. Defendants' counsel has represented only that they have provided the Court with declarations from "Defendant agencies with RIFs reportable pursuant to the Court's aforementioned accounting requirement." ECF 102. Given the prior concerns with under-inclusive interpretations by Defendants, as discussed above and in this Court's Order Clarifying and Modifying the TRO (ECF 70), and with the accuracy and completeness of the information provided by Defendants (see ECF 43; ECF 97 at 44:10-11), Plaintiffs request confirmation, in the form of sworn declarations, of the answers of *"each Defendant"* to the information ordered by the Court.[1]

3. Three of the responding federal agencies included in their declarations testimony confirming that, in addition to the actual RIFs they revealed had occurred within the shutdown period, that no other RIFs had been or are being prepared. See ECF 102-3 at ¶10 ("Since October 1, 2025, the agency has not prepared, and is not currently preparing, any additional RIF notices other than those described in paragraph 9"); *see also* ECF 102-8 at ¶10 (HUD) (same);

---

[1] Plaintiffs also note that at the hearing on Plaintiffs' preliminary injunction motion, counsel for Defendants specifically requested extra time for these reporting requirements, from the two days requested by Plaintiffs to seven days ordered by the Court, in light of the "40-plus affidavits" from "40-plus defendants" they would be gathering. ECF 97 at 45:16-17.

1  ECF 102-9 at ¶12 (Interior, confirming no RIFs will be implemented during the "lapse in
2  appropriations").  All of the other agencies that provided declarations failed to include similar
3  language confirming that no additional RIFs had been or are being prepared, and the omission of
4  this language raises concerns.  Plaintiffs request a further response from these agencies, under
5  penalty of perjury, for the reasons previously explained.[2]
6      Counsel for Plaintiffs are available for a status conference beginning Friday, November
7  7, 2025, and thereafter.

9  Dated: November 6, 2025

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Alice X. Wang
Robin S. Tholin
Talia Stender
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
awang@altshulerberzon.com
rtholin@altshulerberzon.com
tstender@altshulerberzon.com

By: /s/ Stacey M. Leyton

*Attorneys for All Plaintiffs*

Elena Goldstein (pro hac vice)
Jennie L. Kneedler (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553

---

[2] Plaintiffs are continuing to investigate the factual representations made in these declarations including with respect to which components include union members and bargaining units, as well as the Department of Interior's apparent invocation of deliberative process privilege as grunds for refusing to comply with its obligation to provide the information ordered by the Court with respect to planned RIFs.

Washington, DC 20043
Tel: (202) 322-1959
egoldstein@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for All Plaintiffs*


Norman L. Eisen (pro hac vice)
Craig Becker (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Craig@democracydefenders.org

*Attorneys for All Plaintiffs*


Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*


Teague Paterson (SBN 226659)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*


Yvette M. Piacsek*
NATIONAL FEDERATION OF FEDERAL EMPLOYEES, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450

Washington, D.C. 20005
Tel: (202)216-4428
ypiacsek@nffe.org

*Attorneys for Plaintiff National Federation of Federal Employees, IAM, AFL-CIO*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Sarah E. Suszczyk*
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org

*Attorneys For Plaintiff National Association of Government Employees, Inc.  (NAGE)*

*\*Pro hac vice application forthcoming*