Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF DANIELLE LEONARD IN SUPPORT OF PLAINTIFFS' REQUEST FOR URGENT STATUS CONFERENCE** |

**DECLARATION OF DANIELLE LEONARD**

I, Danielle Leonard, declare as follows:

1. I am over 18 years of age and competent to give this declaration. I am a partner at Altshuler Berzon LLP and counsel of record for all Plaintiffs in this case. I make this declaration on personal knowledge of the facts stated herein and if called as a witness in this action, I could and would testify competently to these facts.

2. Late in the evening on November 4, 2025, ten agency Defendants filed declarations with the Court pursuant to this Court's October 28 order. ECF 102-1 to 102-10. Thirty-one of the Defendants named in the operative complaint did not file a declaration (ECF 92).

3. Having carefully reviewed the declarations, Plaintiffs outlined substantial compliance concerns by email to Defendants' counsel on November 5, 2025, and requested prompt confirmation that the issues would be corrected, in light of the conflict between the declarations and the plain language of the Court's October 28 order. A true and correct copy of that email exchange with opposing counsel is attached as Exhibit A. As of the time of this filing, Defendants have not provided any further response to Plaintiffs' identified concerns.

4. To date, Defendants have indicated that they oppose the request for a status conference to address compliance issues but have not responded with respect to the substance of Plaintiffs' concerns. *Id*. As of the time of this filing, Defendants have not provided any further response to Plaintiffs' identified concerns.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed November 6, 2025, in Alameda, California.

*/s/ Danielle Leonard*
Danielle Leonard

# EXHIBIT A

**From:** Danielle Leonard
**Sent:** Wednesday, November 5, 2025 7:25 PM
**To:** 'Chasin, Steven M (CIV)' <Steven.M.Chasin2@usdoj.gov>
**Cc:** BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Talia Stender <tstender@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>
**Subject:** RE: AFGE v. OMB; Agency Declarations

Counsel:
Given the time difference, we believe the time by which we requested that you confirm the information requested in paragraph 1 is more than sufficient. As we noted in the email, the declarations from Education, HUD, and Treasury in particular reveal a misinterpretation of the Court's injunction. Thus, the overly-narrow interpretation contrary to the plain language of the Court's order was known to counsel when those declarations were filed earlier today. It should not be a surprise that Plaintiffs are asking that your clients confirm that they will take swift action to correct this misinterpretation. Please confirm, at a minimum, by noon eastern, that those three agencies will correct this error.

Danielle

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

**ALTSHULER BERZON LLP**

This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.

**From:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Sent:** Wednesday, November 5, 2025 6:57 PM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>
**Cc:** BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Talia Stender <tstender@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Merritt, Robert C. (CIV)

<Robert.C.Merritt@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>
**Subject:** RE: AFGE v. OMB; Agency Declarations

Danielle,

We are in receipt of the email below, sent after COB ET.  We will not be able to provide answers to the various questions you asked by 9 AM PT (12 PM ET), 3 business hours into tomorrow's Eastern Time zone workday (11/6).  We will review and discuss your questions with our clients and revert as soon as we are able to do so.  If you proceed to request a status conference with the Court before we can confer, please note that we oppose your request.

Steve

Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
Desk: (202) 305-0747
Cell: (202) 532-5771

---

**From:** Danielle Leonard <dleonard@altshulerberzon.com>
**Sent:** Wednesday, November 5, 2025 5:58 PM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>
**Cc:** BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Talia Stender <tstender@altshulerberzon.com>
**Subject:** [EXTERNAL] RE: AFGE v. OMB; Agency Declarations

Counsel-
We have reviewed the declarations that you filed last night from a subset of the agency defendants, as well as the updated HHS declaration filed today.  We have several significant concerns regarding compliance with the Court's PI order, and are writing in the hope of resolving these issues promptly without the need for court intervention.   Those issues are:

1. Several of the defendant agencies are interpreting the scope of the injunction to exclude employees who are covered by the plain terms of the Oct. 28 order.  As you know, the Court enjoined all defendants from taking any action to issue, implement or administer RIFs "during and because of the federal government shutdown to **federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff**."  The employees "protected" by this injunction include all employees in any PPA or competitive area that contains any employees represented by any Plaintiff, not just the bargaining unit or members represented by any Plaintiff, under the plain terms of this order.  Defendants argued against this scope, and lost.  Notwithstanding the Court's unambiguous language, the declarations reveal that at least HUD, Treasury, and Education are taking a contrary position that employees within PPAs or competitive areas are not "protected" unless they are in bargaining units or are members represented by Plaintiffs.  ECF 102-4 ¶9-10; ECF 102-8 ¶9(d); ECF 102-10 ¶9.  Agencies (including Energy, and EPA) have also failed to provide the information required by the Court that identifies the total number of employees in a PPA or competitive area, choosing only to provide information regarding employees they believe are represented, raising concerns that those agencies are likewise misinterpreting this injunction.

We are concerned that it appears the defendant agencies are again applying a blatantly under-inclusive interpretation of the Court's injunctive orders. Please confirm **by tomorrow morning, 9am PT,** in writing, in response to this email that no Defendant is or will interpret the preliminary injunction to "protect" only those employees represented by Plaintiffs, rather than all those employees within the PPAs *or* competitive areas that the Court's order protects, and further confirm by that same time that you will submit corrected declarations confirming the same and providing the full scope of the information regarding the number of employees within PPAs or competitive areas by no later than tomorrow, or Plaintiffs will take this issue to the Court.

2. The Court's October 28 order required "*each Defendant*" to file an accounting of any RIFs actually issued or that were or are in preparation. 31 agency Defendants have not complied with this order. You have interpreted this order to permit counsel to represent that these agencies have nothing to report; we disagree with this interpretation the Court's directive to each Defendant. To date, no agency other than DOI has revealed the RIFs beyond the October 10 RIFs that Steven Billy revealed were being prepared and had been submitted to OMB pursuant to that agency's directives, or that OMB Director Vought included in his target of 10,000 employees, and Plaintiffs have good reason to be skeptical that the Court has received complete information regarding RIFs that were in preparation. Please confirm whether or not the agency Defendants that did not provide declarations will agree to do so, swearing under penalty of perjury that the Defendant agency has no RIFs "issued on or after October 1, *or* that were in preparation at the time of this Court's TRO (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction." (Emphasis added.)

3. Three of the responding agencies included language in their declarations confirming that no further RIFs were or are being prepared (i.e, Justice: "Since October 1, 2025, the agency has not prepared, and is not currently preparing, any additional RIF notices other than those described in paragraph 9; also: HUD, Interior). The other agencies failed to include similar language, including: Commerce, DHS, Ed, Energy, EPA, HHS, Treasury. Please confirm whether or not these Defendants will also agree to provide that information in the form of declarations confirming, under penalty of perjury, that the agency has not prepared and is not currently preparing any other RIFs other than the ones described in their declarations. This confirmation is necessary in order to confirm compliance with the Court's requirement that the agencies provide full information about any RIF notices issued or that were in preparation at the time of the Court's orders.

4. The Department of Interior has refused to comply with the Court's order to provide required information regarding the RIFs previously revealed to be in progress, apparently attempting to invoke deliberative process privilege. We appreciate the agency's commitment that, as of today, it does not intend to implement any RIFs during the pendency of the government shutdown and will respond further regarding DOI and this assertion of privilege.

Finally, we are continuing to investigate the information provided in these declarations, including the agencies' representations with respect to whether or not RIFs that have been issued touch PPAs or competitive areas that include any bargaining units or members of unions represented by any Plaintiff, and will let you know whether we have further questions or concerns.

We are bringing these issues to you first, in the hope that we can resolve these issues through complete compliance with the Court's reporting requirements and the full scope of the PI. If we cannot get satisfactory resolution of these issues, we will alert the Court and request another urgent status conference to discuss these matters.

Danielle

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

# ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice. Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

---

**From:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Sent:** Wednesday, November 5, 2025 10:05 AM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>
**Cc:** Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Talia Stender <tstender@altshulerberzon.com>
**Subject:** RE: AFGE v. OMB; Dept of Education Oct. 29 emails

Dear Danielle,
Thank you for your email. Please see the attached with the chart, which we just filed (ECF Notice attached).
Best wishes,
Steve

Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
Desk: (202) 305-0747
Cell: (202) 532-5771

---

**From:** Danielle Leonard <dleonard@altshulerberzon.com>
**Sent:** Wednesday, November 5, 2025 12:04 PM
**To:** Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>
**Cc:** Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Talia Stender <tstender@altshulerberzon.com>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Subject:** [EXTERNAL] RE: AFGE v. OMB; Dept of Education Oct. 29 emails

Counsel-
Your HHS declaration (ECF 102-7) is missing the chart that it says is attached. Will you please provide to us ASAP?

Thanks,
Danielle


Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*