Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**JOINT STATUS REPORT** |

Plaintiffs and Defendants submit this Joint Status Report pursuant to the Court's November 7, 2025 Order re Plaintiffs' Urgent Request (ECF 109), which directed the parties to meet and confer and file a joint status report by November 12, 2025, at 3:00 p.m. PST, and set a Status Conference for November 14, 2025 at 3:00 PM PST.

## BACKGROUND

On October 28, 2025, this Court granted Plaintiffs' Motion for Preliminary Injunction. ECF 94. The Preliminary Injunction Order, as relevant here, ordered Defendants to submit certain information by November 4 and November 12, 2025. Specifically, the Order stated in relevant part:

IT IS FURTHER ORDERED that each Defendant shall:

> 3. By November 4, 2025, file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's TRO (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

> 4. Within ten (10) business days of this Court's injunction, file declarations from each Defendant detailing the steps it has taken to comply with this Court's injunction.

ECF No. 94 at 46-47.

In response, on November 4, 2025, Defendants submitted declarations from ten agencies (*see* ECF 102-1-10; *see also* ECF 103), and explained in their Notice that they "submit the attached declarations from those agencies with RIFs reportable pursuant to the Court's aforementioned accounting requirement." *See* ECF 102. Defendants' Notice also explained that "[e]ach remaining Defendant agency will file, on or before November 12, 2025, a separate declaration, 'detailing the steps it has taken to comply with this Court's injunction.'" *See id*.

On November 6, 2025, Plaintiffs filed an Urgent Request for Status Conference identifying three concerns with Defendants' compliance with the Court's October 28 order as reflected in the declarations Defendants filed. ECF 105. Defendants opposed the request. ECF

106. The parties continued to meet and confer regarding Plaintiffs' concerns by e-mail on November 7, email and videoconference on November 10, and email thereafter and now provide the Court with the following update on the status of their disputes.

**I.     Resolved Disputes**

The Court observed in its Friday November 7 order: "Based on the declarations filed on November 4, 2025, at least three defendant agencies appear to be misconstruing the injunction. *See* Dkt. Nos. 102-4 ("Education Decl."), 102-8 ("HUD Decl."), 102-10 ("Treasury Decl.")." ECF 109 at 2.

Defendants Departments of Education, Housing and Urban Development, and Treasury have confirmed via counsel, in writing, that they are interpreting this Court's preliminary injunction order to apply to protect "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff." Defendants have also confirmed that these three agencies will file updated declarations on November 12, 2025. Plaintiffs agree compliance with these commitments will resolve this dispute.

Plaintiffs identified the Department of Energy declaration as omitting the number of total employees in the affected PPAs or competitive areas. Defendants have agreed to file an updated declaration from the Department of Energy on November 12, 2025. Plaintiffs agree compliance with this commitment will resolve this dispute.

**II.    Unresolved Disputes**

1.     The parties have been unable to resolve their dispute as to whether each Defendant must file a declaration in response to the Court's October 28, 2025 order.

*Plaintiffs' Position*.

The Court's October 28 order required "each Defendant" to provide an accounting by November 4 of any RIFs actually issued or that were or are in preparation. As of November 4, thirty-one agency Defendants did not comply with this order by providing a declaration. Rather than providing sworn declarations from those agencies, Defendants' counsel represented that they have provided the Court with declarations from "Defendant agencies with RIFs reportable

1  pursuant to the Court's aforementioned accounting requirement." ECF 102. Counsel did not
2  explain what interpretation counsel was using to define RIFs were reportable and, in particular,
3  which RIFs "were in preparation" at the time of the Court's TROs and preliminary injunction
4  order. *Id.*

5  Given the prior concerns with under-inclusive interpretations by Defendants, as discussed
6  above and in this Court's Order Clarifying and Modifying the TRO (ECF 70), with the accuracy
7  and completeness of the information provided by Defendants (see ECF 43; ECF 97 at 44:10-11),
8  Plaintiffs requested confirmation, in the form of sworn declarations, of the answers of *"each*
9  *Defendant"* to the information ordered by the Court. In particular, when initially asked to reveal
10  the agencies that were preparing RIFs during the shutdown, Defendants admitted that agencies
11  beyond those that issued RIFs on October 10 were planning additional RIFs, but refused to
12  identify them. *See* ECF 40 ¶9 ("while some agency employees are conducting these
13  predecisional assessments *and RIF planning* (including the activity described in Paragraph 9) as
14  excepted activities, I am not aware of employees of the remaining Defendant agencies having
15  issued RIF notices as an excepted activity during or because of the ongoing lapse in
16  appropriations.") (emphasis added). Then, after October 10, OMB Director (and the President)
17  made repeated statements regarding additional RIFs in the works, including a target of 10,000
18  employees that is higher than the total RIFs issued to date. *See* ECF 79-18, Exs. B, F; *but see*
19  ECF 102-1 to 102-10 (declarations identifying just over 4,000 total RIFs). Finally, Defendants
20  previously failed to reveal that the Department of the Interior was preparing a very large RIF
21  until confronted with information obtained by Plaintiffs. *Compare* ECF 40 & 49-2 *with* ECF 59
22  and ECF 62-11. To date, Defendants have never identified any agency other than the
23  Department of the Interior that has engaged in the planning activity revealed by OMB (ECF 40
24  ¶9). *See* ECF 62-01 to 62-34. This context warranted the Court's order to *each Defendant* to
25  provide an accounting of any RIFs in preparation, an accounting that includes an obligation to
26  confirm by sworn statement if there are no such actions.[1]

27
28  [1] Plaintiffs also note that at the hearing on Plaintiffs' preliminary injunction motion, counsel for Defendants specifically requested extra time for these reporting requirements, from the two days

During the parties' meet and confer conference on November 10, Defendants took the position no further information was required under the language of the Court's order. Then, on November 12, counsel for Defendants informed Plaintiffs's counsel that: "Declarations from the agency defendants that have not previously provided an accounting will include language indicating whether, since October 1, they have prepared or are currently preparing RIF notices." Plaintiffs raised concerns that such statements would remain under-inclusive, and requested further confirmation that Defendants did not provide.

As Plaintiffs explained to Defendants in efforts to further meet and confer, the Court's injunction prohibits "any action" to issue, implement, administer a RIF, which per Defendants' own instructional documents (which are in the PI record, ECF ***) encompass far more than the preparation of RIF notices. Further, OMB's declarant revealed that agencies beyond the agencies that issued the Oct. 10 RIF notices were engaged in "**RIF planning**." ECF 40 ¶9 (emphasis added). Any declaration that is limited to stating whether agencies "have prepared or are currently preparing RIF notices," is too narrow and appears to exclude agency actions indicating that RIFs "were in preparation" at the time of the Court's TROs and PI.

*Defendants' Position.*

Defendants aver that the declarations they will file on November 12 will clarify and may entirely resolve these issues; Defendants suggested a stipulation to defer the filing of the parties' status report until 12 p.m. PT on November 13, so that it would be filed after Defendants' November 12 filings, but the parties were not able to stipulate to an extension of this deadline.

2. The parties have been unable to resolve their dispute as to whether Defendants should file updated declarations from each of the seven agencies that did not confirm that no additional RIFs were in preparation.

*Plaintiffs' Position.*

Three of the responding federal agencies included in their declarations statements confirming that, in addition to the actual RIFs they revealed had occurred within the shutdown

---

requested by Plaintiffs to seven days ordered by the Court, in light of the "40-plus affidavits" from "40-plus defendants" they would be gathering. ECF 97 at 45:16-17.

period, that no other RIFs had been or are being prepared. *See* ECF 102-3 at ¶10 ("Since October 1, 2025, the agency has not prepared, and is not currently preparing, any additional RIF notices other than those described in paragraph 9"); *see also* ECF 102-8 at ¶10 (HUD) (same); ECF 102-9 at ¶12 (Interior, confirming no RIFs will be implemented during the "lapse in appropriations"). All of the other agencies that provided declarations failed to include similar language confirming that no additional RIFs had been or are being prepared, and the omission of this language raises concerns and, in light of statements that additional RIFs were planned including by these agencies (ECF 40 at ¶9; *see also supra*), creates uncertainty as to whether additional RIFs have been prepared but not revealed.

Plaintiffs' position is that these seven agencies should also confirm that no additional RIFs have been prepared that are responsive to the Court's order, or if that is not the case, should disclose those RIFs that had been prepared. The same concerns regarding under-inclusive limitation to the information to be revealed to only those actions preparing RIF notices discussed above also applies to this dispute.

*Defendants' Position*.

Defendants aver that the declarations they will file on November 12 will clarify and may entirely resolve these issues; Defendants suggested a stipulation to defer the filing of the parties' status report until 12 p.m. PT on November 13, so that it would be filed after Defendants' November 12 filings, but the parties were not able to stipulate to an extension of this deadline.

3. The parties' third unresolved dispute involves the Department of the Interior's declaration (and whether it fails to include the information ordered by the Court at ECF 94 at 46-47). The parties continue to meet and confer regarding this declaration and whether it complies with the information required by the Court.

Dated: November 12, 2025

                                      Stacey M. Leyton
                                      Barbara J. Chisholm
                                      Danielle E. Leonard
                                      Alice X. Wang
                                      Robin S. Tholin

Talia Stender
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
awang@altshulerberzon.com
rtholin@altshulerberzon.com
tstender@altshulerberzon.com

By: */s/ Stacey M. Leyton*

*Attorneys for All Plaintiffs*


Elena Goldstein (pro hac vice)
Jennie L. Kneedler (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 322-1959
egoldstein@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for All Plaintiffs*


Norman L. Eisen (pro hac vice)
Craig Becker (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Craig@democracydefenders.org

*Attorneys for All Plaintiffs*


Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426

Sanghr@afge.org

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Yvette M. Piacsek*
NATIONAL FEDERATION OF FEDERAL EMPLOYEES, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
Tel: (202)216-4428
ypiacsek@nffe.org

*Attorneys for Plaintiff National Federation of Federal Employees, IAM, AFL-CIO*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Sarah E. Suszczyk*
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org

*Attorneys For Plaintiff National Association of Government Employees, Inc.  (NAGE)*

*Pro hac vice application forthcoming*

STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
Civil Division

ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director

BRAD P. ROSENBERG
Special Counsel

PIERCE J. ANON
Trial Attorney

*/s/ Steven M. Chasin*
STEVEN M. CHASIN (DC Bar. No. 495853)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0747
E-mail: steven.m.chasin2@usdoj.gov

*Attorneys for Defendants*