STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
STEVEN M. CHASIN (DC Bar. No. 495853)
PIERCE J. ANON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0747
E-mail: steven.m.chasin2@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**DEFENDANTS' NOTICE OF FILING OF AGENCY DECLARATIONS**<br><br>Judge: Hon. Susan Illston |

On October 28, 2025, this Court entered a Preliminary Injunction requiring, *inter alia*, that each Defendant, by November 4, 2025, "file an accounting of any RIFs [(Reductions-in-Force)] that have been issued on or after October 1, or that were in preparation at the time of this Court's TRO (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction." *See* Dkt. No. 94 at 46-47 (¶ 3). The Preliminary Injunction further ordered each Defendant to file, within ten (10) business days of its entry (*i.e.,* by November 12, 2025), a declaration "detailing the steps it has taken to comply with this Court's injunction." *Id*. at 47 (¶ 4).

The attached declarations address those steps; some declarations contain additional information the parties have met and conferred about related to Declarations filed previously in this case.

Defendants also respectfully submit that recent events should moot Plaintiffs' claims. On the evening of November 12, the President signed into law H.R. 5371, the "Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions Act, 2026" (referred to as the Continuing Resolution or the "CR"). The CR makes continuing appropriations and extensions for fiscal year 2026, and for other purposes, and therefore ends the lapse in appropriations underlying this case. Specifically relevant here, Section 120(e) of the CR provides:

> (e) Notwithstanding section 106(1), any reduction in force proposed, noticed, initiated, executed, implemented, or otherwise taken by an Executive Agency between October 1, 2025, and the date of enactment, shall have no force or effect.
>
> (1)  Any employee who received notice of being subject to such a reduction in force shall have that notice rescinded and be returned to employment status as of September 30, 2025, without interruption. Such employees shall receive all pay to which they otherwise would have been entitled in the absence of receiving such notice, including backpay in accordance with section 116 of this Act.
>
> (2)  Within 5 days of date of enactment of this Act, each Federal agency shall send notice to all affected employees and the chairs and ranking members of the Appropriations Committees of the Senate and House of Representatives of the

Defendants' Notice of Filing of Agency Declarations
3:25-cv-08302-SI

1

withdrawal of the reduction in force notice and the affected employee's reinstatement, if applicable.

(3)   Notices must include reinstatement date and the amount of back pay determined in paragraph (1), if applicable.

And Section 120(a) of the CR provides that:

(a) PROHIBITION.—Notwithstanding section 106(1), during the period between the date of enactment of this Act and the date specified in section 106(3) of this Act, no federal funds may be used to initiate, carry out, implement, or otherwise notice a reduction in force to reduce the number of employees within any department, agency, or office of the Federal Government.

Because Defendants believe this moots Plaintiffs' claims, Defendants propose to meet and confer with Plaintiffs about how to address this development for the Court.

| | |
|---|---|
| Dated: November 12, 2025 | Respectfully submitted,<br><br>STANLEY E. WOODWARD, JR.<br>Associate Attorney General<br><br>BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>ERIC J. HAMILTON<br>Deputy Assistant Attorney General<br><br>MICHAEL K. VELCHIK<br>Senior Counsel to the Assistant Attorney General<br>Civil Division<br><br>ELIZABETH HEDGES<br>Counsel to the Assistant Attorney General<br>Civil Division<br><br>CHRISTOPHER R. HALL<br>Assistant Branch Director<br><br>BRAD P. ROSENBERG<br>Special Counsel<br><br>*/s/ Steven M. Chasin*<br>STEVEN M. CHASIN (DC Bar. No. 495853)<br>PIERCE J. ANON<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, DC 20005<br>Phone: (202) 305-0747<br>E-mail: steven.m.chasin2@usdoj.gov<br><br>*Attorneys for Defendants* |

Defendants' Notice of Filing of Agency Declarations
3:25-cv-08302-SI

3