STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
STEVEN M. CHASIN  (DC Bar No. 495853)
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0747
E-mail: steven.m.chasin2@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **SECOND DECLARATION OF JACQUELINE CLAY PURSUANT TO PRELIMINARY INJUNCTION ORDER** |

I, Jacqueline Clay, declare as follows:

1. I am the Chief Human Capital Officer at the U.S. Department of Education, headquartered in Washington, D.C. I have served in this position since June 22, 2019.

2. In my role at the U.S. Department of Education ("agency" or "ED"), I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 28, 2025, preliminary injunction order issued by the Court in this action (the "Order"), which granted Plaintiffs preliminary injunctive relief and enjoined Defendants from taking certain actions related to RIFs. I submitted a declaration on behalf of the agency on November 4, 2025 (ECF No. 102-4), in compliance with the Order, which I incorporate herein by reference. I make this declaration in further response to the Order.

5. The Court's Order provides that Defendants are enjoined from:

1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6. The Order specifies, with respect to the above, that:

   1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

   2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7. The Order also requires Defendants to report certain information by November 4, 2025—specifically:

Second Declaration of Jacqueline Clay Pursuant to Preliminary Injunction Order
3:25-cv-08302-SI

2

> Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8. The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

9. In response to the Order's aforementioned accounting requirement, specifically subpart (c) ("how many employees are within each such PPA or competitive area"), I provide the following information. To my best estimation, as of today's date, the total number of ED employees is 2,536. On October 10, 2025, ED issued RIF notices to 465 of those employees. I have identified below, subject to my further explanation in paragraph 10 below, the specific number of RIF notices the agency sent out (as I previously set forth in my November 4 declaration), as well as the total number of employees, in the relevant program, project, or activity (PPA) affected by this October 10 RIF:

    a. Office of the Secretary (4 RIF notices, out of 58 employees)

    b. Office for Civil Rights (137 RIF notices, out of 446 employees)

    c. Office of Special Education and Rehabilitative Services (121 RIF notices, out of 135 employees)

    d. Office of Communications (7 RIF notices, out of 26 employees)

    e. Office of Postsecondary Education (64 RIF notices, out of 125 employees)

    f. Office of Elementary and Secondary Education (132 RIF notices, out of 185 employees)

10. In constructing the above inventory of RIF actions, ED did not distinguish between PPAs ("offices" above) employing persons represented by a Plaintiff union (pertinent to ED, that is Plaintiff AFGE) and PPAs that might not employ any AFGE members. Thus, all October 10 RIF notices are accounted for above, regardless of Plaintiff representation of employees who received those notices. There are no PPAs within ED affected by a RIF initiated on or after October 1, 2025, that are not accounted for above. We understand that the injunction prohibits taking any action to administer or enforce any RIF notices issued during or because of the federal government shutdown to federal employees in any PPA or competitive area that includes any bargaining unit or member represented by any Plaintiff.

11. I provide the following additional information regarding the RIF notices issued to Office for Civil Rights (OCR) employees. As I explained in my November 4, 2025 declaration, ED announced a RIF in March 2025. As relevant to the instant case, in April 2025, ED issued RIF notices to 299 OCR employees, providing 60 days notice of June 2025 separation from employment dates. None of those 299 OCR employees are among the 137 OCR employees— as identified in the inventory above— to whom a RIF notice was issued on October 10. The March 2025 RIF of OCR employees was subsequently enjoined by a district court in two separate actions. Stays of those district court injunctions were obtained in one action in July 2025, and in the other on September 29, 2025. On October 14, 2025, ED emailed the OCR employees who had received RIF notices in April stating that their separation dates had been adjusted from June to

Second Declaration of Jacqueline Clay Pursuant to Preliminary Injunction Order
3:25-cv-08302-SI

4

November. Thus, there are two separate RIFs at ED involving two entirely separate groups of OCR employees:

- the March 2025 RIF, now encompassing 247 OCR employees (out of 299 OCR employees that received RIF notices in April 2025, 52 of which departed from OCR or ED entirely in the interim); and

- the October 10, 2025 RIF, encompassing 137 OCR employees that did not receive April 2025 RIF notices pursuant to the March 2025 RIF.

12. Although the March 2025 RIF group of OCR employees is an entirely separate group from the 137 OCR employees to whom October 10 RIF notices were issued, and finalizing the March 2025 RIF does not involve issuing or implementing a RIF during and because of shutdown, ED has paused separating the March RIF OCR employees pending clarification from the Court that the current preliminary injunction does not encompass ED's March 2025 RIF.

13. Thus, included in the 446 total number of OCR employees (as referenced in the inventory above), are 384 employees who received RIF notices: (i) the 137 OCR employees who were subject to the lapse-related October RIF, and (ii) the 247 OCR employees (currently on paid administrative leave) who were subject to the March RIF and who have not since departed from OCR or ED.

14. Since October 1, 2025, ED has not prepared, and is not currently preparing, any RIF notices, other than those described in my earlier declarations in this case (ECF No. 102-4, ¶ 9) (as also described in paragraph 9 above).

15. The agency has taken the following actions to comply with the Order: Notice of, and a copy of, the preliminary injunction Order was sent to me and distributed to my human resources staff, on October 29, 2025. All agency actions to administer or implement the

October 10 RIF described in Paragraph 9 above, as well as ED's finalizing of its March 2025 RIF as described in Paragraphs 11-12 above, have been halted.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2025

_____
Jacqueline Clay