```
STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
STEVEN M. CHASIN (DC Bar No. 495853)
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0747
E-mail: steven.m.chasin2@usdoj.gov
```
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF KELLY ELLIOTT PURSUANT TO PRELIMINARY INJUNCTION ORDER** |

Pursuant to 28 U.S.C. § 1746, I, Kelly Elliott, declare as follows:

1. I am the Chief Human Capital Officer at the National Aeronautics and Space Administration (NASA). I have held that position since December 2023, after being named as NASA's Acting Chief Human Capital Officer in February 2023. I have worked at NASA since 2005, and the principal responsibilities of each of my NASA roles during that time have related to human capital and/or human resources.

2. In my role as the Chief Human Capital Officer at NASA, I am responsible for leading the human capital practices that support NASA's workforce. The office I lead has responsibility for tracking and recording personnel actions at NASA, as well as overseeing Reductions-in-Force (RIFs), RIF policies, and RIF planning. My office also assists in ensuring that all personnel actions comply with court orders and federal law.

3. I understand that Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 28, 2025, preliminary injunction order issued by the Court in this action (the Order), which granted Plaintiffs preliminary injunctive relief and enjoined Defendants from taking certain actions related to RIFs. I make this declaration in response to the Order.

5. The Court's Order provides that Defendants are enjoined from:

   1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

   2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6. The Order specifies, with respect to the above, that:

   1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

   2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7. The Order also requires Defendants to report certain information by November 4, 2025—specifically:

> Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8. The agency had no new information to report on November 4, pursuant to the aforementioned accounting requirement, following the last declaration in this case which the agency submitted pursuant to the Court's temporary restraining order.

9. Since October 1, 2025, NASA has not prepared, and is not currently preparing, any RIF notices.

10. The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

11. The agency has taken the following actions to comply with the Order. I received notice of the Order on October 29, 2025, and I have reviewed the Order carefully. In addition, I have circulated a copy of the Order to my direct reports and to relevant NASA leadership.

1 | Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2025

**Kelly Elliott**
Digitally signed by Kelly Elliott
Date: 2025.11.12 09:18:11 -05'00'

Kelly Eliott
Chief Human Capital Officer
National Aeronautics and Space Administration