STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
STEVEN M. CHASIN (DC Bar No. 495853)
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0747
E-mail: steven.m.chasin2@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **SECOND DECLARATION OF JENNIFER GOLDER PURSUANT TO PRELIMINARY INJUNCTION ORDER** |

Pursuant to 28 U.S.C. § 1746, I, Jennifer Golder, declare as follows:

1. I am the Chief Human Capital Officer at the U. S. Nuclear Regulatory Commission (NRC), headquartered in Rockville, Maryland. I have served in this position since September 2024.

2. In my role at the NRC I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including any Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 28, 2025, preliminary injunction order issued by the Court in this action (the Order), which granted Plaintiffs preliminary injunctive relief and enjoined Defendants, which includes NRC, from taking certain actions related to RIFs. I make this declaration in response to the Order. This Declaration supplements the October 17, 2025 declaration which the NRC provided in response to the Court's Order dated October 15, 2025

5. The Court's Order provides that Defendants, of which NRC is one, are enjoined from:

1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6. The Order specifies, with respect to the above, that:

1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7. The Order also requires Defendants to report certain information by November 4, 2025— specifically:

Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8. The NRC had no new information to report on November 4, pursuant to the aforementioned accounting requirement, following the last declaration in this case which the NRC submitted pursuant to the Court's temporary restraining order on October 17, 2025.

9. Since October 1, 2025, the NRC has not prepared, and is not currently preparing, any RIF notices.

10. The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

11. In addition, to confirm compliance with the Order, a copy of the Order was provided to me and other executive management of the NRC by the NRC's Office of General Counsel on October 30, 2025.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2025

Jennifer Golder
Chief Human Capital Officer
U.S. Nuclear Regulatory Commission