1  STANLEY E. WOODWARD, JR.
   Associate Attorney General
2  BRETT A. SHUMATE
   Assistant Attorney General
3  Civil Division
   ERIC J. HAMILTON
4  Deputy Assistant Attorney General
5  MICHAEL K. VELCHIK
   Senior Counsel to the Assistant Attorney General
6  ELIZABETH HEDGES
   Counsel to the Assistant Attorney General
7  Civil Division
8  CHRISTOPHER R. HALL
   Assistant Branch Director
9  BRAD P. ROSENBERG
   Special Counsel
10 STEVEN M. CHASIN (DC Bar No. 495853)
11 PIERCE J. ANON
   Trial Attorneys
12 Civil Division, Federal Programs Branch
13 U.S. Department of Justice
   1100 L Street, NW
14 Washington, DC 20005
   Phone: (202) 305-0747
15 E-mail: steven.m.chasin2@usdoj.gov
16 *Attorneys for Defendants*

17       UNITED STATES DISTRICT COURT FOR THE
            NORTHERN DISTRICT OF CALIFORNIA
18              SAN FRANCISCO DIVISION

19

20 | AMERICAN FEDERATION OF | Case No. 3:25-cv-08302-SI |

21   GOVERNMENT EMPLOYEES, AFL-CIO,    **DECLARATION OF JAMESA**
     et al.,                           **HUNTER PURSUANT TO**
22                                      **PRELIMINARY INJUNCTION**
                    Plaintiffs,         **ORDER**
23

24       v.

25   UNITED STATES OFFICE OF
     MANAGEMENT AND BUDGET, et al.,
26

27                  Defendants.

28

1

2    Pursuant to 28 U.S.C. § 1746, I, Jamesa Hunter, declare as follows:

3    1.  I am the Vice President and Chief Human Capital Officer at the U.S. International

4    Development Finance Corporation (DFC), headquartered in Washington, D.C. I have

5    served in this position since November 4, 2024.

6
     2.  In my role at the DFC, I am responsible for personnel management. I have the
7
     responsibility for tracking and recording personnel actions, including Reductions-in-
8
9    Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and

10   federal law.

11
     3.  Plaintiffs in this lawsuit include eight national unions, American Federation of
12
     Government Employees, AFL-CIO ("AFGE"), American Federation of State County and
13
14   Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal

15   Employees ("NFFE"), Service Employees International Union ("SEIU"), National

16   Association of Government Employees, Inc. ("NAGE"), National Treasury Employees

17
     Union ("NTEU"), International Federation of Professional and Technical Engineers,
18
     AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local
19
20   California-based chapters, AFGE Local 1236 and AFGE Local 3172.

21   4.  I am aware of and have reviewed the October 28, 2025, preliminary injunction order

22   issued by the Court in this action (the Order), which granted Plaintiffs preliminary

23
     injunctive relief and enjoined Defendants from taking certain actions related to RIFs.  I
24
     make this declaration in response to the Order. This declaration supplements earlier
25
26   declarations which the DFC provided in response to the Court's Order (ECF No. 102).

27   5.  The Court's Order provides that Defendants are enjoined from:

28

Second Declaration of Jamesa Hunter
3:25-cv-08302-SI

1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6. The Order specifies, with respect to the above, that:

1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7. The Order also requires Defendants to report certain information by November 4, 2025—

specifically:

1

2

3

4

5

6

7

Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8

9

10

11

8. The agency had no new information to report on November 4, pursuant to the aforementioned accounting requirement, following the last declaration in this case which the agency submitted pursuant to the Court's temporary restraining order.

12

13

9. Since October 1, 2025, DFC has not prepared, and is not currently preparing, any RIF notices.

14

15

16

10. The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

17

11. The agency has taken the following actions to comply with the Order.

18

   a.  I received notice of the Preliminary Injunction.

19

20

21

22

   b.  We have not engaged in any activity related to RIF planning or execution during the pendency of this lawsuit, including administering or implementing RIF notices.

23

24

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

25

Dated: November 12, 2025

26

27

28