STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
STEVEN M. CHASIN (DC Bar No. 495853)
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0747
E-mail: steven.m.chasin2@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**DECLARATION OF D. ALEC PALMER PURSUANT TO PRELIMINARY INJUNCTION ORDER** |

Declaration of D. Alec Palmer Pursuant to Preliminary Injunction Order
3:25-cv-08302-SI

I, D. Alec Palmer, declare as follows:

1. I am the Staff Director and Chief Information Officer of the Federal Election Commission ("FEC" or "Commission"), headquartered in Washington, D.C. I joined the Commission as Director of the Data Systems Development Division in September 2003; the title of the position was changed to Chief Information Officer shortly thereafter. I was named Acting Staff Director of the Commission in August 2009, and took on the permanent position of Staff Director, while continuing to serve as Chief Information Officer, in August 2011.

2. The Staff Director is one of three staff positions at the Commission established by statute and one of two established by the Federal Election Campaign Act. 52 U.S.C. § 30106(f)(1). As Staff Director, I am responsible for serving as the chief administrative and management officer of the Commission with ultimate supervision of the operation of all divisions with certain exceptions relating to the Office of General Counsel, the Inspector General and the Chief Financial Officer. I am directly accountable to the Commission for the performance of all Divisions within my purview and work with the Commission to ensure the agency's mission is met economically, efficiently, and professionally. Among the offices within my ultimate responsibility is the Commission's Office of Human Resources. I am either personally involved in or familiar with all major personnel-related decisions at the FEC and would be personally involved in any decision by the FEC to conduct a reduction in force ("RIF").

3. Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal

Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I am aware of and have reviewed the October 28, 2025, preliminary injunction order issued by the Court in this action (the Order), which granted Plaintiffs preliminary injunctive relief and enjoined Defendants from taking certain actions related to RIFs. I make this declaration in response to the Order.

5. The Court's Order provides that Defendants are enjoined from:

   1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

   2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

6. The Order specifies, with respect to the above, that:

1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

7. The Order also requires Defendants to report certain information by November 4, 2025—specifically:

   Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

8. The FEC was not added to this action as a defendant until the same time the Court issued the Order. It had no information to report on November 4, pursuant to the aforementioned accounting requirement, because it neither issued any RIFs on or after October 1, 2025, nor did it have any RIFs in preparation at the times of this Court's TRO, clarified and modified TROs, or preliminary injunction.

9. The FEC does not currently have any RIFs in preparation.

Declaration of D. Alec Palmer Pursuant to Preliminary Injunction Order
3:25-cv-08302-SI

3

10. The Order also requires, by November 12, 2025, that each Defendant file a declaration detailing the steps it has taken to comply with this Court's injunction.

11. The agency has taken the following actions to comply with the Order.

    a. I received a copy of the Order on October 29, 2025, and have reviewed it carefully.

    b. The Order has been distributed to the Commissioners of the FEC and to all senior agency managers who would be involved in any decision about whether to conduct RIFS and who are not otherwise furloughed due to the current lapse of appropriations.

    c. To comply with the informational requirements of the Court's Order, I have prepared and submitted this declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2025

David Palmer
Digitally signed by David Palmer
Date: 2025.11.12 10:22:18 -05'00'

D. ALEC PALMER

Declaration of D. Alec Palmer Pursuant to Preliminary Injunction Order
3:25-cv-08302-SI