STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
STEVEN M. CHASIN (DC Bar No. 495853)
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0747
E-mail: steven.m.chasin2@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**DECLARATION OF LORI MICHALSKI PURSUANT TO ORDER ISSUED AT NOVEMBER 14, 2025 STATUS CONFERENCE** |

I, Lori Michalski, declare as follows:

1. I am the General Deputy Assistant Secretary, Office of Administration, at the U.S. Department of Housing and Urban Development (HUD), headquartered in Washington, D.C. I have served in this position since October 5, 2025.

2. In my role as the General Deputy Assistant Secretary, I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. I make this declaration pursuant to the Court's order at the November 14, 2025 Status Conference in this case. As stated in the Minute Order dated November 17, 2025 summarizing that Status Conference, "The Court **ORDERED** that Defendants file a report updating the Court on what actions have been taken on the rifs that were issued as of 10/1/2025." ECF No. 115. I further understand that at the Status Conference, the Court specified that this report should pertain to RIFs which are within the scope of the Court's temporary restraining order (TRO) (ECF No. 56) and/or the preliminary injunction order (PI Order) (ECF No. 94) entered in this case.

4. Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers,

Declaration of Lori Michalski Pursuant to Order Issued at November 14, 2025 Status Conference
3:25-cv-08302-SI

1

AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

5. I am aware of and have reviewed the Court's October 15, 2025 TRO (ECF No. 56), which granted Plaintiffs temporary injunctive relief and restrained certain Defendants from taking specified actions related to RIFs.

6. Specifically, the TRO provides that Defendants are restrained from:

   1) taking any action to issue any Reduction in Force ("RIF") notices to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff during or because of the federal government shutdown, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

   2) taking any further action to administer or implement any RIF notices already issued beginning on October 10, 2025 to federal employees in any PPA (program, project, or activity) that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by requiring federal employees to perform work to further administer or implement RIF notices and by enforcing or counting any days towards any period of notice with respect to those notices (i.e., the effective date of the RIF shall be stayed and Defendants shall therefore toll the running of all RIF notice periods).

7. The TRO also required Defendants to report certain information by October 17, 2025:

   Defendants shall serve and file an accounting of all RIFs, actual or imminent, that are enjoined by this TRO, including but not limited to a description of the agency that imposed or is planning to impose the enjoined RIF, the number of employees included in the enjoined RIF, and description of the PPAs that Defendants included in the enjoined RIF.

8. I am aware that the TRO subsequently was clarified and modified. *See* ECF No. 70, 82.

9. I also am aware of and have reviewed the Court's October 28, 2025 PI Order (ECF No. 94), which granted Plaintiffs preliminary injunctive relief and enjoined Defendants from taking certain actions related to RIFs.

10. The Court's PI Order provides that Defendants are enjoined from:

   1) taking any action to issue any RIF notices during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown;

   2) taking any action to administer or implement any RIF notices issued during and because of the federal government shutdown to federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff, including but not limited to by taking any action to implement or enforce the OMB Lapse Memorandum (dated September 24, 2025), the portions of the related OPM Guidance for Shutdown Furloughs (as revised September 28, 2025), the related OPM "Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025" (dated September 28, 2025), or any other decision or directive that purports to authorize or require issuance of RIF notices during a shutdown.

11. The PI Order specifies, with respect to the above, that:

   1) The phrase "federal employees in any PPA (program, project, or activity) or competitive area that includes any bargaining unit or member represented by any Plaintiff" includes (a) "federal employees in any PPA or competitive area" in which Plaintiffs have any members, regardless of whether those members are employed in a bargaining unit that is represented by a Plaintiff; and (b) "federal employees in any PPA or competitive area" in which any Plaintiff is or was a recognized collective bargaining representative of a bargaining unit prior to or after the issuance of Executive Orders 14251 and 14343, the effect of which is the subject of legal dispute.

   2) The reference to issuance of RIF notices "during and because of the federal government shutdown" or "during a shutdown" applies to any RIF notices issued on or after October 1, 2025, and before the end of the federal

government shutdown, unless the Court determines following an evidentiary hearing that the RIF was planned to occur independent of and before the shutdown.

12. The PI Order also required Defendants to report certain information by November 4, 2025:

> Each Defendant shall file an accounting of any RIFs that have been issued on or after October 1, or that were in preparation at the time of this Court's temporary restraining order (TRO) (ECF 56), clarified and modified TROs (ECF 70, 82), and/or preliminary injunction, including at a minimum information identifying: a) the impacted PPAs or competitive areas, including information or parameters (such as a description of the office or program within the agency) used by the Defendant to define the PPAs or competitive areas; b) whether each impacted PPA or competitive area includes any employees subject to this Court's injunction; c) how many employees are within each such PPA or competitive area; and d) the number of employees within each such PPA or competitive area whom Defendant has identified as protected by the Court's injunction.

13. The PI Order also required, by November 12, 2025, that each Defendant file a declaration "detailing the steps it has taken to comply with this Court's injunction."

14. Pursuant to these requirements in the TRO and PI Order, the agency previously submitted declarations which explained, in relevant part, that the agency had issued the following RIF notices, within the scope of the TRO and/or PI:

   a) In a declaration that was submitted to the Court on October 17, 2025, I identified that on October 10, 2025, HUD issued RIF notices to a total of 442 employees, 8 specific competitive areas in which these employees who received RIF notices are located, as well the specific number of AFGE bargaining unit employees in each of the competitive areas whose RIF notices were enjoined by the TRO. There was a total of 333 AFGE bargaining unit employees whose RIF notices were enjoined by the TRO. *See* ECF No. 62-9.

Declaration of Lori Michalski Pursuant to Order Issued at November 14, 2025 Status Conference
3:25-cv-08302-SI

4

    b) In a declaration that was submitted to the Court on November 4, 2025, I again identified that on October 10, 2025, HUD issued RIF notices to a total of 442 employees. In addition, I provided a description of the 8 competitive areas that I previously identified; indicated that all of the competitive areas include employees subject to the Court's injunction; the total number of employees in each of the 8 competitive areas; and the number of employees within each of the 8 competitive areas that HUD identified as protected by the Court's injunction. The total number of employees protected by the Court's injunction was 442. Finally, I also confirmed that HUD had not prepared and was not preparing any additional RIF notices other than the 442 RIF notices that were previously issued on October 10, 2025. *See* ECF No. 102-8.

    c) In a second declaration that was submitted to the Court on November 12, 2025, in order to provide clarity regarding the November 4, 2025, declaration, I indicated that HUD understands that the injunction prohibits taking any action to administer or enforce RIF notices issued to any of the employees in the competitive areas identified in the November 4 declaration. *See* ECF No. 112-10.

15. I understand that on November 12, 2025, the President signed into law H.R. 5371, the "Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions Act, 2026" (referred to as the Continuing Resolution or the "C.R."). As relevant here, section 120(e) of the C.R. provides:

> (e) Notwithstanding section 106(1), any reduction in force proposed, noticed, initiated, executed, implemented, or otherwise taken by an Executive Agency between October 1, 2025, and the date of enactment, shall have no force or effect.

>(1) Any employee who received notice of being subject to such a reduction in force shall have that notice rescinded and be returned to employment status as of September 30, 2025, without interruption. Such employees shall receive all pay to which they otherwise would have been entitled in the absence of receiving such notice, including backpay in accordance with section 116 of this Act.
>
>(2) Within 5 days of date of enactment of this Act, each Federal agency shall send notice to all affected employees and the chairs and ranking members of the Appropriations Committees of the Senate and House of Representatives of the withdrawal of the reduction in force notice and the affected employee's reinstatement, if applicable.
>
>(3) Notices must include reinstatement date and the amount of back pay determined in paragraph (1), if applicable.

16. Pursuant to C.R. section 120(e), on November 13, 2025, HUD notified each of the 442 employees who previously received a RIF notice on October 10, 2025, that their RIF notices have been rescinded and that they are returned to active-duty status and are expected to resume normal work duties immediately. The payment of backpay in accordance with section 116 of the Act for these employees is expected to be completed by November 20, 2025, and no later than November 24, 2025 for any whose timecards have not been timely validated. On November 14, 2025, HUD notified the chairs and ranking members of the Appropriations Committees of the Senate and House of Representatives of the RIF recission notices.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 20, 2025

*Lori A. Michalski*

/s/