Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that as soon as the parties may be heard, in Courtroom 1, 17th floor, of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA, Plaintiffs will and hereby do move for leave to file their Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d), supplementing and not superseding the currently operative Second Amended Complaint filed on October 28, 2025 (ECF 92).  Defendants have confirmed that Plaintiffs may represent that this Motion is unopposed.  Decl. of Danielle Leonard in Support of Pls.' Motion to For Leave to File Supp. Compl. ¶3.

Plaintiffs are separately moving to shorten time so that this motion may be resolved expeditiously in light of the accompanying Motion for Temporary Restraining Order ("TRO") being filed on behalf of Plaintiff American Federation of Government Employees ("AFGE") and proposed Plaintiff American Foreign Service Association ("AFSA"), which is named as a Plaintiff in this Supplemental Complaint.  That TRO Motion seeks an immediate stay of the imminent separation of federal employees of Defendant U.S. Department of State ("State Department"), which is set to occur on **December 5, 2025**, pursuant to an unlawful reduction in force ("RIF").  The implementation and execution of that RIF violates Section 120 of the Continuing Resolution legislation, which was enacted by Congress and signed by the President on November 12, 2025 to end the recent government shutdown.  Plaintiffs have moved as swiftly as possible since the State Department announced on December 1, 2025 that it would impose this new December 5, 2025 separation date on employees just four days later.

Leave to file the Supplemental Complaint should be granted because the filing is based on "transaction[s], occurrence[s], or event[s] that happened after the date" of the Second Amended Complaint pursuant to Rule 15(d), and is not sought in bad faith; Plaintiffs have not unduly delayed seeking leave to file by moving two days after the State Department's announcement of imminent termination of employees represented by AFGE and AFSA; the proposed supplement does not unduly prejudice any other party; and the supplement is not

1  futile. Plaintiffs' motion is supported by the following Memorandum of Points and Authorities,
2  all pleadings and papers on file with the Court, and such oral argument as may be heard by the
3  Court.

## MEMORANDUM IN SUPPORT

Plaintiffs seek leave to file a supplemental complaint ("Supplemental Complaint," attached hereto as Ex. A), pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. The proposed Supplemental Complaint sets forth allegations and claims related to recent actions by Defendants Office of Management and Budget ("OMB") and Office of Personnel Management ("OPM"), and certain Federal Agency Defendants (the Departments of Education, Defense, and State, and the General Services Administration and Small Business Administration), which violate recently enacted statutory prohibitions on implementing RIFs. Ex. A. While Plaintiffs' claims asserted in the currently operative complaint center on Defendants' unlawful attempts to implement RIFs during the shutdown, attempts which this Court preliminarily enjoined, the Supplemental Complaint raises legal challenges to some Defendants' subsequent attempts to unlawfully implement RIFs during and immediately following the shutdown, in violation of the legislation that was enacted to end the federal government shutdown.

Specifically, as of November 12, 2025, federal law (Section 120 of the Continuing Resolution) squarely prohibits Defendants from taking any further actions to implement or effectuate any RIFs at any federal agency for any federal employees through January 30, 2026, *and* requires Defendants to rescind any RIFs that were "proposed, noticed, initiated, executed, implemented, or otherwise taken" during the recent shutdown. Pub. L. No 119-37, §120, 139 Stat 495 (2025). Notwithstanding this statutory language, Defendants OPM and OMB have again issued unlawful directives to federal agencies, which instruct those agencies that Section 120 does *not* apply to RIFs that were initiated before the beginning of the federal government shutdown, notwithstanding any actions to implement or execute those RIFs after October 1, 2025. And Defendant agencies including the State Department have already implemented and

will continue to imminently implement these unlawful directives from OPM and OMB, in order to unlawfully terminate federal employees as soon as December 5, 2025.

Plaintiffs seek leave to add claims on behalf of existing Plaintiffs AFGE and National Federation of Federal Employees ("NFFE") challenging Defendants' subsequent actions; to add a Plaintiff (AFSA) that represents employees directly impacted by the State Department's imminent RIFs that brings the same claims; and for AFGE, NFFE, and AFSA to seek urgent injunctive relief protecting the federal employees they represent from further actions in violation of law.  *See* Ex. A; Plaintiff AFGE and AFSA's Motion for Temporary Restraining Order, filed concurrently herewith.  Under the applicable liberal standard for Rule 15(d) supplementation, Plaintiffs respectfully request their unopposed motion be granted.

## DISCUSSION

### I.     Standard

Federal Rule of Civil Procedure 15(d) permits a party, "[o]n motion and reasonable notice, . . . to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Parties may also bring new claims and add new parties in a supplemental complaint.  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) ("Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed."); *Food & Water Watch, Inc. v. United States Env't Prot. Agency*, 2021 WL 1893063, at *3 (N.D. Cal. May 11, 2021) ("New claims, new parties, and allegations regarding events that occurred after the original complaint was filed are all properly permitted under Rule 15(d).").  Rule 15(d) "is a tool of judicial economy and convenience" and "is intended to give district courts broad discretion in allowing supplemental pleadings."  *Keith*, 858 F.2d at 473.  The rule "enabl[es] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted."  *Id*. (emphasis added) (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963)).  Because the goal of Rule 15(d) is to promote

judicial efficiency, supplementation is generally favored. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citing *Keith*, 858 F.2d at 473).

The standard for granting leave to file a supplemental complaint is the same familiar liberal standard for amendment under Rule 15(a), under which leave should be "freely given" (per *Foman v. Davis*, 371 U.S. 178, 182 (1962)). *E.g.*, *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015).

## II.     The Court Should Grant Plaintiffs Leave to File a Supplemental Complaint

### A.     Allowing Supplementation Will Promote Judicial Efficiency

The purpose of Rule 15(d) is to promote judicial efficiency by "enabling a court to award complete relief . . . in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Keith*, 858 F.2d at 473 (quoting *New Amsterdam Cas. Co.*, 323 F.2d at 28); *see also Food & Water Watch*, 2021 WL 1893063, at *7 ("Judicial efficiency is achieved where the entire controversy between the parties could be settled in one action.") (internal quotation marks omitted). For example, in *Keith*, the Ninth Circuit affirmed an order permitting a supplemental complaint filed by the original plaintiffs and additional individuals more than a decade after the initial action seeking to halt the construction of a freeway until replacement housing for displaced residents was made available. 858 F.2d at 470. The court concluded that supplementation furthered judicial economy because the original action, consent decree, and supplemental complaint all shared the same goal of ensuring replacement housing. *Id.* at 474, 476.

Here, the broader goal of protecting federal employees from unlawful RIF actions related to the government shutdown is served both by the original claims and the new claim pertaining to violations of the legislation enacted to end the shutdown. Moreover, the issues pertaining to the applicability of Section 120 of the Continuing Resolution are likely to be raised in conjunction with issues related to the currently operative complaint and preliminary injunction, as Defendants have stated their desire to terminate employees of the Department of Education Office of Civil Rights ("OCR"). *See* ECF 117, 117-2. In particular, Defendants'

recent compliance declaration takes the position that the employees of OCR are subject to a prior (expired) RIF Notice and should not be covered by this Court's existing preliminary injunction and states that Defendants will seek "clarification" that execution of the RIFs of these employees is not enjoined. *Id*. Defendants have also explained to this Court that their position is that Section 120 of the CR does not prohibit them from separating these employees. *Id*. Should Defendants seek this "clarification," Plaintiffs would argue to this Court that any further action attempting to impose RIFs on these employees now is prohibited by Section 120—the same issue raised in the proposed Supplemental Complaint. Judicial efficiency would thus be served by this Court resolving these disputes between the parties now, in a single action.[1] There is no good reason to deny Plaintiffs the ability to "avoid the cost, delay and waste" of a separate action. *See Keith*, 858 F.2d at 473.

### B.  Supplementation Would Not Cause Undue Prejudice to Defendants

Defendants will face these claims challenging their actions in violation of Section 120 regardless of whether this Court permits supplementation, because if supplementation were denied nothing would preclude Plaintiffs from filing a separate, related lawsuit. Indeed, Defendants do not oppose this motion.

### C.  There is No Bad Faith, Undue Delay, Futility, or Repeated Failed Amendments

The remaining factors—undue delay, bad faith or dilatory motive, repeated failure of previous amendments, and futility—either support granting leave to supplement or are inapplicable. Plaintiffs have not delayed in seeking supplementation , but moved within days of Defendants' December 1, 2025 notices to employees of new December 5, 2025 separation dates. No deficiencies in any previous claims have been identified, and therefore there has been no prior failure to cure. Adding the new claims is not an act of futility, as Plaintiffs' Supplemental Complaint asserts new, viable claims based on related subsequent facts.

---

[1] The alternative would be for Plaintiffs AFGE and NFFE and proposed Plaintiff AFSA to file a separate complaint, which would easily meet the standard for a related case under this Court's Local Rule 3-12.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Unopposed Motion for Leave to File Supplemental Complaint should be granted.

Respectfully submitted,

Dated: December 3, 2025

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Alice X. Wang
Robin S. Tholin
Talia Stender
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
awang@altshulerberzon.com
rtholin@altshulerberzon.com
tstender@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Plaintiffs*

Elena Goldstein (pro hac vice)
Jennie L. Kneedler (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 322-1959
egoldstein@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for All Plaintiffs*

Norman L. Eisen (pro hac vice)
Craig Becker (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003

Tel: (202) 594-9958
Norman@democracydefenders.org
Craig@democracydefenders.org

*Attorneys for All Plaintiffs*


Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*


Teague Paterson (SBN 226659)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*


Yvette M. Piacsek (pro hac vice)
NATIONAL FEDERATION OF FEDERAL EMPLOYEES, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
Tel: (202)216-4428
ypiacsek@nffe.org

*Attorneys for Plaintiff National Federation of Federal Employees, IAM, AFL-CIO*


Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036

Tel: (202) 730-7428
steven.ury@seiu.org

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Sarah E. Suszczyk*
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org

*Attorneys For Plaintiff National Association of Government Employees, Inc.  (NAGE)*

*\*Pro hac vice application forthcoming*