1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    AMERICAN FEDERATION OF STATE            Case No.  25-cv-08302-SI
     COUNTY AND MUNICIPAL
8    EMPLOYEES, AFL-CIO, et al.,
                                             **ORDER GRANTING PLAINTIFFS'**
9                Plaintiffs,                 **MOTION FOR TEMPORARY**
                                             **RESTRAINING ORDER; SETTING**
10          v.                               **HEARING ON PRELIMINARY**
                                             **INJUNCTION**
11   UNITED STATES OFFICE OF
     MANAGEMENT AND BUDGET, et al.,          Re: Dkt. No. 123
12
                 Defendants.
13

14          On December 1, 2025, defendant State Department notified certain employees by email that

15   they would be separated from federal employment on December 5, 2025, due to reductions in force

16   ("RIFs") first initiated prior to the government shutdown.  Dkt. No. 123-3 ("Dinkelman Decl.") ¶ 25

17   & Ex. K.  In the evening of December 3, 2025, plaintiffs filed a motion for a temporary restraining

18   order ("TRO") on behalf of American Federation of Government Employees, AFL-CIO ("AFGE")

19   and American Foreign Service Association ("AFSA"), who represent State Department employees

20   subject to RIFs.  Dkt. No. 123.  On December 2, 2025, counsel for plaintiffs had provided notice to

21   defendants of plaintiffs' intent to file a TRO motion the next day, and counsel for defendants

22   confirmed they oppose the motion.  Dkt. No. 123-6 ("Leonard Decl.").  However, defendants have

23   not yet filed an opposition brief.

24          Given the urgency of this motion – with employee firings scheduled for tomorrow, on

25   exceedingly short notice from defendants – the Court finds it appropriate to grant plaintiffs' TRO

26   motion without a hearing.  *See* Fed. R. Civ. P. 65(b); Civ. L.R. 7-1(b).  Some federal employees

27   scheduled to be separated tomorrow are stationed abroad, meaning their separations could occur in

28   a matter of only several hours.

The Court has reviewed the motion, the supporting declarations, and the supplemental pleading and concludes that plaintiffs have met their burden in demonstrating that a TRO should issue.[1] On November 12, 2025, President Trump signed into law the Continuing Resolution ending the government shutdown. Pub. L. No. 119-37, 139 Stat. 495 (2025). The Continuing Resolution contains Section 120, which provides in part:

> SEC. 120. (a) PROHIBITION.—Notwithstanding section 106(1), during the period between the date of enactment of this Act and the date specified in section 106(3) of this Act,[2] no federal funds may be used to initiate, carry out, **implement**, or otherwise notice a reduction in force to reduce the number of employees within any department, agency, or office of the Federal Government.

Pub. L. No. 119-37, § 120(a), 139 Stat. 495 (2025) (emphasis added). That is, Section 120(a) prohibits federal agencies from issuing or **implementing** RIFs from November 12, 2025, through January 30, 2026. Nothing in the plain text of the statute limits Section 120(a) to apply only to those RIFs initiated during the government shutdown. Plaintiffs have shown a likelihood of success on their claims that the State Department's actions to separate employees on December 5, 2025, pursuant to RIF notices issued earlier in the year, violates Section 120(a) of the Continuing Resolution. The Court therefore adopts the language of plaintiffs' proposed TRO until a preliminary injunction hearing can be held.

## TEMPORARY RESTRAINING ORDER

The motion of American Federation of Government Employees ("AFGE") and American Foreign Service Association ("AFSA") for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue came before this Court for consideration and upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the TRO motion is GRANTED. The Court finds that AFGE and AFSA have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities tips in their favor, and that a temporary restraining order is in the public

---

[1] In a separately issued order, the Court has approved the filing of plaintiffs' supplemental complaint. *See* Dkt. No. 124.

[2] The date specified in Section 106(3) of the Act is January 30, 2026.

United States District Court
Northern District of California

interest.  Accordingly, pursuant to this Court's authority including but not limited to authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights" (5 U.S.C. §705), IT IS HEREBY ORDERED that:

Defendants U.S. Office of Personnel Management, U.S. Office of Management and Budget, and the U.S. Department of State are hereby stayed and/or enjoined from taking any action to implement, carry out, or effectuate RIFs of employees of the Department of State, including any actions to separate employees from federal employment.

IT IS FURTHER ORDERED that, within two (2) business days, each of these Defendants shall file a declaration(s) verifying that they have complied with this Order and the steps they have taken to do so.

IT IS FURTHER ORDERED that an in person hearing on plaintiffs' request for a preliminary injunction will be held on **December 17, 2025, at 10:30 a.m. PST.**  The Court ORDERS the parties to meet and confer regarding a briefing schedule.

**IT IS SO ORDERED**.

Dated:  December 4, 2025

SUSAN ILLSTON
United States District Judge