UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS AFGE, AFSA, AND NFFE'S NOTICE OF AND MOTION FOR PRELIMINARY INJUNCTION AND FOR RELIEF PURSUANT TO 5 U.S.C. §705** |

1  The motion of American Federation of Government Employees ("AFGE"), American Foreign Service Association ("AFSA"), and the National Federation of Federal Employees ("NFFE") for a preliminary injunction and relief pursuant to 5 U.S.C. §705 against Defendants the Office of Management and Budget ("OMB"), the Office of Personnel Management ("OPM"), the U.S. Department of Education ("Education"), the U.S. Department of Defense ("Defense"), the U.S. Department of State ("State"), the General Services Administration ("GSA"), and Small Business Administration ("SBA") and their respective agency heads named as Defendants in this action came before this Court for consideration and upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the Motion is GRANTED.

The Court finds that AFGE, AFSA, and NFFE have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of injunctive relief, that the balance of equities tips in their favor, and that a preliminary injunction is in the public interest. In support of this Order, the Court makes the following findings:

- Plaintiffs are likely to prevail on their claims that Defendants OMB and OPM have exceeded statutory authority and acted contrary to law and constitutional power in issuing instructions to Federal Agency Defendants that Section 120 of the Continuing Resolution enacted on November 12, 2025 applies only to RIF notices issued after October 1, 2025 and otherwise directing federal agencies to engage in RIFs during and after the federal government shutdown;

- Plaintiffs are likely to prevail on their claims that Education and State have violated and will imminently take further action in violation of Section 120(a) of the Continuing Resolution by spending federal funds to implement and complete previously noticed RIFs after November 12, 2025 and before January 30, 2026;

- Plaintiffs are likely to prevail on their claims that Defense, State, GSA and SBA have violated Section 120(e) of the Continuing Resolution by implementing and executing RIFs between October 1, 2025 and November 12, 2025, and refusing to rescind those

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION, No. 3:25-cv-08302    1

RIFs and reinstate the separated employees to their employment status as of September 30, 2025 with backpay, as required by Section 120(e);

- These actions of Defendants are *ultra vires* and violate the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A), (B), and (C) and the Appropriations Clause of the U.S. Constitution;
- Plaintiffs will suffer irreparable injury unless the relief requested is granted; and
- The balance of equities and public interest favor injunctive relief.

Accordingly, pursuant to this Court's authority including but not limited to Rule 65 of the Federal Rules of Civil Procedure and the authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights," 5 U.S.C. §705, IT IS HEREBY ORDERED that:

1. Defendants OMB, OPM, Education and State, their agency heads named in their official capacities as Defendants in this lawsuit, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with these Defendants, shall refrain from taking any action to implement, carry out, or effectuate reductions in force ("RIFs") of employees of the Education and State, including any actions to separate employees from federal employment, through at least January 30, 2026;

2. Defendants OMB, OPM, Education and State, their agency heads named in their official capacities as Defendants in this lawsuit, are further ordered to give individual notice of this injunction to all employees of Education and State who were previously sent any communication informing them of a RIF or an intent to complete a RIF after November 12, 2025. Such notice shall be sent by both e-mail and U.S. mail, and shall include the following information:

> The U.S. District Court for the Northern District of California has approved this message. No agency, including the Department of [State/Education], may separate employees by implementing a reduction-in-force (RIF) prior to January 30, 2026, in light of the enactment in law on November 12, 2025 of Section 120(a) of H.R. 5371, the Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions

Act, 2026. You will therefore not be separated from federal employment pursuant to any RIF notice issued to you to date.

3. Defendants OMB, OPM, Defense, State, the General Services Administration ("GSA") and the Small Business Administration ("SBA") their agency heads named in their official capacities as Defendants in this lawsuit, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with these Defendants, shall comply with Section 120 of Public Law No 119-37 by rescinding RIFs that were implemented or executed between October 1 and November 12, 2025, and are further ordered that:

   a. Any RIF "noticed, initiated, executed, implemented, or otherwise taken by an Executive Agency between October 1, 2025" and November 12, 2025, shall "have no force or effect."[1]

   b. Any employee who was separated from federal employment by Defense, State, GSA, or SBA pursuant to a RIF on any date between October 1, 2025 and November 12, 2025 shall "be returned to employment status as of September 30, 2025, without interruption," and "shall receive all pay to which they otherwise would have been entitled in the absence of receiving such notice, including backpay in accordance with section 116 of" Public Law No. 119-37.

   c. "Within 5 days" of the date of the preliminary injunction order, Defense, State, GSA and SBA shall send notice to any employee separated from federal employment pursuant to a RIF on any date between October 1, 2025 and November 12, 2025, and to the chairs and ranking members of the Appropriations Committees of the Senate and House of Representatives "of the withdrawal of the reduction in force notice and the affected employee's reinstatement." Those "[n]otices must include reinstatement date and the amount of back pay."

4. Within seven (7) business days of the date of the preliminary injunction, each enjoined Defendant shall file a declaration(s) verifying that the Defendant has complied with the Order and the steps taken to do so.

---

[1] All quotations in paragraph 3 are from Section 120(e) of Public Law No. 119-37.

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION, No. 3:25-cv-08302    3

1     IT IS SO ORDERED.

3  Dated: _____, 2025      _____
                                            The Honorable Susan Illston
                                            United States District Court Judge