STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
STEVEN M. CHASIN
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-7573
E-mail: pierce.anon@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF MICHAEL A. COGAR** |

I, Michael A. Cogar, declare as follows:

1. I am the Deputy Assistant Secretary of Defense for Civilian Personnel Policy at the Department of Defense ("DoD" or the "Department"), headquartered in Washington, D.C. I have served in this position since May 19, 2025.

2. In my current role at the Department, I am responsible for civilian personnel matters. In this capacity, I serve as the DoD Chief Human Capital Officer ("CHCO"), and am responsible for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. Plaintiffs in this lawsuit include eight national unions, American Federation of Government Employees, AFL-CIO ("AFGE"), American Foreign Service Association ("AFSA"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

4. I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction.

5. The Department's November 21, 2025, declaration clarified information about two preexisting RIFs unrelated to the lapse in appropriations. The Department has no new information beyond that provided in the Department's November 21 declaration in this

case about the preexisting RIF occurring in the Defense Technical Information Center (DTIC).

6. The Department's November 21 declaration in this case also described a preexisting RIF occurring in the Defense Contract Audit Agency (DCAA). As previously described, on August 5, 2025, RIF notices were issued to Defense Contract Audit Agency (DCAA) employees. The RIF was scheduled to and did conclude on October 4, 2025, following the end of a 60-day notice period to employees, with previously noticed removals becoming final. This RIF encompassed 15 employees represented by an AFGE local affiliate; however, DCAA's collective bargaining agreement (CBA) with that union expired in November 2024, and a new CBA has not been negotiated. Due to the lack of an operative CBA, the Department did not provide formal notification of the RIF to the union. This preexisting RIF was unrelated to the recent lapse in appropriations and was not issued in anticipation of any potential lapse in appropriations. On December 12, 2025, the Department rescinded this RIF and is in the process of reinstating the 15 employees who were separated on October 4.

7. Since October 1, 2025, the Department has not prepared, and is not currently preparing, any RIF notices, other than the preexisting RIFs discussed above at DTIC and DCAA, that involve a PPA that has a bargaining unit or employee represented by a plaintiff union.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 12, 2025

Michael A. Cogar