STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
STEVEN M. CHASIN (DC Bar No. 495853)
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0747
E-mail: steven.m.chasin2@usdoj.gov
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF JACQUELINE CLAY PURSUANT TO PRELIMINARY INJUNCTION ORDER ISSUED ON DECEMBER 17, 2025** |

I, Jacqueline Clay, declare as follows:

1. I am the Chief Human Capital Officer at the U.S. Department of Education, headquartered in Washington, D.C. I have served in this position since June 22, 2019.

2. In my role at the U.S. Department of Education ("agency" or "ED"), I am responsible for personnel management. I have the responsibility for tracking and recording personnel actions, including Reductions-in-Force (RIFs). I assist in ensuring that all personnel actions comply with court orders and federal law.

3. I am aware of and have reviewed the Court's December 17, 2025 Preliminary Injunction Order (ECF No. 139), which granted Plaintiffs injunctive relief, restrained ED from taking specified actions related to RIFs, and required ED to take specified actions related to RIFs.

4. Specifically, the preliminary injunction provides that ED is restrained from:

    > taking any action to implement, carry out, or effectuate reductions in force ("RIFs") of employees of Education and State, including any actions to separate employees from federal employment, through at least January 30, 2026.

5. The preliminary injunction also required that ED "rescind RIFs for Education's Office of [sic] Civil Rights," send individual notice to affected employees of the injunction and the "withdrawal of the reduction in force notice," by both e-mail and U.S. mail, and required that each notice include the following information:

    > The U.S. District Court for the Northern District of California has approved this message. No agency, including the Department of [State/Education], may separate employees by implementing a reduction-in-force (RIF) prior to January 30, 2026, in light of the enactment in law on November 12, 2025 of Section 120(a) of H.R. 5371, the Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions Act, 2026.

6. The preliminary injunction further required that the individual notice to affected employees be sent "no later than **December 23, 2025**."

7. The preliminary injunction also required ED to report certain information by December 29, 2025, "verifying that [ED] has complied with the Order and the steps taken to do so."

8. Pursuant to the preliminary injunction, ED drafted letters containing the required language and prepared them for issuance to the affected employees. True and correct copies of such letters are attached as Exhibit A and Exhibit B.

9. To ensure holiday vacation schedules did not interfere with ED meeting the preliminary injunction's letter-issuance deadline, I worked late on December 22, 2025, to stage hardcopy envelopes containing the required letters and addressed to affected employee home addresses so that they would be ready for mailing the following day.

10. On December 23, 2025, while working to finalize the staging of electronic messages to affected employee email accounts, both personal and work, I learned that the United States Court of Appeals for the Ninth Circuit ordered a partial "administrative stay of subsection 3(d) of the district court's preliminary injunction issued December 17, 2025, which requires Defendant agencies to rescind the RIF notices and send notices to affected employees of the rescission by no later than December 23, 2025." I immediately stopped working to finalize the electronic messages to affected employees.

11. Unfortunately, the hardcopy envelopes containing letters to affected employees had already been erroneously processed into the U.S. mail.

12. On December 29, 2025, I sent an email to affected employee email accounts, both personal and work, notifying them that the hardcopy envelopes containing the required

letters had been sent in error. A true and correct copy of that email is attached as Exhibit C.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 29, 2025

JACQUELINE CLAY
Digitally signed by JACQUELINE CLAY
Date: 2025.12.29 17:15:56 -05'00'

Jacqueline Clay

# Exhibit A

Notice of Rescission

Via: U.S. Mail – Email (personal and work)

Subject: Notice of Rescission Pursuant to Court Order

Dear (employee name),

This letter serves as the formal notice required pursuant to the Order Granting Motion for Preliminary Injunction and Enjoining Reductions-in-Force (RIF) issued by the United States District Court for the Northern District of California in American Federation of State, County and Municipal Employees, AFL-CIO, et al., v. United States Office of Management and Budget, et al., Case No. 25-cv-08302-SI. As required by that Order:

> The U.S. District Court for the Northern District of California has approved this message. No agency, including the Department of Education, may separate employees by implementing a reduction-in-force (RIF) prior to January 30, 2026, in light of the enactment in law on November 12, 2025 of Section 120(a) of H.R. 5371, the Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions Act, 2026.

In accordance with the Court's Order, the Department of Education is implementing this rescission to ensure full compliance with the injunction.

This notice formally rescinds the RIF notice issued to you. Please continue to follow the instructions provided to you on December 4, 2025, regarding your return-to-work status.

Respectfully,

Jacqueline Clay
Principal Deputy Assistant Secretary
Acting Chief Human Capital Officer
Office of Finance and Operations

# Exhibit B

Notice of Reinstatement

Via: U.S. Mail – Email (personal and work)

Subject: Notice of Reinstatement Pursuant to Court Order

Dear (employee name),

This letter serves as the formal notice required pursuant to the Order Granting Motion for Preliminary Injunction and Enjoining Reductions-in-Force (RIF) issued by the United States District Court for the Northern District of California in American Federation of State, County and Municipal Employees, AFL-CIO, et al., v. United States Office of Management and Budget, et al., Case No. 25-cv-08302-SI. As required by that Order:

> The U.S. District Court for the Northern District of California has approved this message. No agency, including the Department of Education, may separate employees by implementing a reduction-in-force (RIF) prior to January 30, 2026, in light of the enactment in law on November 12, 2025 of Section 120(a) of H.R. 5371, the Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions Act, 2026.

In accordance with the Court's Order, the Department of Education is implementing this reinstatement to ensure full compliance with the injunction, enjoining further reductions in force and directing the reinstatement of impacted employees.

Effective Date of Reinstatement

This notice formally rescinds the RIF notice issued to you and is effective December 17, 2025. This date coincides with the date of the preliminary injunction. Please continue to follow the instructions provided to you on December 4, 2025, regarding your return-to-work status.

You are being returned to your employment status as of September 30, 2025, without interruption, subject to applicable law, regulation, and agency policy. You "shall receive all pay to which [you] otherwise would have been entitled in the absence of receiving such notice, including backpay in accordance with section 116 of" Public Law No. 119-37.

Respectfully,

Jacqueline Clay
Principal Deputy Assistant Secretary
Acting Chief Human Capital Officer
Office of Finance and Operations

# Exhibit C

**From:** CHCO
**Sent:** Monday, December 29, 2025 4:37 PM
**Subject:** Important Update
**Importance:** High

Good afternoon.  As you know, on December 17, 2025, the U.S. District Court for the Northern District of California issued a preliminary injunction which restrained ED from taking specified actions related to RIFs.  The preliminary injunction also required that ED take certain actions related to RIFs, including rescinding RIF notices previously issued to certain employees in or around April 2025.  Subsection 3(d) of the preliminary injunction required that ED send affected employees a letter rescinding the RIF notices "no later than **December 23, 2025.**"

Late on December 23, 2025, the United States Court of Appeals for the Ninth Circuit ordered a partial "administrative stay of subsection 3(d) of the district court's preliminary injunction issued December 17, 2025."  An administrative stay is "intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits."

Prior to the partial administrative stay ordered by the Ninth Circuit, a hardcopy letter—required to be issued by subsection 3(d) of the district court's preliminary injunction—was erroneously processed into the U.S. mail.  That letter was sent in error.  That erroneous letter stated, in part, that "[t]his notice formally rescinds the RIF notice issued to you," and, in certain letters, there may have been a statement regarding reinstatement and backpay.

**Those statements were incorrect and are invalid.  To preserve the status quo, which is the purpose of the partial administrative stay, your RIF notice remains valid.**

We will be in touch with you regarding your timeline when more information is available.

Thank you