STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
CHRISTOPHER R. HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
STEVEN M. CHASIN (DC Bar No. 495853)
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0747
E-mail: steven.m.chasin2@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**DECLARATION OF JASON EVANS PURSUANT TO PRELIMINARY INJUNCTION** |

I, Jason Evans, declare as follows:

1. I am the Under Secretary for Management at the Department of State, headquartered in Washington, D.C. I have served in this position since September 22, 2025. In my role at the Department of State, I serve as a principal advisor to the Secretary of State on all matters involving the allocation of management resources in support of the President's foreign policy objectives. I also oversee all matters in the Department relating to personnel, including the operations of the Bureau of Personnel and Training.

2. Plaintiffs in this lawsuit include nine national unions, American Foreign Service Association ("AFSA"), American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), National Federation of Federal Employees ("NFFE"), Service Employees International Union ("SEIU"), National Association of Government Employees, Inc. ("NAGE"), National Treasury Employees Union ("NTEU"), International Federation of Professional and Technical Engineers, AFL-CIO ("IFPTE"), and the American Federation of Teachers ("AFT"), and two local California-based chapters, AFGE Local 1236 and AFGE Local 3172.

3. I am aware of and have reviewed the December 17, 2025, Preliminary Injunction issued by the Court in this action (the Order). I make this declaration in response to the Order.

4. The Court's Order requires that Defendants:

    a. "[R]efrain from taking any action to implement, carry out, or effectuate reductions in force ("RIFs") of employees of . . . State, including any actions to separate employees from federal employment, through at least January 30, 2026."

b. "[G]ive individual notice of this injunction to all employees of . . . State who were previously sent any communication informing them of a RIF or an intent to complete a RIF after November 12, 2025. Such notice shall be sent by both e-mail and U.S. mail, and shall include the following information:

> The U.S. District Court for the Northern District of California has approved this message. No agency, including the Department of [State/Education], may separate employees by implementing a reduction-in-force (RIF) prior to January 30, 2026, in light of the enactment in law on November 12, 2025 of Section 120(a) of H.R. 5371, the Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions Act, 2026."

c. "[C]omply with Section 120(e) of Public Law No. 119-37 by rescinding RIFs that were implemented or executed between October 1 and November 12, 2025, and are further ordered to (1) rescind any RIF notices issued between October 1 and November 12, 2025; (2) return to employment status as of September 30, 2025, without interruption," any employee who was separated pursuant to a RIF between October 1, and November 12, 2025 and to pay to those employees what they otherwise would have been entitled to in the absence of receiving such notice, including backpay in accordance with section 116 of" Public Law No. 119-37; (3) send notice, absent a contrary ruling from a higher court, to any employee covered by subsection 3(b) of this Order of the "withdrawal of the reduction in force notice" and to any employee covered by subsection 3(c) of this Order "of the withdrawal of the reduction in force notice and the affected employee's reinstatement" and such "[n]otices must include reinstatement date and the amount of

back pay"; and (4) provide notice to the chairs and ranking members of the Appropriations Committees of the Senate and House of Representatives of these actions.

5. I received notice of the Order on December 18, 2025.

6. Agency employees in human resources offices tasked with implementing RIFs also received notice of the Order on December 18, 2025.

7. The Department of State issued no RIF notices between October 1 and November 12, 2025.

8. I have taken the following actions to comply with the Order.

    a. On December 22-23, employees who were separated from employment or demoted pursuant to a RIF between October 1 and November 12, 2025 were returned to their employment status as of September 30, 2025, with back pay.

    b. On December 22-23, 2025, notices containing the court's required language and notice of reinstatement date and the amount of back pay were sent to employees' last known email and U.S. mail addresses.

9. If the Department becomes aware of any further action required to comply with the Order, the Department will expeditiously take such further action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 23, 2025

*/s/ Jason Evans*
Jason Evans