Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **PLAINTIFFS' URGENT REQUEST FOR STATUS CONFERENCE RE: COMPLIANCE WITH DECEMBER 17, 2025 PRELIMINARY INJUNCTION ORDER** <br><br> Complaint Filed: September 30, 2025 |

1   Plaintiffs request an urgent status conference to address Defendant Department of State
2   ("State")'s failure to comply in full with this Court's December 17, 2025 preliminary injunction
3   order requiring recission of any reductions in force (RIFs) implemented during the 2025
4   government shutdown.  ECF 139.  Specifically, State has not sent the recission notices required
5   by paragraphs 3(b) and (d) of this Court's injunction order to approximately 250 foreign service
6   employees who were subject to one of the specific RIFs addressed by Plaintiffs' preliminary
7   injunction motion and this Court's order, and is taking the position that it is not required to do so.
8   Defendants' refusal to rescind these RIF notices is contrary to representations they made
9   to both the Ninth Circuit and to Plaintiffs.  As this Court is aware, Defendants sought and
10  obtained a stay of their obligation to send the recission notices required by this Court's
11  preliminary injunction.  In seeking that stay, Defendants represented to the Ninth Circuit that
12  these very RIFs were subject to the preliminary injunction.  The Ninth Circuit's stay was
13  dissolved on December 31, 2025 when Defendants voluntarily dismissed their appeal from the
14  preliminary injunction.  On December 31, 2025, in communicating their decision to withdraw the
15  appeal, Defendants' counsel represented to Plaintiffs that the State RIFs at issue would be
16  rescinded.  Then, for the first time today, January 6, 2026, State took the new position that this
17  Court's injunction does *not* require rescission of the RIF notices previously issued to these
18  foreign service employees.
19  Plaintiffs' attempts to resolve this reversal of position by State through counsel have been
20  unsuccessful.  Plaintiffs therefore request the Court's immediate assistance to ensure compliance
21  with all of the terms of the injunction, and to eliminate any further confusion that State's actions
22  are causing for the impacted employees.

## BACKGROUND

24  On December 17, 2025, this Court ordered Defendants including State to rescind any
25  notices of RIFs that were implemented during the shutdown, regardless of whether they were
26  issued prior to the shutdown.  ECF 139 at 26 ¶3(d).  That order "concludes that plaintiffs are
27  likely to succeed on their claim that defendants **State**, Education, GSA, and SBA's failure to
28  rescind RIFs that were executed, implemented, or re-noticed during the shutdown is contrary to

Section 120(e) of the Continuing Resolution." ECF 139 at 18 (emphasis added). Plaintiffs had challenged State's RIFs of approximately 250 foreign service employees as implemented during the shutdown, and therefore subject to the requirements of Section 120(e). ECF 130-1 at 19, 137 at 1, 15.[1]

Paragraph 3 of the injunction order expressly applies to "Defendants OMB, OPM, **State**, Education, the General Services Administration ("GSA"), and the Small Business Administration ("SBA")." ECF 139 at 26 (emphasis added). That paragraph orders that "Any RIF "noticed, initiated, executed, implemented, or otherwise taken by an Executive Agency between October 1, 2025" and November 12, 2025 "shall have no force or effect" and "[a]ny RIF notice that has been issued to any employee subject to "such" a RIF under subsection 3(a) of this Order must be rescinded." Paragraph 3(d)(1) separately requires State to send notice of the rescission of any RIFs covered by 3(b), in addition to sending any notices of reinstatement. *Id*.

The requirements of this Court's order were not limited to RIF notices that had been applied to separate employees from service, but also included RIF notices that were issued before the shutdown and further implemented during the shutdown, but not yet executed.

This Court provided Defendants with five days to seek appellate relief by requiring rescission notices to be sent by December 23, 2025. ECF 139 at 26. Late on December 22, 2025, Defendants filed an appeal and sought an administrative stay "of the injunction provision requiring agencies to rescind the challenged RIFs and to notify affected employees of the rescission." Case No. 25-7998, Dkt. 6-1 at 22. In arguing for the stay, Defendants highlighted the preliminary injunction's requirement that State rescind RIF notices to the 250 foreign service employees—the very rescissions it now refuses to send. *Id*. at 5-6, 22. The Ninth Circuit granted a partial stay of further notices under Section 3(d) of this Court's order (which would include the recission notices here at issue) on December 23, 2025. Case No. 25-7998, Dkt. 9-1.

On December 31, 2025, Defendants informed Plaintiffs and the Ninth Circuit they were voluntarily dismissing their appeal. In communicating this decision to Plaintiffs, counsel for

---

[1] These are the same individuals whom State attempted to separate on December 5, 2025 immediately following the shutdown, which this Court previously enjoined. ECF 125.

1  Defendants specifically represented: "Both Department of Education **and State will proceed to**
2  **rescind the RIF notices that are at issue in this matter**. We will update you on the timing of
3  the agency notices given the holiday tomorrow." Leonard Decl., Ex. A (Dec. 31 email from
4  Defendants' counsel to Plaintiffs' counsel, emphasis added). When Plaintiffs asked Defendants
5  when they would send such rescissions, Defendants' counsel requested further time in light of
6  the holidays. *Id.* (Jan. 2 emails between counsel).

7  After receiving no update, Plaintiffs' counsel again on Monday, January 5, 2026
8  requested that Education and State confirm compliance by sending the recission notices that had
9  been promised on December 31, 2025. *Id*. (Jan. 5 emails). In response, on January 6, 2026,
10 Defendants reversed their position on their obligation to rescind the State RIFs. Defendants'
11 counsel responded to Plaintiffs:

> Thank you for your patience, as we were working through some issues yesterday. We understand that the Department of Education intends to rescind their RIFs today consistent with n.12 of the Court's Preliminary Injunction Opinion. And the Department of State has unwound all the actions it has taken to process the RIFs since October 1, including separation notices that went out during the lapse in appropriations. **That said, the Department of State has not rescinded the underlying RIF notices from July as the agency does not believe that the Court's Preliminary Injunction Order requires anything further.**

*Id*. (Jan. 6 email, emphasis added). Defendants also expressed their non-opposition to resolving this through a status conference. *Id*. Plaintiffs' counsel again responded by explaining the requirements of the injunction and highlighting Defendants' inconsistent prior representations, and offering State one last chance to comply before contacting the Court. State did not respond, comply, or alter its position. *Id*.

## DISCUSSION

As of today, January 6, 2026, State has not issued notices to approximately 250 foreign service employees rescinding RIFs that it continued to implement during the shutdown, in violation of Section 120(e) of the Continuing Resolution and Paragraph 3 of this Court's preliminary injunction order. The plain language of this Court's preliminary injunction requires, consistent with the mandate of Section 120(e), that State rescind the RIF notices that it

1  implemented during the government shutdown.  ECF 139 at 25-26; s*ee also id.* at 14, 17

2  (defining "implemented").  In moving for this injunction, Plaintiffs established that State's

3  further implementation of RIF notices that had been issued to these foreign service employees

4  prior to the shutdown, including by taking action to extending the November 10 separation date

5  and continue employees on administrative leave, triggered the requirements of Section 120(e).

6  Recognizing this, Defendants specifically invoked these RIFs when asking the Ninth Circuit for

7  a stay (Case No. 25-7998, Dkt. 6-1 at 22), and confirmed when withdrawing their appeal that

8  State would rescind the RIF notices at issue.  Leonard Decl., Ex. A.

9  As explained above, as of today, State has reversed position and now refuses to comply

10  with this Court's order, taking the incorrect position that the injunction does not require recission

11  of these notices that it issued prior to the shutdown.  The parties have already litigated this issue,

12  and State lost.  The affected employees remain in limbo and without the speedy confirmation of

13  the recission of their RIFs that Congress and this Court required, which is causing further

14  confusion and stress for these employees.  As Plaintiffs' efforts to remedy these compliance

15  issues through Defendants' counsel have been unsuccessful, Plaintiffs request that the Court

16  schedule an immediate conference to discuss compliance, and, if necessary, enforcement of this

17  Court's unambiguous orders.  *See* Leonard Decl., Ex. A.  Defendants do not oppose this request

18  for an urgent status conference and have indicated their availability by videoconference today

19  and tomorrow.  *Id*.  Plaintiffs' counsel likewise is available at the Court's convenience.

Respectfully submitted,

Dated: January 6, 2026

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Alice X. Wang
Robin S. Tholin
Talia Stender
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151

        Fax: (415) 362-8064
        sleyton@altshulerberzon.com
        bchisholm@altshulerberzon.com
        dleonard@altshulerberzon.com
        awang@altshulerberzon.com
        rtholin@altshulerberzon.com
        tstender@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Plaintiffs*


Elena Goldstein (pro hac vice)
Jennie L. Kneedler (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 322-1959
egoldstein@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for All Plaintiffs*


Norman L. Eisen (pro hac vice)
Craig Becker (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Craig@democracydefenders.org

*Attorneys for All Plaintiffs*


Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Yvette M. Piacsek*
NATIONAL FEDERATION OF FEDERAL
EMPLOYEES, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
Tel: (202)216-4428
ypiacsek@nffe.org

*Attorneys for Plaintiff National Federation of Federal Employees, IAM, AFL-CIO*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Sarah E. Suszczyk*
NATIONAL ASSOCIATION OF GOVERNMENT
EMPLOYEES, INC.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org

*Attorneys For Plaintiff National Association of Government Employees, Inc.  (NAGE)*

*Pro hac vice application forthcoming