Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DECLARATION OF DANIELLE LEONARD IN SUPPORT OF PLAINTIFFS' REQUEST FOR URGENT STATUS CONFERENCE** |

# DECLARATION OF DANIELLE LEONARD

I, Danielle Leonard, declare as follows:

1. I am over 18 years of age and competent to give this declaration. I am a partner at Altshuler Berzon LLP and counsel of record for all Plaintiffs in this case. I make this declaration on personal knowledge of the facts stated herein and if called as a witness in this action, I could and would testify competently to these facts.

2. Plaintiffs moved on December 9, 2025 for preliminary injunctive relief with respect to employees that included two groups of individuals at the State Department ("State"): approximately 8 civil service employees who were separated during the shutdown (represented by Plaintiff AFGE), and approximately 250 foreign service employees who were subject to pending RIF notices (represented by Plaintiff AFSA). The RIF notices to the foreign service group had been issued on July 11, 2025 and originally noticed for separation (during the shutdown) on November 10, 2025. With respect to the second group, Plaintiffs moved for relief pursuant to both Sections 120(a) (prohibiting further separations) and 120(e) (rescinding the RIF notices).

3. On December 22, 2025, counsel for Defendants notified Plaintiffs that they intended to appeal and seek "an administrative stay as to the provision requiring rescission and employee notification by December 23." Plaintiffs opposed that request. Defendants' stay motion filed in the Ninth Circuit highlighted the 250 foreign service employees and the required further recission notices in arguing for "harm" to the government.

4. The Ninth Circuit granted a partial stay of any further RIF recission notices on December 23, 2025.

5. On December 29, 2025, State filed a compliance declaration in this case confirming that it had rescinded and reinstated the civil service employees separated during the shutdown. ECF 146-2. The outstanding compliance issue with respect to State therefore included the recission of the foreign service RIF notices.

6. On December 31, 2025, counsel for Defendants informed Plaintiffs that they intended to voluntarily dismiss the appeal. Counsel represented:

> The government has withdrawn its pending appeal. Both Department of Education and **State will proceed to rescind the RIF notices that are at issue in this matter.** We will update you on the timing of the agency notices given the holiday tomorrow.  We will also file a notice with the district court about the withdrawal of the appeal. (Emphasis added).

Attached hereto as **Exhibit A** is a true and correct copy of email correspondence between counsel for Defendants and counsel for Plaintiffs that includes this December 31, 2025 message.  The only remaining RIF notices at issue to rescind at State, as of that date, were the pending RIFs to the 250 foreign service employees.

7. Defendants filed a motion to dismiss the appeal on December 31, 2025, and on January 2, 2026, the Ninth Circuit dismissed the appeal, thereby eliminating any stay.

8. Plaintiffs' counsel followed up by e-mail on January 2, 2026, inquiring as to compliance including by the State Department (and the Education Department ("Education"), which also remained outstanding at the time).  *Id*.  Defendants requested further time to address compliance in light of the holidays.  *Id*.

9. On January 5, 2026, Plaintiffs' counsel twice wrote to Defendants, requesting compliance by sending the promised RIF recission communications at State and Education.  *Id*. Defendants failed to respond by the close of business.  *Id*.  Plaintiffs therefore notified Defendants they would seek an urgent status conference from the Court on Tuesday, January 6, 2026 with respect to Education and State.  *Id*.

10. On January 6, 2026, Defendants responded confirming that Education would send the required RIF rescissions, but explained that State would not.  *Id*.  State reversed position and claimed for the first time that this Court's injunction did not require rescission of the RIF notices to the foreign service employees.  *Id*. ("That said, the Department of State has not rescinded the underlying RIF notices from July as the agency does not believe that the Court's Preliminary Injunction Order requires anything further.").

11. Counsel for Plaintiffs responded explaining the lack of basis for State's reversal of position, and again requesting compliance to avoid the need to bring this dispute to this Court.  *Id*. Defendants did not respond and did not confirm compliance.  *Id*.

12. Counsel for Defendants, in the January 6 email, indicated that Defendants did not oppose a request for an urgent status conference to resolve this dispute, and would be available today or tomorrow by videoconference. *Id*.

13. Counsel for Plaintiffs are likewise available for a conference at this Court's convenience.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed January 6, 2026, in Alameda, California.

_____
Danielle Leonard

# Exhibit A

**From:** Danielle Leonard
**Sent:** Tuesday, January 6, 2026 9:14 AM
**To:** 'Anon, Pierce (CIV)' <Pierce.Anon@usdoj.gov>; BJ Chisholm <bchisholm@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Cc:** Robin Tholin <rtholin@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>
**Subject:** RE: AFGE v. OMB-- compliance issues

Counsel-

Defendant Department of State's position that the preliminary injunction does not require rescission of the RIF notices that State issued prior to the shutdown but implemented during the shutdown, which includes approximately 250 foreign service employees, has already been rejected by the Court, and Defendants have already conceded this point to the Ninth Circuit and in communications to Plaintiffs. There is no basis for State's sudden reversal of position, and we are prepared to take it to the Court unless Defendants immediately reconsider.

In no uncertain terms, the preliminary injunction order "concludes that plaintiffs are likely to succeed on their claim that defendants **State**, Education, GSA, and SBA's failure to rescind RIFs that were executed, implemented, or re-noticed during the shutdown is contrary to Section 120(e) of the Continuing Resolution." (ECF 139 at 18).  Paragraph 3 of the injunction order (ECF 139 at 26) unambiguously applies to "Defendants OMB, OPM, **State**, Education, the General Services Administration ("GSA"), and the Small Business Administration ("SBA")."  That paragraph orders that "Any RIF "noticed, initiated, executed, implemented, or otherwise taken by an Executive Agency between October 1, 2025" and November 12, 2025, "shall have no force or effect" and "Any RIF notice that has been issued to any employee subject to "such" a RIF under subsection 3(a) of this Order must be rescinded."  And finally, paragraph 3(d)(1) separately requires State to send notice of the rescission of any RIFs covered by 3(b), in addition to sending any notices of reinstatement.  *Id*.  This order is not limited to RIF notices that were applied to separate employees from service, but also includes the previously issued RIF notices that Plaintiffs challenged as implemented during the shutdown and are now at issue. Nor is this order requiring recission of previously issued RIF notices limited to Education, just because the Court dropped a footnote clarifying that it includes the re-noticing of RIFs at the Office of Civil Rights.

In fact, Defendants' application to the Ninth Circuit represented that these State Department RIFs **were covered by the injunction**, highlighting the 250 foreign service employees who received RIFs prior to the shutdown but who had yet to be separated.  Case No. 25-7998, Dkt. 6-1 at 5-6, 22.  Then, on Wednesday, December 31, in withdrawing the appeal, you represented to Plaintiffs on behalf of your clients that:   "Both Department of Education and **State will proceed to rescind the RIF notices that are at issue in this matter**. We will update you on the timing of the agency notices given the holiday tomorrow."

State has now apparently reversed its position, after nearly a week during which Plaintiffs patiently awaited rescission of the RIF notices based on Defendants' representations.  We are prepared raise these issues immediately with the Court unless you can confirm **by 11 am Pacific** that State will comply with the plain language of the injunction and avoid this needless waste of the parties' and the Court's resources.

Danielle

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

**ALTSHULER BERZON** LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

**From:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>
**Sent:** Tuesday, January 6, 2026 7:04 AM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Cc:** Robin Tholin <rtholin@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>
**Subject:** RE: AFGE v. OMB-- compliance issues

Counsel,

Thank you for your patience, as we were working through some issues yesterday. We understand that the Department of Education intends to rescind their RIFs today consistent with n.12 of the Court's Preliminary Injunction Opinion. And the Department of State has unwound all the actions it has taken to process the RIFs since October 1, including separation notices that went out during the lapse in appropriations. That said, the Department of State has not rescinded the underlying RIF notices from July as the agency does not believe that the Court's Preliminary Injunction Order requires anything further.

If Plaintiffs disagree, then Defendants do not oppose Plaintiffs' proposal for an urgent status conference with the Court to resolve this issue expeditiously and to avoid further dispute. We are available today or tomorrow for such a conference but would need to appear virtually. And if we receive any further updates from State in the interim, we will let you know.

Pierce

**From:** Danielle Leonard <dleonard@altshulerberzon.com>
**Sent:** Monday, January 5, 2026 8:33 PM
**To:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>; BJ Chisholm <bchisholm@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Cc:** Robin Tholin <rtholin@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>
**Subject:** [EXTERNAL] Re: AFGE v. OMB-- compliance issues

Counsel—

We have not received any response to our inquiry from this morning, have no reports of any employees of State or Education receiving notices of recession today, and you have not filed any notice alerting the District Court to the withdrawal of your appeal — actions you promised last Wednesday. Given that the order dismissing your appeal issued (and therefore the administrative stay dissolved) the morning of Friday, January 2, Defendants' obligations under the District Court's preliminary injunction have been in effect and there is no basis for failing to comply. We had hoped to avoid the need to involve the Court in addressing these delays in compliance but given the passage of time, the impact that uncertainty is having on affected employees, and Defendants' failure to respond, we intend first thing Tuesday morning to alert the Court and ask for an urgent status conference to discuss Defendants' failure to comply with the injunction at State and Education.

Danielle

On Jan 5, 2026, at 10:29 AM, Danielle Leonard <dleonard@altshulerberzon.com> wrote:

Counsel-
I am writing to follow up on last week's communications regarding compliance with the preliminary injunction, in which you committed to sending further notices rescinding RIFs at State and Education, and informing the District Court of the withdrawal of the appeal. We have been patient in light of the holidays, but observe that Education managed to send messages to the affected employees in violation of the injunction notwithstanding the holidays, and those messages have caused significant confusion. The injunction requires providing clarity to the impacted employees, and further delay in informing them of the rescission of these RIFs is not acceptable. Please confirm that all remaining rescission notices and the notification to the court will be sent today, or we will take next steps with the court.

We will await the further information you reference below regarding our questions regarding separations and reinstatements during the shutdown.

Thanks,
Danielle

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

<image001.png>

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice. Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

**From:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>
**Sent:** Friday, January 2, 2026 2:57 PM
**To:** BJ Chisholm <bchisholm@altshulerberzon.com>; Danielle Leonard <dleonard@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>

**Cc:** Robin Tholin <rtholin@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>
**Subject:** RE: AFGE v. OMB-- compliance issues

Counsel,

You asked about persons that were allegedly separated during the lapse and that received reinstatement notices. We have been able to gather the following information at this time. A small number of the OCR employees who received RIF notices in April voluntarily resigned from employment after October 1. Those employees were sent the reinstatement letters on December 23. As for why this information was not previously provided in a declaration, the number of persons voluntarily quitting employment was not at issue, nor was there a directive for prior declarations that would have necessitated specifying the OCR employees who had resigned.

We are still determining whether additional relevant information exists – the above is what we were able to gather given holiday and leave constraints this week. For the same reasons, we plan to respond further next week regarding your questions about compliance and potential additional declarations.

Pierce

---

**From:** BJ Chisholm <bchisholm@altshulerberzon.com>
**Sent:** Friday, January 2, 2026 3:10 PM
**To:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>; Danielle Leonard <dleonard@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Cc:** Robin Tholin <rtholin@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>
**Subject:** [EXTERNAL] RE: AFGE v. OMB-- compliance issues

Counsel,

I am writing to follow up on the status of this matter. Given the dismissal of the appeal, there is no longer any administrative stay in effect and all agencies must now be in compliance with the Court's preliminary injunction. Please let us know what steps Education and State have taken to implement all the provisions of the injunction.

You previously stated that defendants would be notifying the District Court of the withdrawal of the appeal. Will you also be providing updated compliance declarations? If so, please confirm by when such declarations will be filed.

Thank you.

BJ

Barbara J. (BJ) Chisholm (hear name)
Altshuler Berzon LLP

177 Post Street, Suite 300
San Francisco, CA 94108
Office: (415) 421-7151
Cell: (415) 377-2379
bchisholm@altber.com
Pronouns: she/her

<image001.png>

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

---

**From:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>
**Sent:** Wednesday, December 31, 2025 2:49 PM
**To:** BJ Chisholm <bchisholm@altshulerberzon.com>; Danielle Leonard <dleonard@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Cc:** Robin Tholin <rtholin@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>
**Subject:** Re: AFGE v. OMB-- compliance issues

Counsel,

The government has withdrawn its pending appeal. Both Department of Education and State will proceed to rescind the RIF notices that are at issue in this matter. We will update you on the timing of the agency notices given the holiday tomorrow.  We will also file a notice with the district court about the withdrawal of the appeal.

As to your information request, we are still gathering details and will report further on Friday.

Many thanks for your patience here.

Pierce

---

**From:** BJ Chisholm <bchisholm@altshulerberzon.com>
**Sent:** Wednesday, December 31, 2025 2:35:07 PM
**To:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>; Danielle Leonard <dleonard@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Velchik,

Michael (CIV) <Michael.Velchik@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Cc:** Robin Tholin <rtholin@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>
**Subject:** [EXTERNAL] RE: AFGE v. OMB-- compliance issues

Thank you for your email, Pierce, and thank you for looking into these issues. We would ask that you let us know what steps the Department of Education proposes to take to correct the December 29 emails and provide the information about any separated employees by close of business Eastern today.

Sincerely,
BJ


Barbara J. (BJ) Chisholm (hear name)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Office: (415) 421-7151
Cell: (415) 377-2379
bchisholm@altber.com
Pronouns: she/her

<image001.png>

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice. Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*


**From:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>
**Sent:** Tuesday, December 30, 2025 12:11 PM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Cc:** Robin Tholin <rtholin@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>
**Subject:** RE: AFGE v. OMB-- compliance issues

Counsel,

Thank you for your e-mail. We are reviewing the issues you raised and are working diligently to obtain the relevant information. However, we cannot commit to providing a response by the end of today. Many government employees are on leave this week and it will take time to track down

the relevant information. It is more likely that we will be in a position to respond by close of business tomorrow.

We would appreciate your patience as we work through your inquiries.

Thank you,
Pierce

---

**From:** Danielle Leonard <dleonard@altshulerberzon.com>
**Sent:** Tuesday, December 30, 2025 12:34 PM
**To:** Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Hedges, Elizabeth T (CIV) <Elizabeth.T.Hedges@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>; Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Cc:** Robin Tholin <rtholin@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>
**Subject:** [EXTERNAL] RE: AFGE v. OMB-- compliance issues

Counsel,

We are writing regarding two concerns regarding compliance with the District Court's preliminary injunctions in this case by the Department of Education.

First, in Education's compliance declaration filed with the Court last night, you disclosed that the Department sent letters by U.S. mail on December 23, 2025 to employees "formally rescind[ing] the RIF notice[s]" covered by the preliminary injunction as well as reinstating separated employees with backpay, prior to the issuance of any stay by the Ninth Circuit. Then, yesterday—six days after the formal rescissions had been sent and on the third business day after their mailing—Education sent an email to affected employees purporting to rescind the letters were "went in error," that the statements that the RIF notices were "formally rescind[ed]" were "incorrect and are not invalid," and that "[t]o preserve the status quo, … [employees'] RIF notice[s] remain[] valid."

As you know, the Ninth Circuit stayed only Section 3(d) of the preliminary injunction, and expressly left the other provisions in place to protect employees. Education's attempt to invalidate its formal rescission of employees' RIF notices violates at least Section 3(a) of the preliminary injunction, which nullifies these RIFs. Moreover, as Defendants stated in their stay motion last week, once a RIF is rescinded, the agency must "restart the RIF process from the beginning." It may not simply cancel its earlier RIF rescission. Further, Section 1 of the preliminary injunction prohibits "taking any action to implement, carry out, or effectuate reductions in force ("RIFs") of employees of Education" through at least January 30, 2026. Certainly, the December 29 email attempting to claw back and invalidate the formal rescission notices and reinstatement notices that were mailed on December 23 is also a prohibited action covered by Section 1.

Please let us know what steps Education proposes to take to correct the December 29 emails by the close of business today. If we do not hear from you, we will need to take steps to present the issue to Judge Illston and enforce the portions of the injunction that are not subject to any stay.

Second, the Education compliance declaration also appears to disclose, for the first time in this case, that some employees were actually separated by the agency during the shutdown. While Jacqueline Clay's declaration does not state this directly, it attaches a letter that Ms. Clay states was sent to employees that informs them of their reinstatement

and entitlement to backpay (remedies that would only be needed for employees actually separated).  Previously, the Department represented and confirmed that it was complying with the Court's prior injunction, which expressly applied to Education and prohibited implementing RIFs by separating employees.  Education's prior compliance declarations, which responded to the Court's request for numbers of employees separated during the shutdown, did not disclose any individuals who had been separated during the shutdown (ECF 112-6, 117-2).  By the close of business today, please provide the number of employees who were separated during the shutdown to whom the reinstatement letters (Ex. B to J. Clay's declaration) were sent, and which offices those employees worked in, including whether they are employees of the Office of Civil Rights.  If there is an explanation for why these employees and their separations were not revealed in the prior Education declarations, please let us know.

We thank you for your prompt attention to these issues and look forward to hearing from you.
Danielle


Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

<image001.png>

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*