STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General

ELIZABETH HEDGES (DC Bar No. 1657707)
Counsel to the Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director

BRAD P. ROSENBERG
Special Counsel

STEVEN M. CHASIN
PIERCE J. ANON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 616-0929
E-mail: elizabeth.t.hedges@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' URGENT REQUEST FOR STATUS CONFERENCE** <br><br> Hearing Date: January 9, 2026 <br> Time: 12:00 p.m. <br> Judge: Hon. Susan Illston <br> Place: San Francisco Courthouse <br> Courtroom 01 (by videoconference) |

Defendants' Response to Plaintiffs' Urgent Request for Status Conference
3:25-cv-08302-SI

Plaintiffs' notice does not establish that they are entitled to any compliance-related relief. *See* ECF 147. Instead, it points up an ambiguity in the scope of relief ordered. As explained below, neither the logic nor the context of the preliminary injunction would require extending it to dictate that the State Department rescind pre-October 1, 2025, RIF notices, as long as State is taking no action to implement those notices—which it is not. The Court should confirm as much.

## ARGUMENT

As this Court has explained, the purpose of the RIF-related provisions in the Continuing Resolution (CR) that ended the appropriations lapse was to rescind any RIF actions that were taken during the lapse, and to forbid federal agencies from conducting any new RIFs until at least the end of January 2026. *See* ECF 139 at 14–18. Consistent with that purpose, the December 17, 2025, preliminary injunction ("PI") set aside and ordered rescission of any RIFs that were "'noticed, initiated, executed, implemented, or otherwise taken . . . between October 1, 2025' and November 12, 2025," and further enjoined Defendants from any further RIF action while the terms of the CR remain in effect. *Id.* at 26.

Relevant here, the State Department complied with both the CR language and the preliminary injunction by unwinding all RIF separations and demotions that occurred between October 1 and November 12, 2025. Those employees have been "returned to their employment status as of September 30, 2025, with back pay." ECF 146-2 at 4. And State understands that it is precluded at this time from conducting any other RIF activity, and it is acting accordingly. Plaintiffs do not dispute those facts. Yet those facts are sufficient to establish State's compliance with the rescission requirement.

Plaintiffs nonetheless argue that State is still not in compliance because it has not revoked the underlying RIF notices themselves—which were issued two and a half months before the lapse, on July 11. *See* ECF 139 at 5. That contention misunderstands the law and the order. Indeed, interpreting the PI to require rescission of the underlying notices does not make sense. It is undisputed here that the July RIF notices were validly issued in the first place. It is also undisputed that, if State had taken no implementation actions pursuant to those notices during the lapse, the

Defendants' Response to Plaintiffs' Urgent Request for Status Conference
3:25-cv-08302-SI

1

notices themselves would remain outstanding. Instead, State processed several separations during the lapse—but, after the Court ruled that doing so violated the CR, State reversed those actions. ECF 146-2 at 4. And State is taking no further action to implement or execute those RIF notices while the CR and injunction remain in effect. State's compliance with the injunction thus has the effect sought by Plaintiffs: shielding their members from termination while this litigation is ongoing. Under these circumstances, it makes no sense to argue, as Plaintiffs do, that otherwise-valid RIF notices issued last summer must be rescinded simply because now-nullified processing and implementation actions occurred during a period when they were not permitted.

Plaintiffs suggest that it does not matter that the employee separations have been reversed because State engaged in some communications with employees about the notices and RIF-related paperwork during the lapse, "including by taking action to extend[] the November 10 separation date and continue employees on administrative leave." ECF 147 at 5. In their view, that taints the underlying notices. But, again, the current status quo is that those employees have their jobs, pay, and benefits. Embracing a more expanded interpretation of the injunction would do little for Plaintiffs, but it would create additional administrative and logistical burdens for State to have to re-notice the RIFs if the CR language and preliminary injunction expire.

Plaintiffs also rely on certain language in the injunction that they believe establishes a duty to revoke the RIF notices. But that language is not as clear as Plaintiffs make it seem. Paragraph (3) of the Court's Order states that Defendants "shall comply with Section 120(e) of Public Law No. 119-37 by rescinding RIFs that were implemented or executed between October 1 and November 12, 2025." ECF 139 at 26. State understands that language to require rescission of actions that "implemented" or "executed" a RIF (under the Court's definitions of those terms) during that window—not to require reaching back to July to revoke otherwise-valid notices.[1]

Plaintiffs also point to paragraph 3(b), which does require that certain RIF

---

[1] The same ambiguity between "RIFs" and "RIF notices" attached to the prior representation to the Ninth Circuit that Plaintiffs now claim State is reversing, *see* ECF 147 at 3–4; this was a lack of precision, not a change in position.

Defendants' Response to Plaintiffs' Urgent Request for Status Conference
3:25-cv-08302-SI

"notice[s] . . . must be rescinded," but RIFs at different agencies have different characteristics, and the reasoning that might extend paragraph (b) to some agencies' RIFs should not extend it to State's RIF. For example, the Court expressly referenced the "RIFs for Education's Office of Civil Rights that were re-noticed on October 14, 2025. *Id.* at 26 n.12. Because those Department of Education notices were re-issued during the lapse period, those notices had to be rescinded—and they were. Unlike the Department of Education, however, State did not re-notice its RIFs during the lapse. And the terminations processed during the lapse have been reversed. What remain at issue at State are simply pre-lapse actions that, again, were indisputably valid when taken and thus remain valid now that interim implementation actions have been undone.

To be clear, State is not arguing that its RIF is not subject to the preliminary injunction. If that were State's position, it would not have taken the compliance actions described in its December 29 declaration. ECF 146-2. State understands that its implementation actions had to be reversed, and that its future actions are restricted by the injunction's terms. But State does not understand the injunction as requiring it to rescind the underlying RIF notices, which were issued long before the lapse and on which no implementation action is currently being taken.

One last reason why the injunction should not be interpreted to require rescinding these notices: No employee is irreparably harmed by the notices themselves. Although Plaintiffs argue that employee "confusion" is resulting, ECF 147 at 2, parties are not entitled to preliminary relief simply to obtain clarity about the future. *Cf. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (overturning injunction that "did not operate simply to preserve the status quo"). The employees subject to the RIF are currently shielded from terminations, loss of benefits, and loss of pay. Preliminary equitable relief should extend no further.

## CONCLUSION

The Court should clarify that the preliminary injunction does not require rescinding July 11, 2025, RIF notices issued to the Department of State's employees.

| | |
|---|---|
| Dated: January 8, 2026 | Respectfully Submitted, |
| | STANLEY E. WOODWARD, JR.<br>Associate Attorney General |
| | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division |
| | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| | MICHAEL K. VELCHIK<br>Senior Counsel to the Assistant Attorney General<br>Civil Division |
| | CHRISTOPHER R. HALL<br>Assistant Branch Director<br>BRAD P. ROSENBERG<br>Special Counsel<br>STEVEN M. CHASIN<br>PIERCE J. ANON<br>Trial Attorneys<br>Civil Division, Federal Programs Branch |
| | */s/ Elizabeth Hedges*<br>ELIZABETH HEDGES<br> (DC Bar No. 1657707)<br>Counsel to the Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530<br>Phone: (202) 616-0929<br>E-mail: elizabeth.t.hedges@usdoj.gov<br>*Attorneys for Defendants* |