Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 3:25-cv-08302-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

**INTRODUCTION**

Pursuant to the Court's December 12, 2025 order setting the initial case management conference and ADR deadlines (ECF No. 135), the Standing Order for All Judges of the Northern District of California, Federal Rules of Civil Procedure 16(b) and 26(f), and Civil L.R. 16-9, Plaintiffs and Defendants submit this Joint Case Management Statement in advance of the Initial Case Management Conference scheduled for February 6, 2025 at 12 pm.

1.  **JURISDICTION AND SERVICE**

This Court has issued three orders addressing jurisdiction to date. ECF 56, 94, 139. Plaintiffs invoke the Court's jurisdiction under 28 U.S.C. § 1331. ECF 92 ¶ 11. There are no issues regarding service; all parties have appeared via counsel and are served via the Court's ECF system.

2.  **FACTS**

The facts to date are extensively addressed in the parties' briefing on Plaintiffs' motions for temporary restraining orders and preliminary injunctions and this Court's orders resolving those motions. *See* ECF 79-1, 85, 94, 130-1, 134, 139. In short, Plaintiffs challenge as unlawful memoranda and directives issued by Defendants Office of Management and Budget ("OMB") and Office of Personnel Management ("OPM"), which direct other federal agencies, including Federal Agency Defendants, regarding the use of reductions in force ("RIFs) during a lapse in appropriations, as well as the associated actions by Federal Agency Defendants. Plaintiffs' supplemental complaint further challenges actions by OPM, OMB, and five Federal Agency Defendants that were taken after the lapse in appropriations ended, which Plaintiffs contend were contrary to the provisions of the Continuing Resolution ("CR") that ended the 2025 lapse in appropriations (Pub. L. No 119-37, 139 Stat 495 (2025)). In Plaintiffs' view, the principal factual issues in dispute are the nature of and justifications for the OMB and OPM direction to federal agencies, and the nature of and justifications for Federal Agency Defendants to implement and refuse to rescind RIFs during and after the lapse in appropriations. In Defendants' view, there are no factual issues in dispute, and as explained further below, the claims are moot.

There may be additional factual developments related to the challenged memoranda and directives in the very near future, as the November 12, 2025, Continuing Resolution ("CR") that

ended the 2025 lapse in appropriations is scheduled to expire by midnight tonight, January 30, 2026. Pub. L. No 119-37, 139 Stat 495 (2025). As of the time of this filing, the parties do not know whether Congress will enact the remaining appropriations legislation necessary to prevent a lapse in appropriations or enact a further CR, either with or without comparable language to Section 120. The parties propose providing this Court with a further update to this Statement early next week with additional information regarding these developments.

### 3. LEGAL ISSUES

The principal disputed points of law are whether the challenged actions of OMB and OPM (namely the Lapse Memorandum and associated Guidance and Instructions, and the post-lapse guidance on Section 120), and whether Federal Agency Defendants' RIFs during and after the lapse in appropriations are ultra vires; whether those actions by OMB, OPM, and Federal Agency Defendants are not in accordance with law, in excess of statutory authority, or arbitrary and capricious, 5 U.S.C. § 706(2); and whether actions conducted by all Defendants during the lapse in appropriations violated the Appropriations Clause, U.S. Const. Art. I, §9, cl. 7.  As explained below, the parties dispute whether these claims are moot.

Plaintiffs' position is that none of these claims are moot, as Defendants have never rescinded the unlawful Memorandum or Guidance documents, and further, although the Court's preliminary injunction required the reinstatement of employees pursuant to the CR through the pendency of this litigation, final injunctive relief remains both warranted and necessary.

Defendants' position is that all of Plaintiffs' claims are moot.  Plaintiffs' claims regarding the CR and Section 120, which form the basis of the arguments in the Supplemental Complaint and in the recent TRO and PI briefing, are set to expire on Saturday January 31 at 12:01 a.m.  Plaintiffs' claims concerning OMB and OPM guidance likewise do not present a live controversy.  Plaintiffs' asserted entitlement to relief stems from the lapse in appropriations from October to November 2025.  That lapse has ended, and with it any alleged ongoing harm.  Accordingly, Defendants intend to file a motion to dismiss based on mootness, among other grounds.

Any further disputes may depend on any additional relevant factual developments.

### 4. MOTIONS

The parties have engaged in significant motions practice regarding preliminary relief. Defendants initially appealed the Court's preliminary injunctions, ECF 94, 125, to the Ninth Circuit, but voluntarily dismissed their appeal on December 31, 2025. Case No. 25-7998 (9th Cir.), Dkt. 12.1.

There are no currently pending motions. Defendants' response to the Revised Second Amended Complaint and Supplemental Complaint is due by February 13, 2026. If Defendants file a motion to dismiss, the Court has approved a briefing schedule that was agreed to by the parties, which makes Plaintiffs' opposition brief due March 20, 2026, and Defendants' reply due April 10, 2026. ECF 135.

Plaintiffs will evaluate whether any further motion for preliminary relief is warranted by factual developments. The parties anticipate filing motions addressing any discovery issues and any issues about the scope of the administrative record that cannot be resolved by consent. Plaintiffs anticipate filing a summary judgment motion. Defendants believe that any summary judgment motions are premature at this stage until the Court resolves Defendants' forthcoming motion to dismiss.

### 5.     AMENDMENT OF PLEADINGS

The parties do not anticipate amending their pleadings at this time but reserve the right to seek amendment consistent with the Federal Rules of Civil Procedure.

### 6.     EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties have met and conferred pursuant to Federal Rule 26(f) about their preservation obligations.

### 7.     DISCLOSURES

Pursuant to the parties' stipulation, the Court's postponed Rule 26 deadlines to correspond with the rescheduled initial case management conference date of February 2, 2026. ECF 135. The parties are meeting and conferring regarding initial disclosures in light of the ongoing factual developments and schedule for Defendants' motion. Defendants do not believe Rule 26 disclosures are necessary or appropriate in this case. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting actions for review on an administrative record from the initial disclosure requirement).

## 8. DISCOVERY

### A. Plaintiffs' Position

Plaintiffs' claims include both ultra vires and APA claims. Plaintiffs' claims are thus not limited to an administrative record, and Plaintiffs are evaluating whether there is a need for written discovery or depositions beyond the administrative record that Defendants are obligated to produce by the deadline for filing their answer, which under the local rules is February 13, 2026. *See* Civil L.R. 16-5.

Defendants' position is based on a misreading of Civil Local Rule 16-5. The rule provides that in an administrative record action, "the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint." The plain terms of this Rule do not provide an exception for filing a motion to dismiss, which will significantly delay this case. The lack of any such exception is consistent with the general practice of this Court not to stay discovery pending such motions. Defendants' filing of a motion to dismiss rather than an answer does not relieve them of the obligation to serve and file the administrative record within 90 days of service.

### B. Defendants' Position

Defendants believe that discovery in this case would be inappropriate and that instead the production of an administrative record is sufficient. That said, Defendants also believe that production of an administrative record should be deferred until after the Court resolves Defendants' forthcoming motion to dismiss.

Application of Civil L.R. 16-5 is not warranted. The rule contemplates a procedural posture in which the defendant has answered the complaint within 90 days of service, and the plaintiff then proceeds to summary judgment based on an administrative record. That is not the case here. The Parties have already agreed, and the Court has already approved a briefing schedule for Defendants' forthcoming motion to dismiss. *See* ECF 135. The Court should first resolve Defendants' motion to dismiss, which may be dispositive in this matter, as Defendants contend all of Plaintiffs' claims are now moot, before determining if the production of an administrative record is appropriate. Further, Plaintiffs' inclusion of an ultra vires claim does not alter this analysis. Styling a claim as ultra vires

does not entitle Plaintiffs to discovery, particularly where the requested discovery overlaps with or mirrors the administrative record materials sought in support of their APA claims.

### 9. CLASS ACTIONS

This case is not a class action.

### 10. RELATED CASES

This case has been related to *AFGE v. Trump*, Case No. 25-cv-03698-SI pursuant to Civil L.R. 3-12.  ECF 23.

### 11. RELIEF

As set forth in the operative complaint, Plaintiffs seek declaratory relief, vacatur and preliminary relief under 5 U.S.C. §§ 705–06, preliminary and permanent injunctive relief, costs and fees, and other relief as the Court may deem proper.  ECF 95 at 43–44.

### 12. SETTLEMENT AND ADR

The parties have not engaged in ADR.  The parties will be prepared to discuss settlement and ADR options at the February 6, 2026 case management conference, but do not believe this case is a good candidate for resolution.

### 13. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14. NARROWING OF ISSUES

The parties do not believe that it is possible to narrow the issues by agreement at this time.

### 15. SCHEDULING

Scheduling of this case other than the existing responsive pleading schedule may be significantly affected by circumstances in the next several days. The parties are therefore prepared to supplement this Case Management Statement early next week, when they anticipate having additional information.

### 16. TRIAL

The parties suggest that consideration of trial format be deferred until after the close of discovery (if any) and disposition of any summary judgment motions.

**17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs filed their Certification of Conflicts and Interested Entities or Persons on September 30, 2025.  ECF 3.  As stated in the certificate, Plaintiffs are not aware of any conflict or interest (other than the named parties) to report.

**18.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The parties have not identified any such other matters at this time.


Dated: January 30, 2026

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Alice X. Wang
Robin S. Tholin
Talia Stender
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
awang@altshulerberzon.com
rtholin@altshulerberzon.com
tstender@altshulerberzon.com

By: */s/ Robin S. Tholin*

*Attorneys for All Plaintiffs*


Elena Goldstein (pro hac vice)
Jennie L. Kneedler (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043

Tel: (202) 322-1959
egoldstein@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for All Plaintiffs*

Norman L. Eisen (pro hac vice)
Craig Becker (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Craig@democracydefenders.org

*Attorneys for All Plaintiffs*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Yvette M. Piacsek
NATIONAL FEDERATION OF FEDERAL EMPLOYEES, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
Tel: (202)216-4428

ypiacsek@nffe.org

*Attorneys for Plaintiff National Federation of Federal Employees, IAM, AFL-CIO*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Sarah E. Suszczyk
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org

*Attorneys For Plaintiff National Association of Government Employees, Inc.  (NAGE)*

STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

MICHAEL K. VELCHIK
Senior Counsel to the Assistant Attorney General
Civil Division

ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director

BRAD P. ROSENBERG
Special Counsel

STEVEN M. CHASIN
Trial Attorney

/s/ Pierce J. Anon
PIERCE J. ANON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-7573
E-mail: pierce.anon@usdoj.gov

*Attorneys for Defendants*