Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **SUPPLEMENT TO JOINT CASE MANAGEMENT STATEMENT (ECF 172)** |

Plaintiffs provide this Supplement to the Parties' Joint Case Management Statement, ECF 172, to alert the Court to actions taken by Defendant U.S. Department of State ("State") today, May 5, 2026, to terminate the employment of approximately 270 employees represented by Plaintiffs AFGE and AFSA at State, whose terminations have been at issue in this lawsuit, effective immediately. Counsel for Defendants have stated that Defendants intend to file a statement of their position tomorrow.

Background

On November 12, 2025, President Trump signed into law the Continuing Resolution that ended the federal government shutdown that had begun on October 1, 2025.  Pub. L. No. 119-37, 139 Stat. 495 (2025).  That Continuing Resolution contained Section 120(a), which prohibited the use of federal funds to "initiate, carry out, implement, or otherwise notice a reduction in force" until January 30, 2026 (a date that was later extended), and Section 120(e), which provided that any RIF "proposed, noticed, initiated, executed, implemented, or otherwise taken" during the shutdown "shall have no force or effect" and that "[a]ny employee who received notice of being subject to such a reduction in force shall have that notice rescinded and be returned to employment status as of September 30, 2025, without interruption" and receive back pay and notice of that rescission.  *Id*.

In early December 2025, however, State attempted to implement previously noticed reductions-in-force ("RIFs") of approximately 250 foreign service employees and a smaller number of civil service employees.  State provided as little as three to four days' notice of these employees' separation dates.  ECF 139 at 6-7.  Based on its conclusion that these separations likely violated Section 120 of the Continuing Resolution, this Court granted a TRO, ECF 125, and then a preliminary injunction, ECF 139.  In doing so, this Court rejected Defendants' construction of Sections 120(a) and (e) of the Continuing Resolution to prohibit and invalidate only RIFs that had been actually *initiated* during the shutdown, and held that the statutory provisions also covered actions to implement previously issued RIF notices including acts to separate employees.  ECF 139 at 13-20.

Therefore, the Court ordered that "[a]ny RIF that had been 'noticed, initiated, executed, implemented, or otherwise taken by an Executive Agency between October 1, 2025' and November

12, 2025, 'shall have no force or effect' and "[a]ny RIF notice that has been issued to any employee subject to 'such' a RIF under subsection 3(a) of this Order must be rescinded."  ECF 139 at 26 (quoting Public Law No. 119-37 ¶3).  Paragraph 3(d)(1) of the preliminary injunction required State to send notice of the rescission of any RIFs covered by subsection 3(b) of the Order, in addition to sending any notices of reinstatement.  *Id.*

On January 6, 2026, Plaintiffs notified the Court that State had refused to issue recission notices to employees of State who had been subject to one of the RIFs identified by Plaintiffs' preliminary injunction motion, based on Defendants' position that these RIFs were not covered by Section 120(e), and requested an urgent status conference.  ECF 147.[1]  The Court held a status conference three days later and stated that it was not at that time inclined to read Section 120(e) or the preliminary injunction to require that State send notices of recission of RIF notices that had been issued prior to the federal government shutdown.  ECF 153 (transcript) at 20-21.

State's Actions Today

Earlier today, State informed approximately 250 employees in the foreign service and a number of civil service employees, represented by Plaintiffs AFSA and AFGE respectively, that their "reduction in force separation will be effective today, Tuesday May 5."  It is Plaintiffs' understanding that State had not re-noticed these RIFs or given employees notice that they would be separated pursuant to a RIF today before that communication.

Plaintiffs had heard rumors that such separations might be forthcoming at State and asked Defendants' counsel whether State intended to proceed with separations without issuing new RIF notices.  Defendants did not provide responsive information to Plaintiffs even after State sent notifications of terminations to employees today; Plaintiffs' counsel learned this information only after separated employees shared communications they received from State.

Plaintiffs include this supplementary information because it is a recent development that may affect the need for further proceedings in this case.  The parties have a continuing dispute with respect to whether the prior RIF notices to State employees were rendered null and void by the

---

[1] As Plaintiffs pointed out at that time, Defendants had represented both to Plaintiffs and to the Ninth Circuit that they would rescind these RIF notices.  ECF 147 at 2-3.

Continuing Resolution.  Plaintiffs will be prepared to address this dispute at the upcoming case management conference.

Respectfully Submitted,

Dated: May 5, 2026

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Alice X. Wang
Robin S. Tholin
Talia Stender
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
awang@altshulerberzon.com
rtholin@altshulerberzon.com
tstender@altshulerberzon.com

By: /s/ Barbara J. Chisholm

*Attorneys for All Plaintiffs*

Elena Goldstein (pro hac vice)
Jennie L. Kneedler (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 322-1959
egoldstein@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for All Plaintiffs*

Norman L. Eisen (pro hac vice)
Craig Becker (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958

Norman@democracydefenders.org
Craig@democracydefenders.org

*Attorneys for All Plaintiffs*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiffs American Federation of
Government Employees, AFL-CIO (AFGE) and AFGE
locals*

Teague Paterson (SBN 226659)
AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org

*Attorneys for Plaintiff American Federation of State
County and Municipal Employees, AFL-CIO (AFSCME)*

Yvette M. Piacsek
NATIONAL FEDERATION OF FEDERAL
EMPLOYEES, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
Tel: (202)216-4428
ypiacsek@nffe.org

*Attorneys for Plaintiff National Federation of Federal
Employees, IAM, AFL-CIO*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION,
AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Sarah E. Suszczyk
NATIONAL ASSOCIATION OF GOVERNMENT
EMPLOYEES, INC.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org

*Attorneys For Plaintiff National Association of Government Employees, Inc.  (NAGE)*