Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
Alice X. Wang (SBN 335224)
Robin S. Tholin (SBN 344845)
Talia Stender (SBN 341654)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com
awang@altber.com
rtholin@altber.com
tstender@altber.com

*Attorneys for Plaintiffs*

[Additional Plaintiffs' counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 3:25-cv-08302-SI <br><br> **PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS SECOND AMENDED AND SUPPLEMENTAL COMPLAINTS** <br><br> Hearing Date: June 23, 2026 <br> Time: 1:30 PM <br> Judge: Hon. Susan Illston <br> Place: San Francisco Courthouse, Courtroom 1 |

**INTRODUCTION**

Plaintiffs submit this supplemental brief to address two factual developments that occurred after Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF 171, was filed on April 21, 2026: (1) On April 30, 2026, the partial government shutdown affecting Defendant Department of Homeland Security ("DHS") ended after 76 days; and (2) On May 5, 2026, Defendant Department of State ("State") executed RIFs that are directly challenged in this lawsuit, terminating, effective immediately, more than 200 employees represented by Plaintiffs AFGE and AFSA.

Regarding the first development, the end of the DHS shutdown does not moot the claims in Plaintiffs' operative Revised Second Amended Complaint ("SAC") challenging Defendants' authorization and direction of RIFs during and because of lapses in appropriations.  For the reasons set out in Plaintiffs' Opposition, both the voluntary cessation and "capable of repetition, yet evading review" exceptions to mootness continue to apply here.  *See* ECF 171 at 9-18.

Regarding the second, State's actions reinforce that the claims in Plaintiffs' Supplemental Complaint are not moot.  Defendants just terminated hundreds of employees pursuant to RIF notices Plaintiffs allege are void under the Continuing Resolution ("CR") and must be vacated under the APA.  While Defendants dispute the merits of Plaintiffs' claims, a live merits dispute cannot render claims moot.  If Plaintiffs prevail on the merits, a court could grant "effectual relief" to these State employees, *350 Mont. v. Haaland*, 50 F.4th 1254, 1264 (9th Cir. 2022) (quotation omitted), as well as to the other employees discussed in Plaintiffs' prior brief, ECF 171 at 19-21.

**ARGUMENT**

**I.     The End of the Government Shutdown Does Not Moot Plaintiffs' Claims in the SAC**

On April 30, 2026, Congress passed, and the President signed, an appropriations act funding certain functions of DHS through September 30, 2026, the end of the current fiscal year, and ending the 76-day partial government shutdown of that agency.  Pub. L. No 119-86, 140 Stat. 733 (2026).  The law also replaced the operative date of the CR, including Section 120, with "the date of enactment of this Act" and deemed the time covered by the CR to include the period from "February 14, 2026, during which there occurred a lapse in appropriations."  Pub. L. No 119-86, div. B §§101-102.  Defendants filed this motion to dismiss as moot while the government was

Plaintiffs' Supplemental Opposition to Motion to Dismiss, No. 3:25-cv-03698-SI                    1

partially shut down.  ECF 171 at 7.  Although Defendants' then-premature assertion that the shutdown had ended is now factually accurate, Defendants' arguments still fail as a matter of law.

The principal effect of the end of the government shutdown is that the Court now needs to reach Plaintiffs' "capable of repetition, yet evading review" arguments, which Plaintiffs initially briefed in the alternative.  *See* ECF 171 at 13.  And the recent factual developments strengthen Plaintiffs' showing as to prong two of the analysis: that "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (citation omitted).  While all appropriations bills for fiscal year 2026 have now been passed, the government is funded only through September 30, 2026, less than five months from now.  Three government shutdowns, including the two longest in history, have occurred during the pendency of this litigation, totalling 122 days without full appropriations this fiscal year, supporting the reasonable expectation of future lapses.[1]

Further, the reasonable expectation that Defendants may reenact the same guidance and directives challenged here is bolstered by Defendants' continued efforts to carry out RIFs challenged in this case *in the midst of arguing that the case is moot*.  As Plaintiffs explained in the voluntary cessation context, Defendants have made no showing that their actions purporting to void the Lapse Memorandum, Guidance, and Instructions are entrenched or permanent, nor that they have taken any steps to completely and irrevocably eradicate the effects of those directives, making it reasonable to expect that the same guidance and directives would be reissued in any future shutdown, just as the RIFs challenged earlier were re-executed as soon as section 120(a) expired. *See* 171 at 9-13; *City of Los Angeles v. Barr*, 929 F.3d 1163, 1172 (9th Cir. 2019) (noting the relationship of "capable of repetition, yet evading review" analysis to voluntary cessation); *Ciarpaglini v. Norwood*, 817 F.3d 541, 547 (7th Cir. 2016) ("[T]here is not a razor-sharp doctrinal boundary between the "voluntary cessation" and "capable of repetition" exceptions to mootness.").

**II.    State's Actions Show that Plaintiffs' Supplemental Complaint Claims Are Not Moot**

On May 5, 2026, State sent emails to approximately 200 foreign service employees and a

---

[1] History, Art & Archives, U.S. House of Representatives, *Funding Gaps and Shutdowns in the Federal Government*, https://history.house.gov/Institution/Shutdown/Government-Shutdowns/

Plaintiffs' Supplemental Opposition to Motion to Dismiss, No. 3:25-cv-03698-SI                    2

number of civil service employees, represented by Plaintiffs AFSA and AFGE respectively, stating that their "reduction in force separation will be effective today, Tuesday May 5." Supplemental Declaration of John Dinkelman ¶¶9-10. Rather than beginning a new RIF process or issuing new notices, State relied on previously issued RIF notices with separation dates in September 2025 and November 10, 2025—notices directly challenged in this case. *Id.* ¶¶4, 7-8.

These State RIF notices had been the subject of Plaintiffs' December 3, 2025 TRO motion and concurrent request for leave to file a Supplemental Complaint. ECF 123-1. This Court issued an immediate TRO, ECF 125, and a preliminary injunction on December 17, 2025, ECF 139, both of which prohibited execution of these RIFs under section 120(a) of the CR. The Court further ordered that under Section 120(e) "[a]ny RIF" that had been "'noticed, initiated, executed, implemented, or otherwise taken … between October 1, 2025' and November 12, 2025, 'shall have no force or effect'"; "[a]ny RIF notice that has been issued to any employee subject to 'such' a RIF under subsection 3(a) of this Order must be rescinded"; and Defendants must send notices of these rescissions. ECF 139 at 26 (quoting Pub. L. No 119-37 §120(e)).

On January 6, 2026, Plaintiffs sought a hearing on the scope of the PI, explaining that State had refused to issue recission notices to these employees, despite notifying Plaintiffs and the Ninth Circuit that they would be doing so. ECF 147. The Court held a status conference three days later and stated that "I think this is a very close call, and I've gone back and forth on -- on it since the issue was raised, but I -- I don't think that the State RIF notices that were issued in July … I don't think my order or, frankly, the CR calls for their rescission." ECF 153 (transcript) at 20-21. As there was no pending motion, the Court did not issue an order.

*A. Plaintiffs' claims predicated on Section 120(e) have not been resolved on the merits.*

Plaintiffs have consistently alleged that State took actions to implement these recently executed RIFs during the October–November 2025 shutdown, and argued, therefore, that "Section 120(e) renders these RIFs null and void and requires rescission." ECF 123-1 at 15-16; ECF 126 ¶269 ("The State Department continued to process personnel paperwork and take action to implement these RIFs during the shutdown."). These claims are not moot. If Plaintiffs prevail on the merits, relief can be granted by rescinding the terminations conducted pursuant to allegedly

Plaintiffs' Supplemental Opposition to Motion to Dismiss, No. 3:25-cv-03698-SI                    3

unlawful RIFs and requiring State to initiate a new RIF and notice period for any future action.

Defendants erroneously suggest that these allegations no longer present a live controversy because this Court's statement at the status conference about the scope of the preliminary injunction and CR put these RIFs "outside the scope of this case." ECF 176 at 1. But even had the Court issued an order on full briefing determining that these RIFs were not within the preliminary injunction's scope—which it did not—that would not be a final judgment on the merits. The Supreme Court has reaffirmed the fundamental principle that "[p]reliminary injunctions … do not conclusively resolve legal disputes" and "cautioned against improperly equating likelihood of success with success and treating preliminary injunctions as tantamount to decisions on the underlying merits." *Lackey v. Stinnie*, 604 U.S. 192, 200–01 (2025) (cleaned up). Of course, this Court's expressed view of the scope of the preliminary injunction at a status conference on emergency briefing is not a dispositive order at all. And Defendants seek to go further, arguing that this statement is not only a merits decision, but that it renders the underlying dispute moot.[2] Defendants' astonishing position finds no support in the law.

> B. *Plaintiffs can also obtain effective relief under their Appropriations Clause and APA claims for violations of Section 120(a).*

Contrary to Defendants' initial contention that there was no reasonable expectation that the CR would be reenacted, ECF 166 at 10, Congress extended Section 120(a) to apply from February 14, 2026, through April 30, 2026. Pub. L. 119-86, div. B §§101-102. Although the provision has now expired, there is still a present controversy as to whether Defendants violated the statute with respect to the RIFs of the State employees.

Besides arguments under Section 120(e), Plaintiffs' Supplemental Complaint alleged that Defendants violated the APA and Appropriations Clause and acted *ultra vires* by spending funds to

---

[2] Plaintiffs maintain that the best reading of Section 120(e) is that Congress intended broadly to void "any reduction in force proposed, noticed, initiated, executed, implemented, or otherwise taken," during the shutdown. Pub. L. No 119-37 §120(e). In Plaintiffs' view, a narrower reading that vacates only the specific actions Agencies took during the shutdown does not align with the broad language of the statute, including but not limited to Section 120(e)(2)'s requirement of notice of the "withdrawal of reduction in force notice[s]" for "all affected employees." *Id.* §120(e)(2). Plaintiffs are prepared to fully brief these issues in the course of litigation, but note that Defendants have moved to dismiss this case on mootness grounds alone.

Plaintiffs' Supplemental Opposition to Motion to Dismiss, No. 3:25-cv-03698-SI                    4

implement these State RIFs while that spending was expressly barred by law.  ECF 126 ¶¶ 290-94, 297, 300-02.  Among other relief, Plaintiffs sought vacatur under the APA for these violations, under which the Court could fully unwind the effects of the unlawful agency spending, including by vacating the unlawfully implemented RIF notices and the terminations that have now flowed from them.  *See Griffin v. HM Florida-ORL, LLC*, 144 S. Ct. 1, 2 n.1 (2023) (Mem.) (Kavanaugh, J., concurring in denial of stay); *Driftless Land Conservancy v. Valcq*, 16 F.4th 508, 522 (7th Cir. 2021) ("Vacatur [of agency action] retroactively undoes or expunges a past [agency] action….vacatur unwinds the challenged agency action.").

These claims have not been fully litigated.  Notably, Defendants have not answered the complaint, let alone provided an Administrative Record or any discovery regarding actions taken to implement and carry out these RIFs during the periods Section 120(a) was in effect, including between November 12, 2025 and December 4, 2025 (the date of the Court's TRO), and between February 14, 2026 and April 30, 2026.[3]  Given that those actions are causing ongoing harm to the now-terminated State employees, there is indisputably a "present controversy as to which effective relief can be granted."  *Village of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993).  The Ninth Circuit recently rejected a mootness argument where the underlying challenged policy was no longer in effect, explaining that "a court could grant effective relief" because "reinstatement [of terminated employees] would undo some effects of the alleged illegal action."  *Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1027 (9th Cir. 2025).  Likewise here, the availability of reinstatement as relief means these claims are not moot.

**CONCLUSION**

For all the foregoing reasons, in addition to those set out in Plaintiffs' Opposition, Plaintiffs respectfully request the Court deny Defendants' motion to dismiss in its entirety.

---

[3] By May 5, 2026, less than three business days after the expiration of the prohinition on the use of federal funds to implement, carry out, execute, or otherwise notice RIFs, State had not only fully processed all paperwork to separate these employees, but had also set up a new FAQ page for these terminations addressing numerous questions related to severance, retirement, and similar issues. *See* Supp. Dinkelman Decl. ¶9; U.S. Department of State, *FAQs for Employees Separated via a RIF Action,* (May 5, 2026) https://www.state.gov/faqs-for-employees-separated-via-a-rif-action.

Plaintiffs' Supplemental Opposition to Motion to Dismiss, No. 3:25-cv-03698-SI                                    5

DATED: May 18, 2025

Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Alice X. Wang
Robin S. Tholin
Talia Stender
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
awang@altshulerberzon.com
rtholin@altshulerberzon.com
tstender@altshulerberzon.com

By: */s/ Robin S. Tholin*

*Attorneys for All Plaintiffs*

Elena Goldstein (pro hac vice)
Jennie L. Kneedler (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 322-1959
egoldstein@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for All Plaintiffs*

Norman L. Eisen (pro hac vice)
Craig Becker (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Craig@democracydefenders.org

*Attorneys for All Plaintiffs*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiffs American Federation of
Government Employees, AFL-CIO (AFGE) and AFGE
locals*


Teague Paterson (SBN 226659)
AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org

*Attorneys for Plaintiff American Federation of State
County and Municipal Employees, AFL-CIO
(AFSCME)*


Yvette M. Piacsek
NATIONAL FEDERATION OF FEDERAL
EMPLOYEES, IAM, AFL-CIO
1225 New York Ave. N.W., Suite 450
Washington, D.C. 20005
Tel: (202)216-4428
ypiacsek@nffe.org

*Attorneys for Plaintiff National Federation of Federal
Employees, IAM, AFL-CIO*


Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

*Attorneys for Plaintiff Service Employees
International Union, AFL-CIO (SEIU)*


Sarah E. Suszczyk

NATIONAL ASSOCIATION OF GOVERNMENT
EMPLOYEES, INC.
159 Thomas Burgin Parkway
Quincy, MA 02169
Tel: (617) 376-7239
ssuszczyk@nage.org

*Attorneys For Plaintiff National Association of
Government Employees, Inc. (NAGE)*